1  PETER HSIAO (Bar No. 119881)
   *phsiao@kslaw.com*
2  ALEXANDER MOORE (Bar No. 340994)
   *amoore@kslaw.com*
3  **KING & SPALDING LLP**
   50 California Street, Suite 3300
4  San Francisco, CA 94111
   Telephone:    +1 415 318-1200
5  Facsimile:    +1 415 318 1300

6  *Attorneys for Defendants*
7  TRAVIS MOREDA DAIRY and TRAVIS
   MOREDA
8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11

| 12  CALIFORNIANS FOR ALTERNATIVES TO TOXICS, | Case No. 3:24-CV-06632-SI |
|---|---|
| 13 | |
| 14               Plaintiff, | **DEFENDANTS TRAVIS MOREDA DAIRY AND TRAVIS MOREDA'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT AND TO DATES IN ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |
| 15        vs. | |
| 16  TRAVIS MOREDA DAIRY and TRAVIS MOREDA, | |
| 17 | |
| 18               Defendants. | *[Filed concurrently with Declaration of Travis Moreda, Declaration of Stephanie Moreda-Arend, and [Proposed] Order]* |
| 19 | |
| 20 | Assigned for all purposes to the Honorable Susan Illston |
| 21 | |

22
23
24
25
26
27
28

                                    1
              DEFENDANTS' MOTION TO EXTEND TIME

# MOTION TO EXTEND TIME

Pursuant to Civil Local Rule 6-3, Defendants Travis Moreda Dairy and Travis Moreda (collectively, "Moreda Dairy") hereby make their first request for a 30-day extension of time for the pending court dates in this case, specifically that:

(1)   Moreda Dairy shall have a 32-day extension of time (accounting for Christmas) to respond to the complaint, from November 25, 2024 to December 27, 2024;

(2)   The dates set in the Initial Case Management Scheduling Order and ADR Deadlines dated September 23, 2024 will be extended by 30 days, to follow the filing of the response:

   a. The deadline for the parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) will be extended from December 23, 2024 to January 22, 2025;

   b. The deadline for the parties to make initial disclosures will be extended from January 3, 2025 to February 3, 2025;

   c. The deadline for the parties to file their Joint Case Management Statement will be extended from January 3, 2025 to February 3, 2025;

   d. The date for the Court to hold its initial Case Management Conference will be extended from January 10, 2025 to February 14, 2025 or another date thereafter at the Court's convenience.

This Motion is made upon the grounds that a short extension of time over the holidays is a reasonable request under this Court's Guidelines for Professional Conduct and is made to facilitate settlement discussions, which plaintiff states is a reasonable basis to extend the time to file a response to the complaint. Moreda Dairy is a small family-owned business with limited funds to spend on attorneys' fees and legal costs, which are better spent on continued site improvements and in pursuit of settlement of this action.

Under Civil Local Rule 6-3, subdivisions (b) and (c), any opposition to this

motion is due not later than four days after receiving the motion; thereafter, the Court may grant, deny, modify the requested time change, or schedule the matter for additional briefing or a hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Guidelines for Professional Conduct for the U.S. District Court for the Northern District of California, at Guideline 4, states: "Consistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected. *For example*: (a) A lawyer should agree to reasonable requests for extensions of time or continuances without requiring motions or other formalities. (b) Unless time is of the essence, a lawyer should agree as a matter of courtesy to first requests for reasonable extensions of time. . . ."  *See also* Guideline 3, "A lawyer should understand and advise his or her client that civility and courtesy . . . are expected as professional conduct."

Under these Guidelines, this Motion and the compelled expenditure of attorney fees and costs should not be necessary.  Defendants Travis Moreda Dairy and Travis Moreda (collectively, "Moreda Dairy") have extensively met and conferred with plaintiff Californians for Alternatives to Toxics ("CATs") to request a first extension of 30 days to respond to CATs' complaint and to the dates set in the Court's Initial Case Management Scheduling Order and ADR Deadlines (ECF No. 4 ("Court Order")). Per Guideline 4, this is the first request for reasonable extensions of time, to allow for settlement discussions, the seasonal needs of the business, and the holidays.  In fact, Moreda Dairy immediately agreed to CATs' request for a 30-day extension to oppose any responsive motion it files.

CATs agreed to extend the date to respond to the complaint but repeatedly refused to extend the dates in the Court Order, incorrectly stating Moreda Dairy has "not explained why there is good cause." (Declaration of Stephanie Moreda-Arend ("S. Moreda Decl.") at ¶ 15; Exh. A at 1.)  The record of meet and confer efforts

show good cause for the extension. CATs did not show its legitimate interests would be adversely affected as a reason to refuse Moreda Dairy's request.

**I.    STATEMENT OF FACTS**

- <u>July 11, 2024</u>: CATs sends Moreda Dairy a purported Notice of Violation and Intent to File Suit under the Federal Water Pollution Control Act. (S. Moreda Decl. ¶ 3.)
- <u>August 12, 2024</u>: Moreda Dairy contacts counsel for CATs to request an extension of time after the end of the Notice period in its letter, asking that it withhold filing a lawsuit until November 11, 2024, to allow the dairy to understand CATs' issues and develop possible technical fixes with its limited funds. (*Id.* ¶ 4; Exh. A at 6–7.)
- <u>September 20, 2024</u>: CATs refuses Moreda Dairy's request and files the instant lawsuit. (ECF No. 1.)
- <u>September 23, 2024</u>: The Court issues its Court Order setting certain deadlines. (ECF No. 4.)
- <u>October 25, 2024</u>: Moreda Dairy transmits a Waiver of Service of Summons, extending its deadline to respond to the complaint to November 25, 2024. (ECF No. 7.)
- <u>November 14, 2024</u>: Moreda Dairy expresses its financial concerns in both implementing continued site improvements and being forced to pay attorneys to litigate this action. It requests a 30-day extension to respond to the complaint and to the deadlines in the Court Order. (S. Moreda Decl. ¶ 8; Exh. A at 3.)
- <u>November 15, 2024</u>: CATs agrees to extend the date to respond to the complaint, and requests its own 30-day extension to oppose the response (as applicable) to account for the holiday travel plans of its counsel. (*Id.* ¶ 9; Exh. A at 3; Exh. B.)
- <u>November 18, 2024</u>: Moreda Dairy agrees to extend CATs' date and attempts

to confirm CATs' agreement to extend the dates in the Court Order. (*Id.* ¶ 11; Exh. A at 2.)

- November 19, 2024: CATs refuses Moreda Dairy's request to extend the Court Order dates and sends its draft stipulation, proposed order, and declaration establishing good cause for extending Moreda Dairy's deadline to respond to the complaint, to allow the parties "ample time to negotiate a settlement" and "accommodate the parties' holiday vacation schedules." (*Id.*, Exh. C.) Moreda Dairy responds with a revised version of the stipulation requesting an extension to all dates set by the Court order (*see id.*, Exhs. D & E) and asks CATs to explain its refusal to agree to the extensions (*id.*, Exh A at 1).
- November 20, 2024: CATs states it does not believe there is good cause for the extension and that Moreda Dairy had "not explained why there is good cause." (*Id.*)

There have been no previous time modifications in this case. (*Id.* ¶ 21.) The requested time modification extends the dates set in the Court Order by 30 days. (*Id.* ¶ 22.)

## II.     ARGUMENT

Per Civil Local Rule 6-3, this Motion is accompanied by declarations that (1) set forth with particularity the reasons for the requested extensions; (2) describe the efforts the party made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice if the Court did not change the time; . . . (5) disclose there are no previous time modifications in the case, and (6) describe that there are no significant impacts from the extension on the schedule for the case. L.R. 6-3(a).

"[R]equests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted).

Good cause exists for the requested extension of time for the following reasons: *First*, this is the first request for an extension of time and complies with this Court's Guidelines on Professional Conduct. Ms. Moreda-Arend was surprised and disappointed CATs refused this request for an extension of time, especially given the holidays and the reciprocal granting of CATs' request for an extension to accommodate its holiday schedules. (S. Moreda Decl. ¶ 13.) There is no prejudice to CATs to agree to the extensions of the Court Order dates. Extending these dates maintains the current framework of case management, to allow Moreda Dairy to first respond to the complaint, and then follow with the tasks in the Court Order.

*Second*, Moreda Dairy has incurred substantial costs in implementing site improvements and has limited funds to pay for attorneys' fees. (*Id.* ¶¶ 7–8, 20.) This lawsuit creates the possibility of forcing Moreda Dairy to close its business. (*Id.* ¶ 20.) Moreda Dairy's remaining resources are better spent in continued site improvements. As the meet and confer communications demonstrate, Moreda Dairy sought to avoid the need to hire a lawyer to file this Motion.

*Third*, the parties have expressed their mutual intent to negotiate a settlement in the next thirty days, which would dispose of this case in a just, speedy, and inexpensive manner without further intervention from the Court and further damage to Moreda Dairy's financial situation. (*Id.* ¶¶ 16, 19; Exh. C.) This case is in its early stages and the brief extension will not cause undue delay. "Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian*, 624 F.3d at 1263.

Dated: November 22, 2024

KING & SPALDING LLP

By: ___/s/ Alexander Moore___
      Alexander Moore

*Attorneys for Defendants*