PETER HSIAO (Bar No. 119881)
*phsiao@kslaw.com*
ALEXANDER MOORE (Bar No. 340994)
*amoore@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:   +1 415 318-1200
Facsimile:   +1 415 318 1300

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>Defendants. | Case No. 3:24-CV-06632-SI<br><br>**DECLARATION OF STEPHANIE MOREDA-AREND IN SUPPORT OF DEFENDANTS TRAVIS MOREDA DAIRY AND TRAVIS MOREDA'S MOTION TO EXTEND TIME**<br><br>*[Filed concurrently with Notice of Motion and Motion, Declaration of Travis Moreda, and [Proposed] Order]*<br><br>*Assigned for all purposes to the Honorable Susan Illston* |

## DECLARATION OF STEPHANIE MOREDA-AREND

I, Stephanie Moreda-Arend, declare and state as follows:

1. I am the General Manager at Moreda Valley Dairy and the sister to Defendant Travis Moreda. I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. At my brother Travis's request, I have provided him assistance by communicating with Plaintiff Californians for Alternatives to Toxics ("CATs") on his behalf. Attached as **Exhibit A** is a true and correct copy of email correspondence between myself and Mr. William Carlon, one of the attorneys for Plaintiff.

3. In July 2024, Travis received a purported Notice of Violations and Intent to File Suit under the Federal Water Pollution Control Act ("NOI") from Plaintiff. (See Exhibit A at 6.) Travis is the sole proprietor of Defendant Travis Moreda Dairy, a small business that is facing financial strain.

4. In response to the NOI, I contacted Plaintiff's attorneys and attempted to negotiate a solution by exploring additional measures Travis could implement at his dairy. I requested CATs give us an extension of time after the end of the notice period before filing a lawsuit, until November 11, 2024, so that we could understand CATs' issues and develop possible technical fixes with our limited funds, instead of exhausting those funds on attorneys' fees and legal expenses. (See Exhibit A at 6–7.)

5. CATs refused and filed this lawsuit on September 20, 2024. (ECF No. 1.) Thereafter, on September 23, 2024, the Court served its Initial Case Management Scheduling Order and ADR Deadlines. (ECF No. 4 ("Court Order").)

6. On October 25, 2024, Travis completed and returned to CATs a form Waiver of Service of Summons, which extended his deadline to respond to CATs' complaint to November 25, 2024. (ECF No. 7.)

7. Before and after receiving the NOI, Travis has worked to identify potential areas of concern at his dairy and to implement site improvements. His funds are very limited.

8. On November 14, 2024, I expressed these financial concerns to Mr. Carlon and requested a 30-day extension to respond to the complaint and to the deadlines in the Court Order. (See Exhibit A at 3.) Good cause exists for this short extension of time to allow the parties time to discuss Travis's improvements and reach a potential settlement without incurring unnecessary attorneys' fees. We understand that parties regularly agree to these requests as a matter of professional courtesy. This is especially true with the holidays and family gatherings. This is also the first time we have asked for an extension of these dates.

9. Mr. Carlon responded on November 15, 2024, agreeing to stipulate to a 30-day extension of Travis's deadline to file a response to CATs' complaint, but not responding to our request to extend the other dates set by the Court. Attached as **Exhibit B** is a true and correct copy of Mr. Carlon's November 15, 2024 letter.

10. In his letter, Mr. Carlon requested his own 30-day extension to file an opposition to Travis's response, if applicable, to account for Mr. Carlon's schedule. (See Exhibit B.) We immediately agreed. (See Exhibit A at 2.)

11. I again asked Mr. Carlon to confirm CATs would stipulate to a 30-day extension of all existing dates set by the Court Order. (See Exhibit A at 2.) He refused, stating that CATs does not believe that good cause exists to seek a modification of the Court Order. (See Exhibit A at 2.)

12. On November 19, 2024, he sent his own version of the stipulation and proposed order, along with his draft declaration, a true and correct copy of which is attached as **Exhibit C**. Please note that while the document includes a conformed signature, it is a draft that was transmitted as a Microsoft Word document.

13. I was surprised by Mr. Carlon's denial of our request for a 30-day extension of the dates set by the Court Order, particularly because we had agreed to

provide him with an extension and the holidays are right around the corner (as well as our year-end farming activities).  (See Exhibit A at 1.)

14. On November 19, 2024, I provided to Mr. Carlon both a redlined and clean copy of a revised version of his draft stipulation, edited to reflect a requested extension of all dates set by the Court Order.  (See Exhibit A at 1.)  Attached as **Exhibits D** and **E**, respectively, are true and correct copies of the redlined and clean versions of the revised draft stipulation.  As with Exhibit C, these documents include conformed signatures, but are not finalized and agreed-upon documents.

15. I also asked Mr. Carlon why he could not agree to the extension of the dates in the Court Order.  He said CATs does not believe that there is good cause for the extension and that we had "not explained why there is good cause."  (See Exhibit A at 1.)

16. In his draft declaration received on November 19, Mr. Carlon states that a 30-day extension for Travis to file his response (along with a 30-day extension for CATs to oppose this response if applicable) would allow the parties "ample time to negotiate a settlement" and "accommodate the parties' holiday vacation schedules." (See Exhibit C.)  Both of these facts also provide good cause to extend the deadlines set by the Court Order.  In addition, the strain on Travis's financial condition makes paying for an attorney difficult and impairs his attempts to implement improvements to satisfy CATs.

17. The deadlines in the Court Order should be extended until after we file a response to the complaint and the case is at issue.

18. Given Travis's fast-approaching deadline to respond to the complaint, and left with no other choice, we asked King & Spalding LLP to seek an extension of time.

19. I understand that Mr. Carlon will oppose this motion.  We believe—based on our correspondence and Exhibit C—that CATs does not oppose our request for an extension of time to December 27, 2024 to file our response to the

complaint for purposes of facilitating our settlement discussions. We request an order extending all dates set by court order so that the parties may negotiate a possible settlement without incurring any unnecessary attorney fees and legal costs.

20. Travis has already incurred significant costs in implementing improvements at his dairy. Adding to these costs additional attorneys' fees would jeopardize Travis's ability to continue operating his dairy. An additional thirty days to negotiate a settlement could prevent Travis's family farm from being shuttered. (See Exhibit A at 3.) Without this extension, Travis and his dairy will suffer substantial harm.

21. There have been no previous time modifications in this case.

22. The requested time modification extends the dates set in the Court Order by thirty days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of November 2024, in Petaluma, California.

_____
Stephanie Moreda-Arend