# Exhibit B

Law Office of William Carlon
437 Post Street, Napa, CA 94559
william@carlonlaw.com
(530) 514-4115

November 15, 2024

<u>Via Email</u>
Stephanie Moreda-Arend
Moreda Valley Dairy, General Manager
stephanie@moredavalleydairy.com

Re:     **Californians for Alternatives to Toxics v. Travis Moreda Dairy, et al; 3:24-cv-06632-SI; Response to Request for Extension of Time to Respond to Complaint**

Dear Ms. Moreda-Arend:

 Thank you for your email of November 14, 2024, this letter will respond to the several issues that you raise.

 As an initial matter, please consider retaining the services of qualified legal counsel if you have not done so already. Navigating the intricacies of a lawsuit in United States District Court can be complicated, and having a lawyer who is familiar with this type of case and litigation can actually end up saving you money in the long-run. If you would like, I can recommend several defense lawyers who we have worked with in the past who can help resolve this matter in a cost-effective method.

**<u>Request for Extension of Time to File Responsive Pleading</u>**

 On August 13, 2024, I emailed you to request scheduling a settlement-protected site visit, based on your interest in discussing settlement. On August 28, 2024, you responded by declining the visit. Since then, we have not made progress toward an early resolution of the case, leading us to file our complaint on September 20, 2024. Instead of immediately serving the complaint, which would have required a response within 21 days, we provided a request for waiver of service, giving you an additional 60 days to respond. We hoped this would allow time to explore settlement. However, from August 13, 2024, to now, we have not made any progress toward resolving the case. We have given ample time for discussions, scheduling a site visit, and negotiating a settlement before proceeding with litigation. Additionally, Defendants have had over two months to consider their response to the complaint.

 Now you are requesting an additional 30 days to respond to the complaint, which would put your response due on Christmas day, December 25, 2024. This is problematic for a couple of reasons, one of which is that I will be out of town that week, and should Defendants file anything other than an answer, we will need to request additional time to respond.

 However, because Plaintiff is genuinely interested in exploring settlement before expending significant resources on litigation, we are willing to agree to the following:

Stephanie Morena-Arend
11/15/2024
Page 2

1. Plaintiff will stipulate to an extension of 30 days for Defendants to file a responsive pleading to the complaint, from November 25, 2024 to December 25, 2024; and,
2. If Defendants file anything other than an answer, Defendants agree to stipulate to an extension of 30 days for Plaintiff to file an opposition;

If this is amenable to you, I will prepare a draft stipulation and proposed order pursuant to Federal Rule of Civil Procedure 6(b)(1).

**Scheduling of Rule 26(f) Conference**

Pursuant to Federal Rule of Civil Procedure 26(f)(1), the parties are required to confer on the topics set forth in Rule 26 as soon as practicable – and in any event at least 21 days before a scheduling conference. On November 11th, I attempted to schedule this conference, or in the alternative to meet and confer pursuant to Civil Local Rule 37-1(a) with regard to a motion to compel such a conference, but I have not received any response.

Notwithstanding the "soon as practicable" language, the parties have until December 23, 2024 to complete this conference, pursuant to the Court's Order at ECF No. 4. Given that we are fast approaching the holidays, I propose that we conduct this conference sometime next week, and via remote videoconference. I am available next week as follows: Monday from 9am to 2pm; Tuesday from 9am to 10am, 1pm-4pm; Wednesday from 9am to 5pm; Thursday from 9am to 12pm; and Friday from 9am to 1pm. Please let me know if any of these times work for you; and, if not, please provide some alternate times for us to have this conference. Pursuant to Federal Rule of Civil Procedure 26(f)(2), the parties will be required to submit to the Court, within 14 days of the conference, a written report detailing what we discussed. I will put together a draft report in advance of the conference for your review and additions, and we can use that as an agenda.

**Settlement-Protected Site Visit**

I understand the concerns that you have raised with respect to the settlement-protected site visit; and, I'm happy to have a discussion about these issues. To clarify a little, and to hopefully reassure, a settlement-protected site visit would be conducted pursuant to Federal Rules of Evidence 408, which would prevent us from using the information we obtained during such a visit from proving liability in our case. This means that we would not be able to use any photographs or videos taken during the visit, or anything that you tell us during the visit, for purposes of establishing liability.

You asked for additional information, and hopefully the following will adequately answer your questions. Our consultant is Ian Wren, a hydrologist and environmental program manager with 20 years of experience in the field. The site visit would likely just be myself and Mr. Wren, and we would like to visit all of the portions of the dairy that have a potential impact on the quality and quantity of storm water discharges from the

Stephanie Morena-Arend
11/15/2024
Page 3

site. At this time, I don't think it is necessary to enter any of the buildings at the facility, and we would, of course, adhere to any reasonable safety precautions imposed by yourself. The goal of the site visit is to provide the parties with a common understanding of the facility, such that we can present you with a comprehensive offer of settlement, including terms that relate to the management of storm water at the site.

With respect to the fees and costs associated with this inspection, Plaintiff will be seeking full reimbursement from Defendants for all reasonable costs of litigation, pursuant to 33 U.S.C. § 1365(d), including the costs associated site visits. As I'm sure you're aware, litigation can be a lengthy and complex process, and throughout this period, attorneys' fees and other related costs will continue to accrue. If we can focus our efforts on meaningful settlement progress instead of fact and expert discovery, we can limit the amount of fees and costs that we will eventually be seeking. If we do not make progress on settlement, then we will direct our resources to litigation, which will dramatically increase the fees and costs that we will eventually be seeking. For example, in a case against your neighbors, Reichardt Duck Farm, the court recently awarded Plaintiff over $300,000[1] in fees and costs, in addition to a $250,000 environmental mitigation payment, and $70,000 in compliance monitoring costs. On the other hand, cases where the parties are able to cooperate and come to a quick resolution settle for much less. *See e.g.*, *Californians for Alternatives to Toxics v. R&L Lumber Company, LLC*, Case No. 3:22-cv-07511-JSC (ECF No. 34) (N.D. Cal. September 6, 2023) (settled for $150,000 total, inclusive of all fees, costs, and mitigation payments).

**<u>Conclusion</u>**

Californians for Alternatives to Toxics would like to focus on resolving this matter quickly and efficiently, and to that end has sought a settlement-protected site visit in order to provide the basis for a comprehensive offer of settlement. Unfortunately, we have not been able to make much progress, or any at all. If you decide to allow a settlement-protected site visit, please provide some dates that we could conduct such a visit. Otherwise, we will proceed accordingly.

Sincerely,

William N. Carlon

---

[1] And potentially upwards of $400,000, pending a motion to reconsider this ruling.