PETER HSIAO (Bar No. 119881)
*phsiao@kslaw.com*
ALEXANDER MOORE (Bar No. 340994)
*amoore@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   +1 213 443 4355
Facsimile:   +1 213 443 4310

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA FOR ALTERNATIVES TO TOXICS,<br><br>            Plaintiff,<br><br>    vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>            Defendants. | Case No. 3:24-CV-06632-SI<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1241-1387)**<br><br>*Assigned for all purposes to Honorable Susan Illston* |

DEFENDANTS' ANSWER TO COMPLAINT

# ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TRAVIS MOREDA DAIRY and TRAVIS MOREDA

Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA (together referred to herein as "TMD" or "Defendants") respond to Plaintiff CALIFORNIA FOR ALTERNATIVES TO TOXICS' Complaint (the "Complaint") with the following answer and affirmative defenses. Any allegation or averment not specifically admitted, including any statement deemed an allegation or averment, whether in a numbered or unnumbered paragraph, title, section heading, or appendix, is denied.

TMD's statements in paragraphs 1 through 75 below respond to the paragraphs in Plaintiff's Complaint with the corresponding numbers.

## TMD's Response to Plaintiff's Complaint

1. Paragraph 1 contains conclusory statements regarding Plaintiff's purported legal bases for the Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 1 are denied. Responding further, there are no known ongoing violations of the Clean Water Act at the facility operated by TMD (the "Facility") that pollute or adversely affect a water body under the jurisdiction of the federal Clean Water Act; there are no discharges of toxic pollutants from the Facility regulated under that Act and because there is no actionable controversy pleaded or shown by Plaintiff, the Court does not have subject matter jurisdiction over Plaintiff's action.

2. TMD admits it received a letter in the form of Exhibit 1, denies that it provided sufficient and required notice, and lacks sufficient information to admit or deny the remainder of the factual allegations in this Paragraph. Paragraph 2 otherwise contains legal conclusions to which no response is required. To the extent a further response is required to those conclusions, those allegations are denied.

3. TMD admits more than 60 days have passed since it received a letter in the form of Exhibit 1, denies that it provided sufficient and required notice, and lacks sufficient information to admit or deny the remainder of the factual allegations in this Paragraph. Paragraph 3 otherwise contains legal conclusions to which no response is required. To the extent a further response is

required to those conclusions, those allegations are denied.

4. TMD admits venue is proper in this Court but denies the allegations of violations. Paragraph 4 otherwise contains legal conclusions to which no response is required. To the extent a further response is required to those conclusions, those allegations are denied.

5. TMD denies the allegations of Paragraph 5. Further responding, Paragraph 5 also contains conclusory statements regarding Plaintiff's purported legal bases for the Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 5 are denied.

6. Paragraph 6 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. To the extent further response is required, the allegations are denied.

7. Paragraph 7 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 7 are denied.

8. Paragraph 8 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 8 are denied.

9. Paragraph 9 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 9 are denied.

10. Paragraph 10 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 10 are denied.

11. TMD denies the allegations of Paragraph 11.

1  12. TMD denies the allegations of Paragraph 12.

2  13. TMD denies the allegations of Paragraph 13.

3  14. TMD lacks sufficient information to admit or deny the allegations in Paragraph 14. To the extent further response is required, the allegations contained in Paragraph 14 are denied.

15. TMD lacks sufficient information to admit or deny the allegations in Paragraph 15. To the extent further response is required, the allegations contained in Paragraph 15 are denied.

16. TMD lacks sufficient information to admit or deny the allegations in Paragraph 16. TMD admits to the contents of the Water Board Resolution as statements in that Resolution. To the extent further response is required, the allegations contained in Paragraph 16 are denied.

17. TMD lacks sufficient information to admit or deny the allegations in Paragraph 17. TMD admits to the contents of the Basin Plan as statements in that Plan. To the extent further response is required, the allegations contained in Paragraph 17 are denied.

18. TMD denies the allegations of Paragraph 18.

19. TMD lacks sufficient information to admit or deny the allegations in Paragraph 19. To the extent further response is required, the allegations contained in Paragraph 19 are denied.

20. TMD lacks sufficient information to admit or deny the allegations in Paragraph 20. To the extent further response is required, the allegations contained in Paragraph 20 are denied.

21. TMD lacks sufficient information to admit or deny the allegations in Paragraph 21. To the extent further response is required, the allegations contained in Paragraph 21 are denied.

22. TMD lacks sufficient information to admit or deny the allegations in Paragraph 22. To the extent further response is required, the allegations contained in Paragraph 22 are denied.

23. TMD lacks sufficient information to admit or deny the allegations in Paragraph 23. To the extent further response is required, the allegations contained in Paragraph 23 are denied.

24. TMD denies the allegations of Paragraph 24.

25. TMD denies the allegations of Paragraph 25.

26. TMD admits the allegations of Paragraph 26.

27. TMD admits the allegations of Paragraph 27.

28. TMD admits it is a "person" under the Clean Water Act.

1    29. TMD denies the allegations of Paragraph 29.

2    30. Paragraph 30 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. TMD admits the statutory text in its entirety and context are statements in the Clean Water Act. To the extent further response is required, the allegations contained in Paragraph 30 are denied.

31. Paragraph 31 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. TMD admits the statutory text in its entirety and context are statements in the Clean Water Act. To the extent further response is required, the allegations contained in Paragraph 31 are denied.

32. Paragraph 32 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. TMD admits the statutory text in its entirety and context are statements in the Clean Water Act. To the extent further response is required, the allegations contained in Paragraph 32 are denied.

33. Paragraph 33 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. TMD admits the statutory text in its entirety and context are statements in the Clean Water Act. To the extent further response is required, the allegations contained in Paragraph 33 are denied.

34. Paragraph 34 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required. TMD admits the statutory text in its entirety and context are statements in the Clean Water Act. To the extent further response is required, the allegations contained in Paragraph 34 are denied.

35. Paragraph 35 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response

is required.  TMD admits the statutory text in its entirety and context are statements in the Clean Water Act.  To the extent further response is required, the allegations contained in Paragraph 35 are denied.

36.  Paragraph 36 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required.  TMD admits the statutory text in its entirety and context are statements in the Clean Water Act.  To the extent further response is required, the allegations contained in Paragraph 36 are denied.

37.  Paragraph 37 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations that there is federal jurisdiction over its Complaint to which no response is required.  TMD admits the statutory text in its entirety and context are statements in the Clean Water Act.  To the extent further response is required, the allegations contained in Paragraph 37 are denied.

38.  TMD lacks sufficient information to admit or deny the allegations in Paragraph 38. TMD admits to the full contents of the Basin Plan as statements in that Plan and the full contents of the EPA TMDL as statements by EPA.  To the extent further response is required, the allegations contained in Paragraph 38 are denied.

39.  TMD admits to the full contents of the Basin Plan as statements in that Plan and otherwise denies the allegations of Paragraph 39.

40.  TMD denies the allegations of Paragraph 40.

41.  Paragraph 41 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding permitting in its Complaint to which no response is required. TMD admits the statutory text in its entirety and context are statements in the Clean Water Act. To the extent further response is required, the allegations contained in Paragraph 41 are denied.

42.  Paragraph 42 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding permitting in its Complaint to which no response is required. TMD admits the statutory text in its entirety and context are statements in the Clean Water Act. To the extent further response is required, the allegations contained in Paragraph 42 are denied.

43. Paragraph 43 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding the state general permit in its Complaint to which no response is required.  TMD admits the state has a General Permit and the permit text in its entirety and context are statements in the General Permit.  To the extent further response is required, the allegations contained in Paragraph 43 are denied.

44. Paragraph 44 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding the state general permit in its Complaint to which no response is required.  TMD admits the state has a General Permit and the permit text in its entirety and context are statements in the General Permit.  To the extent further response is required, the allegations contained in Paragraph 44 are denied.

45. Paragraph 45 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding the state general permit in its Complaint to which no response is required.  TMD admits the state has a General Permit and the permit text in its entirety and context are statements in the General Permit.  To the extent further response is required, the allegations contained in Paragraph 45 are denied.

46. Paragraph 46 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding the state general permit in its Complaint to which no response is required.  TMD admits the state has a General Permit and the permit text in its entirety and context are statements in the General Permit.  To the extent further response is required, the allegations contained in Paragraph 46 are denied.

47. Paragraph 47 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding the state general permit in its Complaint to which no response is required.  TMD admits the state has a General Permit and the permit text in its entirety and context are statements in the General Permit.  To the extent further response is required, the allegations contained in Paragraph 47 are denied.

48. Paragraph 48 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding the state general permit in its Complaint to which no response is required.  TMD admits a facility properly covered by an NPDES permit is subject to the

requirements of that permit. TMD admits the state has a General Permit and the permit text in its entirety and context are statements in the General Permit. To the extent further response is required, the allegations contained in Paragraph 48 are denied.

49. Paragraph 49 contains conclusory statements regarding Plaintiff's purported legal bases for its allegations regarding the state general permit in its Complaint to which no response is required. TMD admits the state has a General Permit and the permit text in its entirety and context are statements in the General Permit. To the extent further response is required, the allegations contained in Paragraph 49 are denied.

50. TMD admits the allegations in Paragraph 50.

51. TMD admits it operates with various numbers of livestock at various time periods. To the extent further response is required, the allegations contained in Paragraph 51 are denied.

52. TMD admits livestock are at times located in areas that do not sustain crops, vegetation, forage growth, or post-harvest residues—for example, covered or indoor areas. TMD otherwise has insufficient knowledge of the allegations in Paragraph 52 to admit or deny those allegations, and therefore those allegations are denied.

53. TMD admits it contains manure in retention basins as recommended to properly contain and prevent the release of that manure. To the extent further response is required, the allegations contained in Paragraph 53 are denied.

54. TMD denies it improperly stacks and piles manure or litter in areas exposed to precipitation where the runoff causes the improper release of those materials. To the extent further response is required, the allegations contained in Paragraph 54 are denied.

55. TMD denies the allegations of Paragraph 55.

56. TMD denies the allegations of Paragraph 56.

57. TMD denies the allegations of Paragraph 57.

58. TMD is not required to obtain an NPDES permit for the facility and on that basis denies the allegations of Paragraph 58.

59. TMD lacks sufficient information to admit or deny the allegations of Paragraph 59. To the extent further response is required, the allegations contained in Paragraph 59 are denied.

60. TMD lacks sufficient information to admit or deny the allegations of Paragraph 60. To the extent further response is required, the allegations contained in Paragraph 60 are denied.

61. TMD lacks sufficient information to admit or deny the allegations of Paragraph 61. To the extent any further response is required, the allegations contained in Paragraph 61 are denied.

62. TMD denies the allegations of Paragraph 62.

63. TMD denies the allegations of Paragraph 63.

64. TMD denies the allegations of Paragraph 64.

65. TMD denies the allegations of Paragraph 65.

66. TMD denies the allegations of Paragraph 66.

67. TMD denies the allegations of Paragraph 67.

68. TMD denies the allegations of Paragraph 68.

69. TMD denies the allegations of Paragraph 69.

70. Paragraph 70 is an incorporation statement regarding Plaintiff's purported legal bases for the Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 70 are denied.

71. Paragraph 71 contains conclusory statements regarding Plaintiff's purported legal bases for the Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 71 are denied.

72. Paragraph 72 contains conclusory statements regarding Plaintiff's purported legal bases for the Complaint to which no response is required. TMD denies it has impacted waters of the United States. To the extent further response is required, the allegations contained in Paragraph 72 are denied.

73. TMD denies it is required to have a NPDES permit and denies the allegations of Paragraph 73.

74. TMD denies that it improperly discharges pollutants and denies the allegations of Paragraph 74.

75. Paragraph 75 contains conclusory statements regarding Plaintiff's purported legal bases for the Complaint to which no response is required. To the extent further response is required, the allegations contained in Paragraph 75 are denied.

### TMD's Response to Plaintiff's Request for Relief

The final paragraph of the Complaint, including subparts (a) – (f), is Plaintiff's request for relief to which no response is required. To the extent further response is required, all allegations are denied.

### TMD's Response to Exhibits Attached to Complaint

To the extent that any statements in the exhibits to the Complaint are construed as allegations of the Complaint against TMD, TMD denies them.

### TMD's Affirmative Defenses

TMD states below its defenses and affirmative defenses to the allegations made in Plaintiff's Complaint. In asserting the defenses and affirmative defenses below, TMD does not assume any burden of proof that Plaintiff otherwise may have.

### First Affirmative Defense

The Complaint fails to state, in whole or in part, a claim for which relief can be granted.

### Second Affirmative Defense

Other than unsupported allegations based on purported information and belief, the Complaint lacks the necessary and requisite specificity regarding its factual allegations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or part, to the extent Plaintiff is not entitled to the injunctive and/or declaratory relief sought in the Complaint.

### Fourth Affirmative Defense

Plaintiff's requests for injunctive relief are barred because they are overbroad and fail to adequately specify the grounds and scope of the requested injunctive relief.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, by the doctrines of estoppel, laches, and/or waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, because Plaintiff lacks standing to bring its claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, because the Court lacks subject matter jurisdiction over this action to the extent 33 U.S.C. § 1319(g)(6) precludes a citizen's suit under the Clean Water Act where the lead state agency has reviewed and approved compliance by TMD with the applicable requirements and on that basis declined to undertake an enforcement action against TMD.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the Complaint cannot identify any specific violation supported by a good faith factual showing, and thereby concerns unsupported allegations of wholly past violations which are not "ongoing or likely to reoccur," precluding this citizen's suit under the Clean Water Act as a matter of law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent the alleged discharges were in compliance with validly issued permits.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent acts of Defendants are alleged to have not met or satisfied limitations set forth in any applicable permit, which allegations are expressly denied, such acts were *de minimis* in nature, and of no danger to the health and public safety or the welfare of humans or a danger to the environment and, for such reasons, are not a violation of the permit.

**TWELFTH AFFIRMATIVE DEFENSE**

TMD has acted in good faith regarding their operations at or in connection with the Facility, including but not limited to, efforts to comply with all applicable laws and regulations at the

Facility.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, because no act or omission of TMD was the proximate cause of the alleged injuries or damages to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, to the extent Plaintiff has not suffered damages for which they are entitled to relief from TMD.

**RESERVATION OF RIGHTS**

TMD further reserves its right to amend and/or supplement its defenses and affirmative defenses as may become necessary or appropriate.

***

TMD respectfully requests the Court dismiss this action against Defendants with prejudice, assess no penalties or injunctive relief of any kind against Defendants, and enter judgment awarding Defendants' attorneys' fees and costs associated with defending against Plaintiff's claims as allowed by 33 U.S.C. § 1365(d) or other applicable law. Defendants further request all other relief which is just and equitable.

Dated: December 30, 2024

KING & SPALDING LLP

By: */s/ Peter Hsiao*
    PETER HSIAO
    ALEXANDER MOORE

*Attorneys for Defendants*