1  PETER HSIAO (Bar No. 119881)
   *phsiao@kslaw.com*
2  ALEXANDER MOORE (Bar No. 340994)
   *amoore@kslaw.com*
3  **KING & SPALDING LLP**
   50 California Street, Suite 3300
4  San Francisco, CA 94111
   Telephone:   +1 415 318-1200
5  Facsimile:   +1 415 318 1300

6
   *Attorneys for Defendants*
7  TRAVIS MOREDA DAIRY and TRAVIS
   MOREDA
8

9  **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | CALIFORNIANS FOR ALTERNATIVES TO TOXICS, | Case No. 3:24-CV-06632-SI |
13 |  |  |
14 | Plaintiff, | **DEFENDANTS TRAVIS MOREDA DAIRY AND TRAVIS MOREDA'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWER (FRCP 6(b), 60(b) AND LOCAL RULE 6.3)** |
15 | vs. |  |
16 | TRAVIS MOREDA DAIRY and TRAVIS MOREDA, |  |
17 |  |  |
18 | Defendants. | *[Filed concurrently with Declaration of Alexander Moore and [Proposed] Order]* |
19 |  | *Assigned for all purposes to the Honorable Susan Illston* |

1

DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME

**UNOPPOSED MOTION TO EXTEND TIME**

Pursuant to Federal Rules of Civil Procedure Rule 6(b) and 60(b), and Local Rule 6.3, Defendants Travis Moreda Dairy and Travis Moreda (collectively, "TMD") hereby file this motion for an extension of time to file their Answer (ECF No. 13) for one court-day, from Friday, December 27, 2024, to Monday, December 30, 2024. No request for entry of a default judgment has been filed or entered.

This Motion is made on the grounds that (1) Defendants have acted promptly and in good faith to correct the late filing by filing its Answer one court-day after the December 27, 2024 deadline; (2) there has been no prejudice to Plaintiff and no impact on further proceedings set by the Court's Case Management Scheduling Order and (3) Defendants would be prejudiced if relief is not granted to allow the filing of its Answer. TMD missed the deadline because of the excusable neglect of its counsel within the meaning of Rule 6(b) due to family illness and commitments, and holiday travel, as shown in the Declaration of Alexander Moore ("Moore Decl.").

Under Civil Local Rule 6-3, subdivisions (b) and (c), any opposition to this motion is due not later than four days after receiving the motion; thereafter, the Court may grant, deny, modify the requested time change, or schedule the matter for additional briefing or a hearing. The Parties have met and conferred, and Plaintiff does not oppose this Motion. (*See* Moore Decl. Exhibit ("Exh.") A.)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants Travis Moreda Dairy and Travis Moreda (collectively, "TMD") filed their Answer (ECF No. 13) one court-day late on December 30, 2024. Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6.3, TMD moves the Court for an order to extend its deadline to file its Answer to December 30, 2024 to avoid potential default. TMD further brings this Motion under Rule 60(b) in an abundance of caution even though no default judgment has been requested or entered. Once an

answer is filed, "it is too late for entry of default and defendant can proceed with its defense." *See* Judge Karen L. Stevenson *et al.*, Rutter Practice Guide – Federal Civil Procedure Before Trial (Calif. & 9th Cir. Ed.) ¶ 6.3 (2024).  In addition, this Motion is unopposed.  The requested extension should be granted.

## II.   FACTS

On November 22, 2024, the Court granted TMD's motion for an extension of time to respond to the Complaint, to Friday, December 27, 2024.  (ECF No. 11.)  TMD did not file its Answer until Monday, December 30, 2024.  (ECF No. 13.)  Alexander Moore, TMD's attorney who is primarily responsible for this case and who was responsible for calendaring, preparing, and filing the Answer, traveled from Oakland, California to Cheyenne, Wyoming on December 23, 2024 to be with his family for the holidays and returned to Oakland on December 28, 2024.  (Moore Decl. ¶¶ 2–3.)  Mr. Hsiao was out of the office for the holidays.  (*Id.* ¶ 4.)  Mr. Moore's mother has a serious chronic illness that required his personal attention and care for the duration of his visit.  (*Id.* ¶ 5.)  He inadvertently neglected his calendar deadlines and did not file TMD's Answer until December 30, 2024.  (*Id.* ¶ 6.)  The Parties have met and conferred and Plaintiff does not oppose this Motion.  (*Id.* ¶ 7; Exh. A).

TMD has diligently participated in this case.  Following the Court's November 22 Order (ECF No. 11), on December 5, 2024, the parties met and conferred to discuss TMD's site improvements and settlement of the instant action.  (Moore Decl. ¶ 8.)

## III.   ARGUMENT

Under Rule 6(b) of the Federal Rules of Civil Procedure, the Court may extend a deadline after the time has expired "on motion made . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Supreme Court has designated four factors for determining when a late filing may constitute "excusable neglect."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

395 (1993). These factors include: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer*, 507 U.S. at 395).

"The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan,* 165 F.R.D. 610, 614 (C.D. Cal. 1995). Thus, if a default has not been entered when a defendant files a tardy answer, the defendant may thereafter proceed with its defense. *See* Judge Karen L. Stevenson *et al.*, Rutter Practice Guide – Federal Civil Procedure Before Trial (Calif. & 9th Cir. Ed.) ¶ 6.3 (2024). Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause." Moreover, under Rule 60(b) of the Federal Rules of Civil Procedure, relief from default judgment is permitted where caused by either excusable neglect or "mistake, inadvertence, [or] surprise." *See* Fed. R. Civ. P. 60(b)(1). In assessing a request for relief under Rule 60(b), the Ninth Circuit has found that, in addition to the *Pioneer* factors, a court must "giv[e] proper weight to the movants' prejudice under the circumstances presented." *Lemoge*, 587 F.3d at 1198.

Here, TMD's delay was the result of excusable neglect under Rule 6(b). TMD acted promptly to correct the late filing one court-day after the December 27, 2024 deadline. There has been no prejudice to Plaintiff. (*See* Moore Decl. Exh. A.) There is no impact on further proceedings set by the Court's Case Management Scheduling Order. (*See id.* ¶ 9.) Weighing the equities and taking account of all relevant circumstances, TMD would be prejudiced if relief is not granted to allow the filing of its Answer. In addition, TMD's counsel has put additional procedures in place to

1 | calendar and confirm due dates so that this mistake does not happen again.  (Moore
2 | Decl. ¶ 10.)

Dated:  December 31, 2024

KING & SPALDING LLP

By: */s/ Alexander Moore*
　　　Alexander Moore

*Attorneys for Defendants*