1  PETER HSIAO (Bar No. 119881)
   *phsiao@kslaw.com*
2  ALEXANDER MOORE (Bar No. 340994)
   *amoore@kslaw.com*
3  **KING & SPALDING LLP**
   50 California Street, Suite 3300
4  San Francisco, CA 94111
   Telephone:    +1 415 318-1200
5  Facsimile:    +1 415 318 1300

6  *Attorneys for Defendants*
7  TRAVIS MOREDA DAIRY and TRAVIS
   MOREDA

8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | CALIFORNIANS FOR ALTERNATIVES TO TOXICS, | Case No. 3:24-CV-06632-SI |
   |---|---|
   | Plaintiff, | **DECLARATION OF ALEXANDER MOORE IN SUPPORT OF STIPULATED REQUEST FOR ORDER STAYING CASE (L.R. 6-1, 6-2)** |
   | vs. | |
   | TRAVIS MOREDA DAIRY and TRAVIS MOREDA, | *[Filed concurrently with Stipulated Request]* |
   | Defendants. | *Assigned for all purposes to the Honorable Susan Illston* |

**DECLARATION OF ALEXANDER MOORE**

I, Alexander Moore, declare and state as follows:

1. I am an associate at King & Spalding LLP and am licensed to practice law in the State of California. I represent Travis Moreda and Travis Moreda Dairy (collectively, "TMD") in the above-captioned matter. I have personal knowledge of the facts set forth herein, and if called as a witness I could and would competently testify thereto.

2. On November 22, 2024, the Court granted TMD's Motion to Extend Time, extending TMD's time to respond to the Complaint from November 25, 2024 to December 27, 2024, and extending all deadlines set by the Court's Initial Case Management Scheduling Order and ADR Deadlines by 30 days (ECF No. 11).

3. On January 2, 2025, the Court granted TMD's Unopposed Motion for Extension of Time to File Answer, extending TMD's time to file its Answer from December 27, 2024 to December 30, 2024 (ECF No. 15).

4. On January 27, 2025, the Court granted the parties' Stipulated Request to Extend Deadlines Set by Court, extending the deadline for the Parties' joint case management statement until April 11, 2025, and setting the Initial Case Management Conference for April 18, 2025 (ECF No. 19).

5. On April 8, 2025, the Court granted the Parties' Stipulated Request for Order Extending Initial Case Management Conference Dates, extending the deadline for the Parties' joint case management statement until July 11, 2025, and setting the Initial Case Management Conference for July 18, 2025 (ECF No. 23).

6. On April 10, 2025, this case was referred to Magistrate Judge Kang for a settlement conference (ECF No. 25).

7. On June 17, 2025, the Court resolved a discovery dispute by extending TMD's deadlines to respond to CAT's first set of written discovery requests from

July 1, 2025 to August 1, 2025 and ordering that no depositions shall occur before August 1, 2025 (ECF No. 29).

8. On June 23, 2025, the Parties attended the Settlement Conference before the Magistrate Judge Kang and agreed to stay this lawsuit for approximately 90 days, from June 23, 2025, to September 22, 2025, to permit the further exchange of documents under the Parties' confidentiality agreement dated March 18, 2025.

9. The Parties believe this further exchange of documents will facilitate settlement discussions and may resolve this case while conserving the expenditure of attorneys' fees and costs in litigation.

10. The Parties therefore jointly request a stay of the entire case until September 22, 2025, including a continuance of the Initial Case Management Conference for approximately 90 days, to a date convenient for the Court's calendar, and a corresponding continuance of the deadline for the joint case management statement.

11. The Parties further agree the deadline for TMD to respond to CAT's first set of written discovery requests will be extended from August 1, 2025 to at least September 22, 2025, no depositions notices shall be served prior to September 22, 2025, and the Parties will abide by the Civil Local Rule 30-1 in scheduling depositions. Promptly after July 21, 2025 (and no later than July 28, 2025), the Parties agree that (a) if settlement discussions or other agreed exchanges of information are ongoing (or other resolution is reasonably foreseeable) at that time, the Parties will meet and confer to finalize a further stipulation to extend the deadline for TMD to respond to CAT's first set of written discovery requests to a mutually agreeable later date that makes sense in light of the ongoing discussions (where neither Party will unreasonably withhold consent to a reasonable extension of at least one month), and (b) if further settlement discussions or other possible resolution are

not going to go forward at that time, confirm that the response date for the written discovery requests shall be September 22, 2025. Nothing prevents the Parties from agreeing to further extend or alter these discovery deadlines as circumstances change, and neither Party waives any right to timely seek appropriate relief as to any discovery or case management scheduling issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of July 2025, in San Francisco, California.



Alexander Moore

4
DECLARATION OF ALEXANDER MOORE