PETER HSIAO (Bar No. 119881)
phsiao@kslaw.com
ALEXANDER MOORE (Bar No. 340994)
amoore@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  +1 213 443 4355
Facsimile:  +1 213 443 4310

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>Defendants. | Case No. 3:24-CV-06632-SI<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 31, 2025<br>Time: 10:00 a.m.<br>Courtroom 1, 17th Floor<br><br>Assigned to the Honorable Susan Illston<br><br>Complaint Filed: September 20, 2024<br>Trial Date: None set |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................. 1

II. THE FACTS IN THE RECORD ARE UNDISPUTED BY PLAINTIFF ............................. 2

    A. Plaintiff Does Not Dispute Travis Implemented Improvements in Compliance with the Water Act. ................................................................................................ 2

    B. Plaintiff Does Not Dispute the Water Board, Acting as the Lead Agency for Water Act Enforcement, Inspected and Approved Travis' Improvements and Found No Violations. ......................................................................................... 3

    C. Plaintiff Does Not Present Admissible Evidence in Its Rule 26 Initial Disclosures or Opposition. ...................................................................................... 4

III. THE APPLICABLE LEGAL STANDARDS ARE UNDISPUTED BY PLAINTIFF .......... 5

    A. Motion to Dismiss. ................................................................................................. 5

        1. Rule 12(b)(1). ............................................................................................. 5

        2. Rule 12(b)(6). ............................................................................................. 6

    B. Motion for Summary Judgment ............................................................................. 6

IV. PLAINTIFF FAILED TO COMPLY WITH THE MANDATORY NOTICE OF VIOLATION REQUIREMENTS OF THE WATER ACT ..................................................... 7

V. PLAINTIFF FAILS TO COME FORWARD WITH EVIDENCE TO CREATE A GENUINE DISPUTE OF TRAVIS' SHOWING THAT THERE IS NO ONGOING VIOLATION OR REASONABLE LIKELIHOOD OF A FUTURE VIOLATION .............. 8

VI. PLAINTIFF FAILED TO PRODUCE EVIDENCE OF A VIOLATION UNDER RULE 26 AND IS NOW PRECLUDED FROM OFFERING SUCH EVIDENCE UNDER RULE 37(C)(1). ........................................................................................................ 9

VII. PLAINTIFF FAILED TO COME FORWARD WITH FACTS TO CARRY ITS BURDEN OF PROOF TO SHOW ITS STANDING TO BRING THIS LAWSUIT ........... 10

VIII. CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 6

*Cal. Sportfishing Protection All. v. Shiloh Grp., LLC*,
   268 F. Supp. 3d 1029 (N.D. Cal. 2017) ..................................................................... 3

*Ctr. For Biological Diversity v. Marina Point Dev. Co.*,
   566 F.3d 794 (9th Cir. 2009) ..................................................................................... 7

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
   484 U.S. 49 (1987) ............................................................................................. 8, 10

*Hogen v. Valley Hospital*,
   147 Cal. App. 3d 119 (1983) ..................................................................................... 3

*Kokkonen v. Guardian Life Ins. Co. of America*,
   511 U.S. 375 (1994) ................................................................................................... 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................................................. 10

*Natural Res. Def. Council v. Southwest Marine, Inc.*,
   236 F.3d 985 (9th Cir. 2000) ................................................................................. 7, 8

*Puget Soundkeeper All. v. Port of Tacoma*,
   2024 U.S. App. LEXIS 14030 (9th Cir. June 10, 2024) ........................................... 8

*San Francisco Baykeeper v. Tosco Corp.*,
   309 F.3d 1153 (9th Cir. 2002) ................................................................................... 7

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) ..................................................................................... 6

**Statutes**

Cal. Civ. Code § 1708.8 ................................................................................................. 5

Cal. Evid. Code § 452(c) .................................................................................................................. 3

**Regulations and Rules**

40 C.F.R. § 135.3(a) ................................................................................................................... 7, 8

Fed. R. Civ P. 12 ...................................................................................................................... 1, 5, 6

Fed. R. Civ P. 26 .................................................................................................................... *passim*

Fed. R. Civ P. 37 ........................................................................................................................ 1, 9

Fed. R. Civ P. 56 ................................................................................................................ 1, 2, 4, 6

## I. INTRODUCTION

Plaintiff miscomprehends this motion as solely a motion to dismiss under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6). It misses the motion in the alternative for summary judgment under Rule 56. *See* Rule 12(d)(for matters outside the pleading) and Rule 12(g)(joining motions). Plaintiff fails to comply with the applicable legal requirements to oppose the summary judgment motion or to address the factual assertions supporting the motion as required by Rule 56(c). (*See generally* ECF No. 41 ("Opp.") at 6–7; 8–13.) Given this waiver, the Court need proceed no further than to grant summary judgment under Rule 56(e) because the motion, its supporting materials, and the facts are undisputed.

However, should the Court proceed to reach further issues, the touchstone is Plaintiff's failure to come forward with evidence, either to establish the Court's subject matter jurisdiction or to show there is a genuine dispute as to any material fact to avoid summary judgment. Confirming its absence of evidence in its Rule 26 disclosures, Plaintiff proffers no test sample or result, and no percipient witness to any release, of any contaminant, at any concentration, on any day at Travis' dairy. Plaintiff similarly has no admissible evidence to challenge the improvements at the dairy, their effectiveness to prevent improper discharges, and the Water Board's finding of no violations. Aligned with this void of evidence in its Opposition Brief, Plaintiff does not and cannot dispute the resulting preclusive effect of Rule 37 for any evidence it could have, but did not, produce in its Rule 26 initial disclosures.

The absence of evidence also permeates the absence of specificity in the Notice of Violation, which is the prerequisite to this lawsuit. Plaintiff did not and could not give meaningful notice because it had no evidence of any violation. Therefore, the Court may issue a judgment of dismissal on separate and independent grounds: (1) for failure to provide a sufficient notice, (2) for failure to present facts to establish the Court's subject matter jurisdiction or to state a claim under the citizen suit provisions to enforce the Clean Water Act ("Water Act"), and (3) for failure to create a genuine dispute of material facts to show an ongoing and potential future violation of the Water Act.

## II. THE FACTS IN THE RECORD ARE UNDISPUTED BY PLAINTIFF

As a threshold matter, Plaintiff does not object to the declarations, photographs, and other evidence submitted by Travis under Rule 56(c)(2) (permitting a party to object "that a fact is not supported by admissible evidence"). Nor does Plaintiff submit controverting evidence to these facts.

### A. Plaintiff Does Not Dispute Travis Implemented Improvements in Compliance with the Water Act.

Plaintiff's Opposition and its Rule 26 disclosures contain no evidence to create a genuine dispute that Travis was already implementing continuous improvements at his dairy before receiving Plaintiff's notice letter, in full compliance with the Water Act. Plaintiff does not dispute the following effective improvements were made:

1. Free Stall Barn Manure Containment;
2. Developing Conveyance System/Lagoon Connection to Storage System;
3. Removal of Gray Water & Potential Runoff;
4. Containing Potential Runoff from Hill Utilized by Livestock;
5. Increasing Capacity of the Existing Lagoon System;
6. Milk Barn Gutter Cleaning & Plugging; Pipe Improvements;
7. Cleaning and Seasonal Use of Corral by the Loading Chute;
8. Dry Cow Barn Containment & Vegetative Buffer;
9. Agronomic Application of Manure;
10. Composting Area Containment/Tarping;
11. Cleaning and Seasonal Use of Feeders on Hilltops;
12. Maintenance of Dried Manure Piles per Water Board Requirements;
13. Seasonal Use of Silage Pile & Outdoor Commodity Piling;
14. Hot Wire Additions; and
15. Recordkeeping Updates.

(ECF No. 38 ("Mot.") at 3–5.)

Plaintiff does not dispute that Travis and Mr. Lutz communicated all these improvements to Plaintiff, shared Travis' agency-approved Nutrient Management Plan and Waste Management Plan, and provided photographs of the improvements. (*Id.* at 5.) It is undisputed Plaintiff did not comment, criticize, or object to the site improvements, suggest any additional improvements, or dispute the improvements are effective to contain manure from release to surface waters and groundwater. (*Ibid.*)

### B. Plaintiff Does Not Dispute the Water Board, Acting as the Lead Agency for Water Act Enforcement, Inspected and Approved Travis' Improvements and Found No Violations.

Plaintiff also does not dispute the San Francisco Bay Regional Water Quality Control Board ("Water Board") conducted a comprehensive inspection of the Dairy and its improvements and found no violations of the Water Act. (Mot. at 7.) Nor does Plaintiff dispute or submit controverting evidence to contest the Water Board findings that "[o]verall, the production area was observed to be well maintained and had an effective design for capturing waste material in the waste pond system" (ECF No. 38-2 ("Lutz Decl.") Exh. F at 0131) and "[b]ased on inspection observations, the facility meets the General [Waste Discharge Requirements] minimum requirements" (*id.*, Exh. F at 0132).

Unable to confront the undisputed facts, Plaintiff weakly argues the Court may not take judicial notice of the findings of the Water Board. Plaintiff contradicts itself where its cited authority expressly authorizes the Court to take judicial notice of the findings of the Water Board report. (Opp. at 12, citing *Cal. Sportfishing Protection All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038–1039 (N.D. Cal. 2017).) This authority is in accord with California state law. *See, e.g.*, *Hogen v. Valley Hospital*, 147 Cal. App. 3d 119, 125–26 (1983) (taking judicial notice of state board's findings and "discover[ies]" in investigation of doctor); Cal. Evid. Code § 452(c). Plaintiff does not dispute the truth of the findings in the Water Board report, including the existence and efficacy of Travis' improvements, or the specific Water Board findings quoted on page 6 of the motion. Plaintiff comes forward with no evidence to create a genuine dispute

3

REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT                               CASE NO. 3:24-CV-06632-SI

regarding these findings. Plaintiff also does not dispute the fact that the Water Board found no violations of the Water Act. These findings are judicially noticeable.

### C. Plaintiff Does Not Present Admissible Evidence in Its Rule 26 Initial Disclosures or Opposition.

Similarly, Plaintiff comes forward with no admissible evidence in its Rule 26 initial disclosures or Opposition to create a genuine disputed issue of fact to show any present or ongoing violations of the Water Act after the implementation of Travis' improvements. Plaintiff's evidence first consists of the Declaration of Patricia Clary, Plaintiff's Executive Director, who alleges to have been injured by dairies like Travis' dairy, but attests to no personal knowledge of any facts regarding any site-specific conditions or improvements at the dairy.

Second, Plaintiff's proffer the Declaration of William N. Carlon, one of its attorneys. Mr. Carlon also attests to no personal knowledge of any facts regarding any site-specific conditions or improvements at the dairy.

Finally, Plaintiff offers the Declaration of Mathew Lang, who attests he flew a drone over Travis' property on November 24, 2024, and attaches a still image taken from the drone video. This Lang Declaration is inadmissible under Rule 56(c)(2) because of its lack of foundation, personal knowledge, and competence of the declarant. Under Rule 56(c)(4), a declaration used to oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Mr. Lang does not attest to facts to satisfy any of these mandatory requirements. His only qualification is to attest to chain of custody between the still image and how it was taken. Nothing in his declaration proffers his background, experience, or any expertise regarding a dairy, its facilities (including its berms), its discharge control measures, or its compliance with the Water Act. Mr. Lang does not and cannot testify that his video shows a breach of the berm—in fact, it is unclear what is depicted in his still image. And Mr. Lang certainly does not and cannot testify that his video shows any discharge or release of contamination. The corresponding

argument in the Opposition about the still image at page 11 is inadmissible as evidence, consisting of a lawyer's speculation and hearsay unsupported by a declaration. Mr. Lang has no personal knowledge of any of these facts and is incompetent to testify on those matters—he is simply a drone operator, not an expert.

Mr. Lang does say he had no intention of capturing any photographs or video of anybody engaging in personal or private activities. (ECF No. 41-2 ¶ 3.) This is insufficient to cure the violation of law from knowingly and intentionally flying a drone to videotape the activities of a working dairy and its owner, employees, and any guests without prior notice and with no attempt to obtain the owner's permission, in violation of California Civil Code section 1708.8 and California's trespass law. The law prohibits a drone operator from knowingly entering into the airspace above Travis' land without permission, exactly as Mr. Lang did in this case. Mr. Lang does not raise a genuine disputed issue when a homeowner would take little comfort from his statement about a lack of intent while flying over their property to film their activities, which would be offensive to a reasonable person. For each of these reasons, Mr. Lang's declaration is irrelevant and inadmissible, and should be stricken.

As a result, Plaintiff's Opposition submits no admissible evidence to create a genuine disputed issue. It has (1) produced no admissible percipient evidence, (2) identified no percipient witness with firsthand knowledge of a violation, (3) shared no test results, and (4) provided no other admissible documentation to show an ongoing violation of the Water Act or to contest the Water Board's finding that the Dairy is in compliance with the Water Act.

### III.     THE APPLICABLE LEGAL STANDARDS ARE UNDISPUTED BY PLAINTIFF

**A.     Motion to Dismiss.**

**1.     Rule 12(b)(1).**

As shown in the Motion at page 7, Plaintiff bears the burden of establishing the Court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). Plaintiff fails to proffer admissible evidence to carry its burden. (*See*, *supra*, section II.)

### 2. Rule 12(b)(6).

The Motion also shows that to survive a Rule 12(b)(6) motion to dismiss, Plaintiff must show its complaint alleges facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff does not and cannot allege facts satisfying this standard. Plaintiff identifies no specific discharge, at any specific location, on any specific date. For any discharge, Plaintiff has no test results showing any concentration of any contaminant in any discharge. Nor can Plaintiff identify where in its complaint these allegations can be found. At best, the complaint raises a sheer possibility that Travis acted unlawfully, but it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Motion for Summary Judgment.

Once a movant has established an absence of a genuine issue of material fact, the nonmovant may not, as Plaintiff's Opposition attempts here (*see* Opp. at 6–7), rest on the mere allegations of its pleading to oppose summary judgment, but must set forth specific facts showing there is a genuine issue for trial. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "The mere existence of a scintilla of evidence"—such as Mr. Lang's inadmissible drone footage—is insufficient: "there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Here, Plaintiff fails to submit a request under Rule 56(d) and files no supporting declaration to satisfy its requirements to demonstrate that, for specified reasons, it cannot present facts essential to justify its opposition to this summary judgment motion. Plaintiff's allusion to a "typical case" where a party might survive summary judgment by alleging that discovery might allow it to carry it burden of proof at trial (Opp. at 16) fails to satisfy the specific requirements of Rule 56(d). This Motion is therefore ripe for decision.

//

//

//

6

REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT

CASE NO. 3:24-CV-06632-SI

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

## IV. PLAINTIFF FAILED TO COMPLY WITH THE MANDATORY NOTICE OF VIOLATION REQUIREMENTS OF THE WATER ACT.

Plaintiff concedes its Notice of Violation must provide facts to comply with each element of 40 C.F.R. § 135.3(a). But it says only general notice is required, not the specificity to provide a "true notice that tells the target precisely what it allegedly did wrong, and when." *Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir. 2009).

The notice, complaint, and now Opposition, identify no specific discharge, at no specific location, on no specific date, with no test results showing any concentration of any contaminant in the discharge. Plaintiff's Opposition claims Travis had "enough information" identify and rectify the alleged violations. (Opp. at 8.) But it is undisputed that Plaintiff alleges violations based upon discharges of untested water, on over 200 dates between July 2019 and July 2024, at some unidentified location on Travis' dairy. (*Id*. at 8–9.)

Plaintiff argues it does not need to identify the location of the discharge of contaminants because the entire dairy consists of a "point source." (Opp. at 9.) Plaintiff conflates two separate portions of the Water Act, and 40 C.F.R. § 135.3(a) does not incorporate or refer to the definition of a point source. Nor could it. Under that argument, any dairy, farm, or industrial property could be sued at the complete discretion of a citizen's group, regardless of whether the property is one acre or 100,000 acres, even though the citizen's group cannot identify any location where the alleged violation occurred on the property. Plaintiff accordingly does not and cannot cite a single case, rule, or regulation that adopts its point source argument.

Plaintiff's citations to case law are inapposite and misplaced. Plaintiff principally relies upon *San Francisco Baykeeper v. Tosco Corp.*, which found a notice letter could be sufficient under the Water Act despite a failure to identify all exact dates of violation *where the exact violation was identified and specific enough to provide a clear course of action*. 309 F.3d 1153, 1159 (9th Cir. 2002) (notice sufficient where it clearly alleged wind blew coke directly into a slough, providing defendant with opportunity to resolve violation by covering its coke piles). Likewise, the Court in *Natural Res. Def. Council v. Southwest Marine, Inc.* did not require

7

specific dates or a specific location of the violation where plaintiff did not allege specific discharges but instead failed to prepare and implement pollution plans (akin to Travis' undisputed and unchallenged Nutrient and Waste Management Plans). 236 F.3d 985, 996 (9th Cir. 2000). Finally, *Puget Soundkeeper All. v. Port of Tacoma* stands solely for the proposition that a notice letter need not identify dates of violation when violations are ongoing. Nos. 21-35881, 21-35899, 22-35061, 2024 U.S. App. LEXIS 14030, at *6 (9th Cir. June 10, 2024). Here, there are no ongoing violations.

As a practical matter, Plaintiff seeks to weaken and thereby eviscerate the notice requirements in the Water Act and 40 C.F.R. § 135.3(a). It wants the uncontrolled discretion to file lawsuits against any dairy for any speculative reason. The Water Act recognizes that regulated parties are entitled to address and implement measures to prevent litigation by complying with its requirements. That is exactly what Travis did. Plaintiff's alleged violations did not provide enough information that Travis could identify and correct them; instead, he was required to utilize his experts to investigate additional improvements he could undertake to satisfy Plaintiff's concerns. (*See* Mot. at 3.) Because Plaintiff failed to comply with the notice requirements, this case should be dismissed.

## V.   PLAINTIFF FAILS TO COME FORWARD WITH EVIDENCE TO CREATE A GENUINE DISPUTE OF TRAVIS' SHOWING THAT THERE IS NO ONGOING VIOLATION OR REASONABLE LIKELIHOOD OF A FUTURE VIOLATION.

The motion showed that a citizens' suit must be dismissed as moot "after the plaintiff's allegations of ongoing violations become false because the defendant had begun to comply with the Act." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 50–51 (1987). Plaintiff attempts to distinguish the holding in *Gwaltney* by arguing that in that case, the alleged violations were cured before the complaint was filed. (*See* Opp. at 10.) But *Gwaltney* makes no such distinction—a citizen's suit under the Water Act cannot proceed after allegations of ongoing violations become false, regardless of when those allegations become false. *Gwaltney*, 484 U.S. at 59.

As discussed in the Motion, Travis has shown with admissible evidence, and thereby carried his burden to show, that there is no ongoing violation of the Water Act or reasonable likelihood of any future violation. (Mot. at 11–12.) Plaintiff raised no concerns about these improvements and has identified no further improvements it might deem necessary. (Lutz Decl. ¶ 10.) Nor has Plaintiff questioned the analysis and findings of the Water Board. (*Ibid*.)

The burden of proof now shifts to Plaintiff to come forward with admissible evidence to show an alleged violation is ongoing and could reasonably be expected to recur. The record contains no such evidence. (*See*, *supra*, section II.A.) Plaintiff's opposition relies entirely upon a still image taken from an illegal drone flight. Neither Mr. Lang nor Plaintiff's attorneys are competent to testify this image shows a breach of a berm (the image does not show a breach). Plaintiff does not argue the image shows a discharge or release of contamination and has no test results or data showing the composition of any water at any location at the dairy, including in the location depicted in the image. And because the video was purportedly taken in November 2024, Plaintiff has zero evidence of the continued effectiveness of the improvements at the dairy or its future compliance status. With no admissible evidence to show an ongoing or future violation—not in the notice letter, complaint, Rule 26 disclosures, or in response to the Motion—summary judgment should be granted. Travis has acted in full compliance with the requirements of Water Act and the Water Board.

## VI.  PLAINTIFF FAILED TO PRODUCE EVIDENCE OF A VIOLATION UNDER RULE 26 AND IS NOW PRECLUDED FROM OFFERING SUCH EVIDENCE UNDER RULE 37(C)(1).

The Motion showed that allowing this case to proceed would be to permit anyone to file a Water Act lawsuit without evidence. Plaintiff does not dispute that Rule 37—paired with Plaintiff's failure to disclose evidence of a violation in its Rule 26 initial disclosures—acts to bar Plaintiff from thereafter using evidence of a violation it could have disclosed earlier. (Mot. at 12–13.) Plaintiff argues it is entitled to discovery to find a violation and thereby show the vague allegations in its notice letter and complaint are meritorious. (Opp. at 13.) That is, Plaintiff

confirms this is a lawsuit looking for a problem. But under *Gwaltney*, a Water Act case *cannot* proceed when the allegations of ongoing violations become false. *Gwaltney*, 484 U.S. at 59. Travis has shown that Plaintiff has no admissible evidence of an ongoing violation—both by providing his own evidence by declarations, photographs, and the Water Board report, and by undisputedly showing that Plaintiff has no evidence of a discharge of any pollutant in violation of the Water Act. Under *Gwaltney*, this case can no longer proceed.

### VII. PLAINTIFF FAILED TO COME FORWARD WITH FACTS TO CARRY ITS BURDEN OF PROOF TO SHOW ITS STANDING TO BRING THIS LAWSUIT

The Motion showed that Plaintiff bears the burden of proving injury in fact, causation (i.e., an injury "fairly trace[able] to the challenged action of the defendant"), and that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff solely relies upon the Declaration of Patricia Clary (ECF No. 41-1, ("Clary Decl.")), its Executive Director, to satisfy its burden of proof. However, Mr. Clary only attests to one of the three prongs required to establish her organizations standing—her purported injury. She says nothing about the elements of causation or redressability. She has no personal knowledge of Travis' dairy or any discharges upon which to attest to these facts.

Specifically, Ms. Clary describes that, due to water pollution, she no longer eats seafood or engages in water recreation in Marin County. (Clary Decl. ¶ 8.) This injury appears to stem from personal experiences in the 1960s and 1980s, well before Travis established his dairy. (*Id.*, ¶¶ 4, 7, 8.) Ms. Clary does not trace her injury to Travis and instead states "CAFOs like Defendants" caused her injury. (*Id.*, ¶ 8.) Similarly, Ms. Clary does not come forward with facts to show how a favorable outcome in this case would redress her injury. Travis has already implemented improvements to his dairy Plaintiff does not challenge. She asserts even with Travis' Water Act compliance, she would still not feel able to eat seafood or engage in water recreation. (*Id.*, ¶ 10.) Plaintiff's failure to provide evidence regarding causation or redressability defeats its standing to bring this case.

10

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT

CASE NO. 3:24-CV-06632-SI

## VIII. CONCLUSION

For the foregoing reasons, Travis respectfully requests the Court enter a judgment of dismissal with prejudice, and an alternative ruling granting summary judgment in his favor.

Dated: October 17, 2025

**KING & SPALDING LLP**

By: _____
Alexander Moore

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA