UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS MOREDA DAIRY, et al.,<br><br>Defendants. | Case No. 24-cv-06632-SI<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 38 |

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendants' motion.

Plaintiff filed this Clean Water Act case on September 20, 2024, alleging that defendants discharge pollutant-contaminated storm water, liquid manure, and wastewater from Travis Dairy into surface waters. Dkt. No. 1. Defendants filed an answer. Dkt. No. 13.[1] Some nine months later, defendants then filed this motion to dismiss or in the alternative for summary judgment. Dkt. No. 38.

Under Rule 12(b), a motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954-955 (9th Cir. 2004) ("Here, Defendants filed their motion to dismiss *after* filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings"). *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) ("This circuit allows a motion

---

[1] Defendants moved to extend time to respond to plaintiff's complaint. Dkt. No. 10. The Court granted the motion, extending defendants' deadline to respond from November 25, 2024 to December 27, 2024. Dkt. No. 11. Defendants filed their answer three days late on December 30, 2024.

under Rule 12(b) any time before the responsive pleading is filed."). Therefore, this post-answer motion to dismiss is untimely.[2] Furthermore, defendants' arguments fail on the merits.

Finally, defendants' motion for summary judgment is premature. Only "after suitable discovery" may the moving party show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000). Defendants' responses to discovery are not due until November 21, 2025. Plaintiff has not had a sufficient opportunity for discovery, in part because defendants have sought and obtained several extensions.

For the foregoing reasons and for good cause show, the Court hereby DENIES defendants' motion to dismiss, or in the alternative, motion for summary judgment.

**IT IS SO ORDERED**.

Dated: November 4, 2025

_____
SUSAN ILLSTON
United States District Judge

---

[2] Defendants neither sought nor were granted leave to file a motion to dismiss after responding to plaintiff's complaint, nor has there been any stipulation filed.

2