UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS ) ) Plaintiff, ) ) vs. ) TRAVIS MOREDA DAIRY and TRAVIS ) MOREDA, ) ) Defendants. ) ) ) ) | Case Number: 3:24-cv-06632-SI AMENDED[1] CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

Defendants in the above-entitled action submit this AMENDED CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

**Plaintiff's Statement:**

This Court has subject matter jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (action arising under the laws of the United States). Venue is proper in the Northern District of California pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because the source of the alleged violations is located within this judicial district.

---

[1] Following the filing of the parties' Joint Case Management Statement (ECF No. 45), counsel for Defendants identified errors in Defendants' portions of the joint statement.  Counsel revised Defendants' statements on topics 2, 4, and 8, and attempted to obtain signature authority from counsel for Plaintiff, but had not received a response by the time of this filing.

Pursuant to Local Rule 3-2(e), intra-district venue is proper in San Francisco, California because the sources of the violations are located within Sonoma County. All parties have been served.

**Defendants' Statement:**

Plaintiff fails to establish subject matter jurisdiction under the Clean Water Act where it (i) sent a mandatory 60-day notice of violation identifying no specific discharge, at no specific location, on no specific date, with no test results showing any concentration of any contaminant in any discharge (*see* 33 U.S.C. § 1365(b)(1); 40 C.F.R. § 135) and identifies none in its complaint or mandatory disclosures; and (ii) cannot present facts evincing an ongoing violation of the Clean Water Act or that an alleged violation could "reasonably be expected to recur." (*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 59 (1987); *Coastal Env't Rights Found. v. Naples Restaurant Grp., LLC*, 115 F.4th 1217, 1220 (9th Cir. 2024).)[2]

**2.     Facts**

**Plaintiff's Statement:**

Defendants own and/or operate the Facility, a dairy farm located 3242 Spring Hill Road just outside Petaluma, California.  Defendants confine livestock at the Facility in areas that do not sustain any crops, vegetation, forage growth, or post-harvest residues in the normal growing season.  Manure from these animal confinement areas is flushed into retention basins located throughout the Facility. As of the date the Complaint was filed, the Facility confined at least 550 dairy cows, in addition to an unknown number of calves, for more than 45 days each year. Defendants stack and pile manure and litter in areas exposed to precipitation.  Animal waste containing pollutants discharges into downstream surface waters from the Facility via man-made ditches, a flushing system, and via other man-made devices such as pumps and hoses. Surface water also comes into contact with the dairy cows in the areas where they are

---

[2] Plaintiff's statement misstates facts and will be addressed by Travis' responses to Plaintiff's pending discovery requests and a Rule 12(c) motion and motion for summary judgment, as discussed below.

*Amended Case Management Statement*                                    *Case No: 3:24-cv-06632-SI*

confined and discharges to downstream surface waters. These discharges contain animal waste containing pollutants. The Facility's discharges occur via discharges into the unnamed creek that discharges into Laguna Lake, as well as through several discrete conveyances directly to Laguna Lake itself, including by ditches and channels. Defendants have not obtained General Permit (Order 2014-0057-DWQ as amended by Order 2018-0028-DWQ) coverage for the Facility. Defendants have not obtained permit coverage pursuant to section 402 of the Clean Water Act, 33 U.S.C. § 1342.

The surface waters into which Defendants discharge storm water contaminated by contact with their confined animal feeding operation are waters of the United States. The unnamed creek into which Defendants discharge polluted storm water is a relatively permanent surface water body, flowing for several months of the year directly into Laguna Lake. Laguna Lake is a relatively permanent surface water body, containing water within it year-round, and discharging to downstream surface waters for many months out of the year. Laguna Lake discharges to Chileno Creek, which is a relatively permanent surface water body, and is designated as a perennial creek.

Defendants repeatedly discharged, and continue to discharge, pollutants into the downstream surfaces waters described above. Defendants have discharged and continue to discharge pollutants to these waters from animal confinement areas and wastewater lagoons into the unnamed creek and Lake Laguna. The pollutants in these discharges include, but are not limited to, liquid and solid animal wastes. The animal wastes contain, among other pollutants, fecal coliform, and *E. coli* bacteria, numerous other pathogens, nitrogen, phosphorus, ammonia, pharmaceuticals, pesticides, and suspended solids, and can alter water quality indicator parameters such as biochemical oxygen demand and pH. Such pollution, especially the pathogens associated with concentrated animal feeding operations, presents threats to public health and the environment. Defendants' manure storage ponds are undersized such that the Facility is unable to retain a 25-year, 24-hour storm event. Defendants dispose of liquid manure from their lagoons in anticipation of, and in response to, storm events in order to maintain freeboard. Defendants' lagoons have exceeded their storage volume in the past, and

will do so again in the future, causing liquid manure to discharge from the lagoons into the ditches, channels, and swales that lead to the unnamed creek and Laguna Lake. Discharges discussed above occur on a recurring basis and have occurred since at least July 11, 2019 as described in Plaintiff's notice letter. The discharges Plaintiff alleges herein are not authorized by, and could not be authorized by, an applicable National Pollution Discharge Elimination System permit (*see* 33 U.S.C. § 1342) and were not due to or a direct result of a 25-year, 24-hour rainfall event.

**Defendants' Statement:**

Travis' Dairy provides milk and dairy products to the local community, provides a livelihood for his family, and complies with the Clean Water Act.  It is undisputed the lead agency, the Regional Water Quality Control Board, inspected and approved the Dairy's operations.  There were no violations of the Clean Water Act.  Travis' summary judgment motion, and Plaintiff's mandatory disclosures, demonstrate Plaintiff has no controverting evidence and none supporting its statement of facts.  As directed by the Court in denying that motion, the next step is to respond to suitable discovery to show the non-moving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion.

**3.    Legal Issues.**

**Plaintiff's Statement:**

The primary legal issues will include the following:

1.  Whether the Facility meets the definition of a "Medium CAFO," as defined by 40 C.F.R. § 122.23(b)(6);

2.  Whether the downstream surface waters into which Plaintiff alleges the discharges occur are waters of the United States pursuant to 33 U.S.C. § 1362(7) and 40 C.F.R. § 120.2; and,

3.  Whether Defendants' dairy farm operation requires coverage under a permit issued pursuant to 33 U.S.C. § 1342.

**Defendants' Statement:**

(1)    Whether Plaintiff failed to comply with the mandatory requirements of the Clean Water Act by sending a 60-day notice of violation identifying no specific discharge, at no specific location, on no specific date, with no test results showing any concentration of any contaminant in any discharge.

(2)    Whether Plaintiff has facts to establish subject matter jurisdiction, or to state a claim under the citizen suit provisions to enforce the Water Act, where:

    a.    The San Francisco Bay Regional Water Quality Control Board, the lead agency to administer the Act, inspected the Dairy and determined there were no present or ongoing violations of the Water Act; and

    b.    Plaintiffs have presented no percipient witness to any specific discharge, at a specific location, on a specific date, and further disclose no testing or test results identifying the presence or concentration of any contaminants in a discharge at the Dairy.

**4.    Motions.**

    **Plaintiff's Statement:** There are no motions are pending. Plaintiff may file a motion for summary judgment after conducting adequate discovery.

    **Defendants' Statement:** The threshold issue is Plaintiff's inability to establish subject matter jurisdiction for this lawsuit.  Following the Court's direction, Travis intends to respond to Plaintiff's pending discovery requests, then file a Rule 12(c) motion and motion for summary judgment.  This process should be completed in approximately 60 days.  Under the case cited by the Court, *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d 1099 (9th Cir. 2000), there are two paths to prevail on summary judgment.  The moving party may (1) produce evidence negating an essential element of the non-moving party's case, or (2) after suitable discovery, the moving party may show that the non-moving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.  Both paths will be satisfied here.

If Travis is the prevailing party, he will file a motion to recover his attorney fees and costs under 33 U.S.C. § 1365(d).

**5.      Amendment of Pleadings**

After receiving Defendants' discovery responses, Plaintiff may seek to further amend the Complaint to reflect claims of additional violations by Defendants or to join additional defendants, but none are anticipated at this time.

**6.      Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the parties exchanged initial disclosures on April 4, 2025.

**8.      Discovery**

**Plaintiff's Statement:**

Plaintiff disagrees with Defendants' proposal to phase discovery. The issue of jurisdiction is deeply intertwined with the merits of this case. Plaintiff has propounded its first set of written discovery, including requests for admission, requests for production of documents, requests for inspection of Defendants' property, a deposition notice for Defendant Travis Moreda, and interrogatories. These were served on Defendants on May 27, 2025. Defendants have sought, and obtained, multiple extensions to respond to these requests, and their responses are now due November 21, 2025.

**Proposed Discovery Plan**
(A) Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made.

No changes to the timing, form, or requirement for disclosures under Rule 26(a) are necessary in this case, at this time.

(B) Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.

Plaintiff will conduct a combination of written discovery and depositions, and anticipates requesting as many as three site inspections of the Facility, under both wet and dry conditions. Plaintiff anticipates propounding discovery on the nature and extent of potential sources of pollution in Defendants' discharges from the Facility; information relating to Defendants' interactions with the Regional Water Quality Control Board and the California State Water Resources Control Board; and all information pertinent to the penalty factors to be considered under the Act, including, but not limited to, Defendants' financial information relevant to the assessment of civil penalties. Plaintiff also intends to depose Defendants' employees, managers and other agents, as well as agency personnel, who may have information relevant to the case.

(C) Issues about disclosure, discovery, or preservation of ESI.

Plaintiff anticipates the ESI portion of discovery in this case to be relatively minor.

(D) Issues about claims of privilege or of protection as trial-preparation materials.

Plaintiff anticipates entering into a protective order governing the disclosure and use of designated confidential information, as necessary.

(E) Change to the limitations on discovery imposed under the Federal Rules.

Plaintiff does not anticipate a need to modify the discovery rules at this time.

(F) Any other order the Court should issue under Rule 26(c), or Rule 16(b) and (c).

Per (D) above, Plaintiff anticipates that Defendants will request the Court to issue a protective order under Rule 26(c). Aside from the above, no other orders need to be issued at this time.

**Defendants' Statement:**

The Court should phase discovery. First, before the Court permits merits discovery, the parties should conduct limited discovery of facts determining whether the Court has subject matter jurisdiction and may proceed with the remainder of the case. (*See Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (collecting cases). Plaintiff's

proposal to use burdensome discovery as a fishing expedition is not permitted and not proportional to its need to establish the Court's subject matter jurisdiction. "We cannot condone the use of discovery to engage in fishing expeditions." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021). This initial phase of jurisdictional discovery will reduce the parties' costs and facilitate a potentially dispositive ruling. Travis will also propound requests for admissions and interrogatories to narrow the issues. Travis is also willing to meet and confer regarding a stipulated protective order and e-discovery order.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

There are no currently-pending related cases.

**11.    Relief**

**Plaintiff's Statement:**

Plaintiff seeks the following relief:

a.    For the Court to declare Defendants to have violated and to be in violation of the Clean Water Act as alleged in Plaintiff's Complaint;

b.    For the Court to enjoin Defendants from discharging polluted storm water from the Facility except as authorized by the Clean Water Act;

c.    For the Court to enjoin Defendants from further violating the substantive and procedural requirements of the Clean Water Act;

d.    For the Court to order Defendants to pay civil penalties of $66,712 per day per violation for all violations occurring after November 2, 2015, pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d) and 1365(a) and 40 C.F.R. §§ 19.1–19.4;

e.    For the Court to order Defendants to take appropriate actions to restore the quality of navigable waters impaired or adversely affected by their activities;

f. For the Court to award Plaintiff's costs and fees (including reasonable investigative, attorney, witness, compliance oversight and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d); and,

g. For the Court to award any such other and further relief as this Court may deem appropriate.

**Defendants' Statement:**

See Travis' potential motion for attorney fees and costs under 33 U.S.C. § 1365(d).

**12.    Settlement and ADR**

The parties conducted a settlement conference with Magistrate Judge Kang on June 23, 2025, but were unable to resolve the matter. Magistrate Judge Kang offered a further conference pending Defendant Travis Moreda's deposition. (ECF No. 37.)

**13.    Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

**Plaintiff's Statement:** Plaintiff may file a motion for summary judgment in order to narrow the issues for trial in this matter. Plaintiff does not believe this case is suitable for any other mechanisms for narrowing or expediting trial presentation.

**Defendants' Statement:** Travis' case management proposals will narrow the issues in this case.

**15.    Expedited Trial Procedure**

This matter is not suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

**16.    Scheduling**

July 31, 2026: Last day for expert disclosure and exchange of expert reports;

September 30, 2026: Fact discovery cut-off;

October 31, 2026: Last day to exchange expert rebuttal reports;

*Amended Case Management Statement*                    *Case No: 3:24-cv-06632-SI*

November 30, 2026: Completion of expert discovery;

January 31, 2027: Last day to hear dispositive motions;

March 16, 2027: Pretrial conference statement due and last day to file motions in limine;

March 30, 2027 at 3:30 p.m.: Pretrial conference;

April 12, 2027 – April 16, 2027: Trial

**Defendants' Statement:** Travis proposed phased discovery and plans to renew its dispositive motion after the first phase. He otherwise stipulates to Plaintiff's schedule for expert discovery and trial.

**17.    Trial**

The parties estimate the trial will require approximately five court days. Plaintiff has not requested a jury trial.

**18.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, as of this date, other than the named parties, there are no such interests to report.

**19.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

Not Applicable.

Dated: November 7, 2025                 */s/ Alex Moore*
                                        Counsel for Defendants

*Amended Case Management Statement*                    *Case No: 3:24-cv-06632-SI*

1                          CASE MANAGEMENT ORDER

2 The above CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the

3 Case Management Order for this case and all parties shall comply with its provisions. [In

4 addition, the Court makes the further orders stated below:]

5

6 IT IS SO ORDERED.

7  Dated:

8                               UNITED STATES DISTRICT JUDGE SUSAN ILLSTON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28