WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>          Plaintiff,<br>v.<br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>          Defendants. | Case No.: 3:24-cv-06632-SI<br><br>**DECLARATION OF WILLIAM N. CARLON**<br><br>Honorable Susan Illston |

I, William N. Carlon, declare as follows:

1. I make this declaration based upon personal knowledge, except as to those matters which are stated otherwise. If called, I could, and would, competently testify as follows:

2. I am an attorney licensed to practice in California, admitted to practice before this court, and one of the attorneys of record in this action. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

3. The discovery process has been slow to get started in this case.

4. The parties conducted their initial Rule 26(f) conference on January 22, 2025.

5. The parties explored settlement options for several months, but reached no agreement.

6. On May 27, 2025, Plaintiff propounded its first set of written discovery, including requests for admission, requests for production of documents, interrogatories, a notice of deposition of Defendant Travis Moreda, and an inspection request.

7. Defendants sought, and obtained, an extension to respond to the first set of discovery. (ECF No. 29.)

8. In order to continue exploring the possibility of settlement, the parties agreed to a stay of the case until September 22, 2025, and the Court ordered the stay, further pushing out Defendants' discovery responses. (ECF No. 31.)

9. On September 17, 2025, Defendants sought yet another 60-day extension to respond to the May 27th discovery, and Plaintiff agreed.

10. Defendants' responses to discovery were due November 21, 2025.

11. On November 21, 2025, Defendants served responses to Plaintiff's first set of requests for admission, requests for production of documents, and interrogatories, but did not respond to Plaintiff's inspection request. Defendants' responses included evasive and non-responsive answers, and Defendants did not provide any new documents.

12. On December 3, 2025, Defendants served a response to Plaintiff's request for inspection.

13. On December 3, 2025, Plaintiff provided Defendants with a detailed letter setting forth the inadequacies of Defendants' discovery responses, and sought a meeting to confer about the issues as quickly as possible.

14. Defendants responding by saying that they were not available until the week of December 15, 2025 due to one of the two lead attorneys on the case going on his honeymoon.

15. On December 18, 2025, the parties were able to meet and confer on the discovery issues, and Defendants agreed to provide amended responses, but would not commit to a date certain, instead saying that they were aiming for the first week of January, 2026.

16. Defendants refused to allow an in-person site inspection and the parties are proceeding through the Court's mandated processes for discovery disputes to resolve that issue.

17. Plaintiff provided Defendants with documents bates stamped PLF000001 through PLF000124, including videos and photographs, that support the allegations made in the complaint.

18. Plaintiff will supplement its disclosures as required by the Federal Rules of Civil Procedure.

19. On December 4, 2025, I wrote to Peter Hsiao, counsel for Defendants, to provide Defendants with notice pursuant to Federal Rule 11(c)(2) that unless Defendants withdrew their motion for judgment on the pleadings (ECF No. 50), Plaintiff would move the Court for appropriate sanctions. A true and correct copy of that letter is attached hereto as **Exhibit 1**. The basis for this request was that, after comparing Defendants' motion to dismiss (ECF No. 38) with the motion for judgment on the pleadings (ECF No. 50), it was obvious that Defendants had simply recycled their previously-rejected arguments and repackaged them as a Rule 12(c) motion.

20. Mr. Hsiao responded to my letter via email the next day. Defendants refused to withdraw the motion and further threatened their own sanctions on the same failed bases on

1 which they had brought their motion to dismiss, and the instant motion. A true and correct copy of our email correspondence on this issue is attached hereto as **Exhibit 2**.

    21.    Mr. Hsiao argued that Plaintiff, and the Court, gave Defendants permission to file the duplicative motion. (**Exhibit 2** at pp. 1, 2, 4.)

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed in Napa, California on December 22, 2025.

                                                        By: /s/ Wiliam N. Carlon

                                                         William N. Carlon

# EXHIBIT 1

Law Office of William Carlon<br>
437 Post Street, Napa, CA 94559<br>
william@carlonlaw.com<br>
(530) 514-4115

December 4, 2025

<u>Via Email</u>
Peter Hsiao
Alexander Moore
King & Spalding LLP
amoore@kslaw.com

Re:     **Californians for Alternatives to Toxics v. Travis Moreda Dairy, et al; 3:24-cv-06632-SI; Rule 11(c)(2) Notice of Intent to Seek Sanctions**

Dear Mr. Hsiao:

Pursuant to Federal Rule of Civil Procedure 11(c)(2), this letter serves as notice that unless Defendants withdraw their Motion for Judgment on the Pleadings (ECF No. 50) within 21 days of service of this letter, Plaintiff will move the Court for appropriate sanctions.

While the Court permitted Defendants to bring a Rule 12(c) motion at the Initial Case Management Conference, that permission plainly contemplated the presentation of new legal theories or arguments not already litigated and rejected. Instead, Defendants have used that procedural allowance to relitigate the same Clean Water Act notice and jurisdictional arguments that the Court has already ruled "fail on the merits"—even when it ruled that the initial Rule 12(b) motion was procedurally improper. (ECF No. 44 at 2:2.) This tactic abuses the Court's procedural discretion and undermines the orderly management of the case. It reflects a disregard for the Court's prior ruling and for Rule 11(b)'s requirement that claims and arguments be legally tenable and non-duplicative. Defendants' Rule 12(c) motion is frivolous and objectively unreasonable under Rule 11(b)(1) and (2).

Your current Rule 12(c) motion recycles those same failed arguments nearly verbatim, merely repackaged under a different procedural label. It ignores the Court's prior ruling that rejected the notice argument as a basis for dismissal. Reasserting an already-rejected theory without new facts or law violates Rule 11(b)(2), which prohibits presenting claims unwarranted by existing law or based on frivolous arguments for reversal. *See e.g., Am. Metal Prods., Inc. v. Sheet Metal Workers Int'l Asso., Local 104*, No. C-84-3147 TEH, 1986 U.S. Dist. LEXIS 21026, at *3 (N.D. Cal. Aug. 28, 1986). It also burdens Plaintiff and the Court with the costs of responding to duplicative litigation tactics.

Courts have imposed Rule 11 sanctions for filing successive motions raising arguments already considered and rejected. *See, e.g.*, *Am. Metal Prods., Inc.*; *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003); *St. John v. Kootenai Cty.*, No. 2:22-cv-00074-BLW, 2022 U.S. Dist. LEXIS 217729, at *11 (D. Idaho Dec. 1, 2022).

Peter Hsiao
Alexander Moore
12/4/2025
Page 2

Your conduct appears calculated to harass and delay, and it forces Plaintiff to incur unnecessary legal fees, contrary to Rule 11(b)(1).

Please be advised that, under Local Rule 7-3(a), Plaintiff's opposition to the Motion for Judgment on the Pleadings is due 14 days after the motion's filing—i.e., well *before* the expiration of Rule 11's 21-day safe harbor period. As such, Defendants' frivolous motion forces Plaintiff to incur the very litigation expenses Rule 11 is intended to prevent, even if Defendants later withdraw the motion. If Defendants do not withdraw the motion forthwith, Plaintiff will be forced to proceed with opposition and will seek to recover attorneys' fees and costs in connection with both the opposition and a subsequent Rule 11 motion.

Accordingly, we demand that you withdraw the Motion for Judgment on the Pleadings as soon as possible, and in no case later than 21 days of service of this letter, as required under Rule 11(c)(2)'s safe harbor provision. If you do not, we will seek sanctions, including attorneys' fees incurred in responding to the motion and preparing the Rule 11 filing.

Sincerely,

William N. Carlon

# EXHIBIT 2

Outlook

**Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Defendants' Frivolous 12(c) Motion**

From  William Carlon <william@carlonlaw.com>
Date  Mon 12/8/2025 10:35 AM
To    Peter Hsiao <PHsiao@KSLAW.com>
Cc    William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Alex Moore <AMoore@KSLAW.com>

We disagree with your characterization of the record and maintain our position that the notice and jurisdiction arguments were already considered and rejected by the Court. We also do not agree that CAT made any binding judicial admission or invited error regarding the substance of Defendants' Rule 12(c) motion. However, rather than belabor those issues further by email, we will let the briefing and the record speak for themselves.

With respect to the schedule, while we continue to believe your proposal is inequitable and does not account for the professional courtesy of our previously disclosed holiday and family commitments, CAT will agree to proceed on the schedule you propose in order to avoid further dispute. Please prepare the stipulation.

**From:** Peter Hsiao <PHsiao@KSLAW.com>
**Sent:** Monday, December 8, 2025 9:44 AM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Alex Moore <AMoore@KSLAW.com>
**Subject:** RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Defendants' Frivolous 12(c) Motion

Context is important here.   At the case management conference, my colleague Alex Moore discussed the facts and holding of the Ninth Circuit's decision in *Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009).  This case is directly on point regarding the problems in CAT's notice of violation under the Clean Water Act.  The Court asked CAT to respond.  CAT stated Travis could file a Rule 12(c) motion. The Court agreed and asked Travis to file the motion be filed as soon as possible.   The *Ctr. For Biological Diversity* case is discussed in the motion.   Travis and the Court relied upon CATs consent to file the motion.   CAT is bound by its judicial admissions and the doctrine of invited purported error.

Regarding the briefing schedule, CAT's opposition brief is currently due on December 17.   We propose CAT be given an extra week to file its opposition and everyone will go on vacation for the holidays.   When we return, Travis will have one week to file his reply, the same period of time provided in the Rules without extension.    That is, CAT will get extra time to file its brief and Travis will not.  Please let us know if this is acceptable.

Best regards,

Peter

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Friday, December 5, 2025 4:15 PM
**To:** Peter Hsiao <PHsiao@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Alex Moore <AMoore@KSLAW.com>
**Subject:** Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Defendants' Frivolous 12(c) Motion

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

The Court's order states "Furthermore, defendants' arguments fail on the merits." (ECF No. 44 at 2:2.) One of the arguments that Defendants made was that Plaintiff's notice was inadequate. (ECF No. 38 at 16-18.) Therefore, the Court considered that argument, and rejected it. The limitation on the contents of the Rule 12(c) motion are imposed by the Federal Rules of Civil Procedure and common sense, and did not need to be explicitly articulated by either Plaintiff or the Court in order to apply.

On the schedule, your proposal is inequitable. Defendants seek to extend their own deadline by more than two weeks while giving Plaintiff a one-week extension that ends on Christmas eve. My child's school breaks for the winter holidays on December 22nd, which effectively means I will have to complete the opposition by December 18th (I have an out-of-office site inspection on the 19th) amounting to a one-day extension. If deadlines are moving to accommodate the holidays, they need to move for both sides on comparable terms.

Plaintiff's proposal—opposition January 14, reply January 28, hearing in mid-February—complies with the deputy's guidance and gives both parties post-holiday time to brief the motion while still providing the Court ample time for review. I'm open to other January dates, but I cannot agree to a schedule that pushes only Defendants' deadline out of the holiday period while leaving Plaintiff to work through it.

**From:** Peter Hsiao <PHsiao@KSLAW.com>
**Sent:** Friday, December 5, 2025 3:42 PM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Alex Moore <AMoore@KSLAW.com>
**Subject:** RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Defendants' Frivolous 12(c) Motion

Again, the facts are different than stated in your email below.   The Court's prior order did not consider and reject the arguments about the notice of violation.   There was no limitation on the contents of the Rule 12(c) motion either by CAT or the Court.   The record will establish this fact.

Our proposed schedule complies with the Court's direction.   Your work on your opposition will be completed before the holidays.   Our work on our reply will be completed after the holidays.  The Court and its staff will have two weeks or more after the reply to consider the motion and prepare for a hearing, if any is required.  None of the parties or the Court or its staff will be working during the holidays.

Best regards,

Peter

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Friday, December 5, 2025 2:40 PM
**To:** Peter Hsiao <PHsiao@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Alex Moore <AMoore@KSLAW.com>
**Subject:** Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Defendants' Frivolous 12(c) Motion

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Peter,

First, I note that you do not dispute that the Rule 12(c) motion simply reiterates the same notice and jurisdiction arguments the Court already rejected. The Court's permission at the case management conference to file a Rule 12(c) motion plainly did not invite a second round of briefing on arguments it had already considered and rejected; Plaintiff reasonably understood that any renewed motion would be based on new legal grounds. As it stands, the motion is just a second bite at the same apple, which is the concern I raised in my prior letter.

Second, your Rule 11 threat is difficult to reconcile with the procedural history of this case. The supposed defect you identify is the same argument Defendants raised in their motion to dismiss, which the Court rejected on the merits. It is unclear how Defendants can maintain that the complaint was sanctionably improper when the Court has already determined that your underlying notice and jurisdiction theories fail. Nothing about Plaintiff's filing of the complaint or subsequent conduct comes close to violating Rule 11.

Third, with respect to the schedule, your proposal conflicts with the guidance we received from the Courtroom Deputy. As you know, Defendants' reply is currently due December 24, and the deputy specifically asked the parties to stipulate to a new briefing schedule so that no one—including the Court, chambers staff, and counsel—would have to work over the holidays. Any stipulation we submit needs to move the deadlines out of the holiday period consistent with that instruction.

I'm happy to consider alternative dates that comply with the deputy's guidance and avoid having briefs due over the holidays. Please send a revised proposal and I'll take a look.

Best,
Will

---

**From:** Peter Hsiao <PHsiao@KSLAW.com>
**Sent:** Friday, December 5, 2025 2:11 PM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Alex Moore <AMoore@KSLAW.com>
**Subject:** RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Defendants' Frivolous 12(c) Motion

Responding to your sanctions threat, we think you are mistaken regarding the facts.   At the Case Management Conference on November 14, 2025, CAT consented to the filing of the subject Rule 12(c) motion, without preconditions regarding the content of the motion.   CAT further stated the motion could be filed and heard simultaneously with the conduct of discovery.   The Court responded by agreeing Travis could file the Rule 12(c) motion, without preconditions, and requested the motion be filed as soon as possible.   We understand there is a Zoom recording of CAT's consent and the Court's permission.   We suggest you review that recording to confirm these facts.

Based on our understanding of the facts, we believe the motion is proper and complies with all applicable rules.   We decline your request to withdraw it.

Fundamentally, the issue raised by the motion is CAT's absence of any evidence, and lack of probable cause to comply with the notice of violation requirements, and correspondingly, to certify its complaint under Rule 11.   Accordingly, Travis requests that CAT dismiss its complaint within 21 days of this notice under the same provisions you cite in your letter.   If CAT withdraws its claims with finality per our prior proposal and dismisses its case, we will recommend to Travis that he forgo his damages claims against CAT.

These damages were incurred because CAT was actively involved in bringing or continuing the lawsuit, that no reasonable person in CAT's circumstances would have believed that there were reasonable grounds to bring the lawsuit against Travis, that CAT acted primarily for a purpose other than succeeding on the merits of the claim, where CAT does not dispute the improvements and the effectiveness of the improvements at the property that were approved by the Water Board; that Travis was harmed and that CAT's conduct was a substantial factor in causing the harm.

If CAT does not dismiss its complaint, we propose CAT files its opposition brief before December 24.   We file our reply brief on January 8, with the hearing to follow at the earliest convenient date for the Court, that is two weeks or later following the filing of our reply.   Please let us know if this is acceptable, and if so, please draft a stipulation for our review and comment.

Best regards,

Peter

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Thursday, December 4, 2025 10:44 AM
**To:** Peter Hsiao <PHsiao@KSLAW.com>; Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>
**Subject:** Californians for Alternatives to Toxics v. Travis Moreda Dairy; Defendants' Frivolous 12(c) Motion

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Dear Mr. Hsiao,

Please see attached my correspondence of today's date.

To comply with the Courtroom Deputy's direction, and to allow Defendants time to withdraw their motion within the 21-day safe harbor without Plaintiff having to incur mandatory expenses associated with drafting an opposition in that time, Plaintiff proposes the following briefing and hearing schedule:

Plaintiff's opposition due January 14, 2026;

Defendants' reply due January 28, 2026; and,

Hearing on February 13, 2026.

If this is amenable to Defendants, please prepare a stipulation to that effect for our review.

Thank you,

William Carlon

Law Office of William Carlon

437 Post Street

Napa, CA 94559

(530) 514-4115

PRIVILEGE AND CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law as attorney client and work-product confidential or otherwise confidential communications. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or other use of a transmission received in error is strictly prohibited.

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.