1  PETER HSIAO (Bar No. 119881)
   *phsiao@kslaw.com*
2  ALEXANDER MOORE (Bar No. 340994)
   *amoore@kslaw.com*
3  **KING & SPALDING LLP**
   50 California Street, Suite 3300
4  San Francisco, CA 94111
   Telephone:    +1 415 318-1200
5  Facsimile:    +1 415 318 1300

6
   *Attorneys for Defendants*
7  TRAVIS MOREDA DAIRY and TRAVIS
   MOREDA
8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | CALIFORNIANS FOR ALTERNATIVES TO | Case No. 3:24-CV-06632-SI |
13 | TOXICS, | |
   | | **DECLARATION OF ALEXANDER** |
14 | Plaintiff, | **MOORE IN SUPPORT OF** |
   | | **DEFENDANTS' REPLY BRIEF FOR** |
15 | vs. | **MOTION FOR JUDGMENT ON THE** |
   | | **PLEADINGS** |
16 | TRAVIS MOREDA DAIRY and TRAVIS | |
   | MOREDA, | Date:         January 23, 2026 |
17 | | Time:         10:00 a.m. |
   | Defendants. | Courtroom 1, 17th Floor |
18 | | |
   | | *[Filed concurrently with Reply Brief]* |
19 | | |
20 | | *Assigned for all purposes to the Honorable Susan Illston* |

21

22

23

24

25

26

27

28

DECLARATION OF ALEXANDER MOORE                                    CASE NO. 3:24-CV-06632-SI

## DECLARATION OF ALEXANDER MOORE

I, Alexander Moore, declare and state as follows:

1. I am an associate at King & Spalding LLP and am licensed to practice law in the State of California. I represent Travis Moreda and Travis Moreda Dairy (collectively, "Travis") in the above-captioned matter. I have personal knowledge of the facts set forth herein, and if called as a witness I could and would competently testify thereto.

2. Attached as **Exhibit A** is a true and correct copy of the Transcript of the Proceedings of the Official Electronic Sound Recording for the initial Case Management Conference in the above-captioned matter, dated November 14, 2025.

3. Attached as **Exhibits B**, **C**, and **D** are true and correct copies of Travis' Responses to Plaintiff's Interrogatories, Set One, Travis' Responses to Plaintiff's Requests for Admissions, Set One, and Travis' Responses to Plaintiff's Requests for Production, Set One, respectively, each served on November 21, 2025.

4. On November 24, 2025, Plaintiff requested Travis' deposition be set the week of December 8, 2025. On November 25, 2025, Travis suggested December 10, 2025. Plaintiff declined to proceed with the deposition, stating Travis "refused to produce any additional documents other than those already produced" and that Plaintiff would "put this scheduling discussion on hold." Travis had already produced his responsive documents at an earlier stage of the case as part of his Federal Rule of Civil Procedure Rule 26 disclosures.

5. Travis offered January 5, 6, or 9, 2026 for his deposition. Plaintiff did not accept.

6. Travis also met and conferred regarding the state agency directions preventing an inspection of his dairy for health and safety reasons. Attached as **Exhibit E** is a true and correct copy of Travis' Objections and Response to Plaintiff's Request for Wet Weather Inspections of Land and Property, served December 3, 2025.

7. Attached as **Exhibit F** is a true and correct copy of email correspondence documenting these meet and confer efforts, dated between November 24, 2025, and December 18, 2025.

I declare under penalty of perjury under the laws of the United States of America that the

1

1 | foregoing is true and correct.

2 |     Executed this 9th day of January 2026, in Oakland, California.

_____
Alexander Moore