# EXHIBIT A

1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3          Before The Honorable Susan Illston, District Judge

4

5    CALIFORNIANS FOR ALTERNATIVES )
     TO TOXICS,                    )
6                                  )
              Plaintiff,           )
7                                  )
     vs.                           )   No. C 24-06632-SI
8                                  )
     TRAVIS MOREDA DAIRY, et al.,  )
9                                  )
              Defendants.          )
10   _____)

11

12                               San Francisco, California
                                 Friday, November 14, 2025

13

       TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
14             RECORDING 2:47 - 2:58 = 11 MINUTES

15

     APPEARANCES:
16

     For Plaintiff:
17                               Klamath Environmental Law
                                   Center
18                               1125 Sixteenth Street
                                 Suite 204
19                               Arcata, California 95521
                             BY: WILLIAM L. VERICK, ESQ.
20
     For Defendants:
21                               King & Spalding LLP
                                 50 California Street
22                               Suite 3300
                                 San Francisco, California
23                                 94111
                             BY: ALEXANDER MOORE, ESQ.
24
              (APPEARANCES CONTINUED ON THE NEXT PAGE.)
25

2

1 | For Defendants:

2 |                         King & Spalding LLP
   |                         633 W 5th Street
   |                         #1600
3 |                         Los Angeles, California 90071
   |                    BY:  PETER HSIAO, ESQ.

4 |
   | Transcribed by:        Echo Reporting, Inc.
5 |                         Contracted Court Reporter/
   |                         Transcriber
6 |                         echoreporting@yahoo.com

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

3

1  Friday, November 14, 2025                                    2:47 p.m.

2                        P-R-O-C-E-E-D-I-N-G-S

3                            --oOo--

4        THE CLERK:  Now calling civil matter 24-CV-6632,

5  Californians for Alternative to Toxics versus Travis Moreda

6  Dairy, et al.

7     Counsel, please state your appearances for the record,

8  starting with Plaintiffs.

9        MR. VERICK (via Zoom):  William Verick for

10  Plaintiff Californians for Alternatives to Toxics.

11        THE COURT:  Good afternoon.

12        MR. VERICK:  Good afternoon.

13        MR. MOORE (via Zoom):  Good afternoon, your Honor.

14  Alex Moore for Defendants Travis Moreda and Travis Moreda

15  Dairy.  I'm joined by my partner Peter Hsiao.

16        THE COURT:  Good afternoon.

17     I'm just looking at your statement.  Discovery is open,

18  period.

19     Now remind me what your argument is that I have no

20  subject matter jurisdiction, Mr. Moore?

21        MR. MOORE:  Yes, your Honor.

22     So under the Clean Water Act, Plaintiff was required to

23  file a notice 60 days before filing a lawsuit that provided

24  adequate notice of the violation and the timing of the

25  violation, the nature of the violation.  A number of details

4

1  are required under the Clean Water Act.  The Ninth Circuit

2  has said as much in its case, Center for Biological

3  Diversity vs. Marina Point Development Company.  And there

4  it's a very, very similar case in which a product sponsor

5  piled dirt next to a lake.  A -- the Center for Biological

6  Diversity filed a notice or sent a notice to the product

7  sponsor saying that this was a violation of the Clean Water

8  Act because when it rains, some of that dirt might flow into

9  a nearby lake.  And the Ninth Circuit unequivocally said

10 that isn't enough.  That isn't notice.  And that's exactly

11 what we have here in this case.  Plaintiff is saying, "You

12 discharge pollutants when it rains," and that can't be

13 enough to meet this notice requirements because that would

14 essentially eviscerate the requirement itself, and Plaintiff

15 would be able to sue anyone at any time for any issue

16 without evidence.

17          THE COURT:  Mr. Verick?

18          MR. VERICK:  Well, if they have that argument,

19 they could make that argument on a motion to dismiss.  They

20 filed a motion to dismiss -- I guess it would be called a

21 motion for judgment on the pleadings, but --

22          THE COURT:  It should have been, but it wasn't.

23 It was called a motion to dismiss.

24          MR. VERICK:  Right.  But you sort of treated it

25 the same way.

5

1        And they could file a motion for judgment on the

2   pleadings, and we can brief that issue if that's what they

3   want to do.  The notice letter is the notice letter, and

4   there wouldn't be any need for a discovery or anything else.

5            THE COURT:  All right.  Is that what you want to

6   do then, Mr. Moore?  Should we just brief that up?

7            MR. MOORE:  Well, yes, your Honor.  We intend to

8   essentially follow your lead in the order that you sent us,

9   which would be to do three things.  We will respond to

10  Plaintiff's discovery -- written discovery, their rogs,

11  their RFPs, their RFAs.

12           THE COURT:  Well, he just said he doesn't need --

13  he thinks that the issue you've raised can be decided

14  without discovery.  Is that what you said, Mr. Verick?

15           MR. VERICK:  Yes.  It can be decided while

16  discovery continues.  I mean, we file -- we served our

17  discovery requests in May, and they've been -- they were

18  stayed for three months after we had a settlement

19  conference.  And so we would -- I mean --

20           THE COURT:  What would you --

21           MR. VERICK:  -- the most important -- the most

22  important thing for us in terms of discovery is that we get

23  to do a site visit during the wet season when it's actually

24  raining.  And if we don't get that during the winter, then

25  we won't be able to do this -- we won't be able to do

6

1  anything dispositive in this case, including motions for

2  summary judgment, until after another winter passes.  So

3  it's imperative for us to be able to get onto the site

4  during a rainy or at least one or two rain events and

5  perhaps a dry season one, which could be done during the

6  summer no problem.  But that is what -- we need to do that

7  in that order in order to be able to effectively prosecute

8  this case and get it to trial before the end of next winter.

9  So if they want to file a motion to dismiss based on their

10 alleged inadequacy of the notice letter, that can go on

11 while discovery proceeds.

12          THE COURT:  All right.  Well then if that's what

13 Plaintiff says, then you may file that motion, Mr. Moore.

14          MR. MOORE:  Understood, your Honor.

15          THE COURT:  And if you could do it sooner rather

16 than later.

17          MR. MOORE:  Understood.  Thank you.  I do have --

18          THE COURT:  It's not -- discovery is not closed,

19 and I am directing you to allow the inspection of the

20 property during the -- after one or two rain events as

21 requested by Plaintiff.  We don't unfortunately control when

22 the rain events will happen.  We're working on that, but we

23 don't do that yet, so you're going to have to work that out.

24 But after you've had what you view to be the adequate rain

25 events, then there should be an inspection, so we don't need

7

1  to put this stuff off any longer than we have to.

2          MR. MOORE:  Understood, your Honor.  I just have

3  two points on that.

4      The first, and we can breeze by this pretty quickly,

5  they've had two inspections.  They flew a drone over the

6  property before the lawsuit was filed and again before their

7  opposition to our motion was due.  They haven't found

8  anything.

9          THE COURT:  Well, I imagine a drone is different

10 from what you're talking about, isn't it, Mr. Verick?

11         MR. VERICK:  Yes, very definitely is.

12         THE COURT:  I mean, I have envisioned people with

13 things pointing into the ground and that sort of thing.

14         MR. MOORE:  Understood.

15     And the second larger issue -- and this is something

16 that we can meet and confer with Mr. Verick about -- is that

17 there is currently an endemic of bird flu in Sonoma County,

18 and the California Department of Food and Agriculture has

19 ordered dairies to limit access to essential personnel at

20 this point to prevent the spread of the flu.

21         MR. VERICK:  We will be happy to -- if the need

22 be, we would be happy to work out some kind of a stipulation

23 for a protective order.

24     After reading the exhibit that we got this afternoon

25 that you sent out, it occurred to me that, you know, for

8

1  $15, you can buy a brand new, never open to the air Tyvek

2  suit that we could put -- we could all put those on, which

3  include booties and the whole bit, wear gloves.  We could do

4  that, and we would be willing to do that to accommodate you

5  on that issue.

6          THE COURT:  All right.  Well, I leave it to you

7  two to be -- you three to work something reasonable out.  If

8  you need me to help you, I will, but I would think that some

9  combination of cooperation and suits would be able to deal

10 with the issue, so that you could get the inspection of the

11 property after one or two rain events.  So let me know if

12 you can't work that out.  I would expect you can, and I

13 would expect you to.

14     Now, what I wanted to do today was get a plan for the

15 balance of the case.  I think rather I will get a plan for -

16 - until next steps.  So, Mr. Moore, if you're going to move

17 to do -- to say the notice was inadequate as a terminal

18 matter, why, make your motion, and we'll deal with it.

19 Discovery is not closed, however, and you should do what you

20 need to do.  To the extent that the rainy season actually

21 has started and continues, why, then do your inspection.

22     And I think we should come back in, say, four to five

23 months time, find out where we stand, and then make plans

24 for that.

25          Is -- if there is a trial, is it a jury trial or a

9

1 court trial?

2          MR. MOORE:  Court trial, your Honor.

3          THE COURT:  Is it -- is that right, Mr. Verick?

4          MR. MOORE:  That's fine with us.

5          THE COURT:  Okay.  Well, some -- I don't know what

6 the statute says.  But, anyway -- all right.  We'll have a

7 court trial.  And we can set it after the next -- at the

8 next setting -- at the next status.

9      So, Esther, I think we should come back -- how about in

10 April?  And -- I mean, if Mr. Moore is persuasive in his

11 motion, maybe we won't come back.  But assuming that we get

12 past that, like what date in April would be good, Esther?

13          THE CLERK:  April 17.

14          MR. VERICK:  That would work for us.

15          MR. MOORE:  Likewise.

16          THE COURT:  Okay.  So we'll come back on Friday,

17 April 17th.  It'll be at 3:00 in the afternoon, unless we

18 notify you that it would be earlier than that in the day,

19 depending on how our calendars go.  And we will talk about

20 how you have done with things, and we will set such schedule

21 as is required later.

22      Now, how did you leave it with Judge Kang?

23          MR. VERICK:  We were -- I think we were supposed

24 to -- aren't we supposed to contact him once discovery

25 reopened?  I can't remember.

10

1    THE COURT:  Well, this says, "He offered a further

2    conference pending Defendant Travis Moreda's deposition."

3    MR. MOORE:  That's correct.

4    THE COURT:  So have you got -- you haven't got

5    that yet, or have you?

6    MR. VERICK:  We haven't.

7    THE COURT:  Okay.  Well, I would urge that that be

8    among the other things you do right away is get that

9    completed, and then contact him again to see if there's

10   anything further that he can arrange for you.

11      Other than that, I will see you in April.

12   MR. VERICK:  Thank you, your Honor.

13   THE COURT:  Anything else --

14   MR. MOORE:  Thank you, your Honor.

15   THE COURT:  No.  Okay.  Thank you.

16   (Proceedings adjourned at 2:58 p.m.)

17

18

19

20

21

22

23

24

25

11

CERTIFICATE OF TRANSCRIBER

1

2

3    I certify that the foregoing is a true and correct

4  transcript, to the best of my ability, of the above pages of

5  the official electronic sound recording provided to me by

6  the U.S. District Court, Northern District of California, of

7  the proceedings taken on the date and time previously stated

8  in the above matter.

9    I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken; and, further, that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14

15

16

17    Echo Reporting, Inc., Transcriber

18      Tuesday, December 23, 2025

19

20

21

22

23

24

25