# EXHIBIT B

1

PETER HSIAO (Bar No. 119881)
*phsiao@kslaw.com*

2

ALEXANDER MOORE (Bar No. 340994)
*amoore@kslaw.com*

3

**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600

4

Los Angeles, CA 90071
Telephone:    +1 213 443 4355

5

Facsimile:    +1 213 443 4310

6

*Attorneys for Defendants*

7

TRAVIS MOREDA DAIRY and TRAVIS MOREDA

8

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

12

CALIFORNIANS FOR ALTERNATIVES TO
TOXICS,

13

14

                    Plaintiff,

15

            vs.

16

TRAVIS MOREDA DAIRY and TRAVIS
MOREDA,

17

                    Defendants.

18

19

20

21

Case No.  3:24-CV-06632-SI

[Assigned for All Purposes to the Honorable
Susan Illston, Department 1]

**DEFENDANTS' RESPONSES TO
PLAINTIFF'S INTERROGATORIES,
SET ONE**

Complaint Filed:    September 20, 2024

22

**PROPOUNDING PARTY: Plaintiff CALIFORNIANS FOR ALTERNATIVES TO
TOXICS**

23

24

**RESPONDING PARTIES: Defendants TRAVIS MOREDA DAIRY and TRAVIS
MOREDA**

25

26

**SET NUMBER: ONE**

27

28

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA ("Travis"), hereby submit these objections and responses to the Interrogatories, Set One, of CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

Nothing in this response should be construed as an admission by Travis with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiff's Requests for Interrogatories, Set One. Travis has not fully completed his discovery and investigation of the facts relating to this case and has not completed preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Travis. Travis responds based only on those contentions and information which are presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Travis' right to produce evidence at trial, or otherwise, regarding any subsequently discovered facts or information. Travis reserves the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY each National Pollutant Discharge Elimination System ("NPDES") permit, including general or individual coverage, held by YOU at any time since July 11, 2019, for the FACILITY, and describe the scope of coverage, effective dates, and permit numbers.

### RESPONSE TO INTERROGATORY NO. 1:

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further

1

1  objects that this Interrogatory, including but not limited to its stated time period, is overbroad,

2  unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to the use

3  of the terms "scope of coverage," "effective dates," and "permit numbers" as vague and ambiguous.

4      Subject to and without waiving the foregoing objections, Travis responds as follows: Per

5  the requirements of the San Francisco Bay Regional Water Quality Control Board, Travis is

6  covered by a general permit under the terms of Order No. R2-2016-0031.  Travis does not discharge

7  nor intend to discharge to surface water and therefore is not required to obtain coverage under an

8  NPDES permit.

9  **INTERROGATORY NO. 2:**

10      State the total number of mature dairy cows, calves, and any other livestock confined at the

11  FACILITY at any time from July 11, 2019, to the present, including the duration of confinement

12  and whether any crops, vegetation, or forage were sustained in the areas of confinement during that

13  time.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15      Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further

16  objects that this Interrogatory, including but not limited to its stated time period, is overbroad,

17  unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to this

18  Interrogatory as compound, as it includes multiple separate inquiries that should be broken down

19  into distinct interrogatories.  Travis further objects to the use of the terms "crops," "vegetation,"

20  "forage," "sustained," and "areas of confinement" as vague and ambiguous.

21      Subject to and without waiving the foregoing objections, Travis responds as follows: The

22  total number of mature dairy cows, calves, and any other livestock confined is approximately 50–

23  120. Duration varies based on seasonal factors, however mature cows are only confined for

24  approximately 58% of the time, calves are only housed for approximately two months. Vegetation

25  is sustained.

26  **INTERROGATORY NO. 3:**

27      DESCRIBE all DISCHARGES of POLLUTANTS, including but not limited to

28  STORMWATER containing POLLUTANTS, manure, process wastewater, and washwater, from

RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES, SET ONE

the FACILITY from July 11, 2019, to the present, including the date, nature, volume, duration, and receiving waterbody of each DISCHARGE.

**RESPONSE TO INTERROGATORY NO. 3:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects to the stated time period as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to the use of the terms "process wastewater" and "washwater" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis does not discharge to jurisdictional waters.  Water from his dairy is captured by his existing water management and retention systems and applied to land in accordance with his Nutrient Management Plan and in compliance with Order No.  R2-2016-0031.

**INTERROGATORY NO. 4:**

IDENTIFY and DESCRIBE all structures and systems at the FACILITY used to manage or store manure, process wastewater, and STORMWATER runoff, including the size, design capacity, and operational procedures for each system, and the date each system was installed.

**RESPONSE TO INTERROGATORY NO. 4:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that documents sufficient to respond to this Interrogatory are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action. Travis further objects to the use of the terms "structures and systems," "design capacity," "operational procedures," and "installed" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: See Travis' Waste Management and Nutrient Management Plans, previously produced as TMD_000001–000125.

**INTERROGATORY NO. 5:**

IDENTIFY all incidents since July 11, 2019, where any retention basin, lagoon, or other

manure or wastewater storage structure at the FACILITY exceeded its storage capacity or DISCHARGED material to surface waters, including the date, duration, and estimated volume of any such overflow or DISCHARGE.

**RESPONSE TO INTERROGATORY NO. 5:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects to the stated time period as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to the use of the terms "incidents," "wastewater storage structure," "material," and "overflow" as vague and ambiguous.  Travis further objects that documents sufficient to respond to this Request are equally available to or already in the possession, custody or control of Plaintiff.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis does not discharge to jurisdictional waters.  Water from his dairy is captured by his existing water management and retention systems and applied to land in accordance with his Nutrient Management Plan.

**INTERROGATORY NO. 6:**

DESCRIBE the methods and timing used to apply liquid or solid manure to land at or near the FACILITY since July 11, 2019, including the fields involved, the quantities applied, application rates, and whether any applications occurred within 48 hours before, during, or after a precipitation event.

**RESPONSE TO INTERROGATORY NO. 6:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Interrogatory, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that documents sufficient to respond to this Interrogatory are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action. Travis further objects to the use of the terms "structures and systems," "design capacity," "operational procedures," and "installed" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: See

Travis' Waste Management and Nutrient Management Plans, previously produced as TMD_000001–000125.

**INTERROGATORY NO. 7:**

DESCRIBE the FACILITY'S practices, procedures, or infrastructure for preventing surface water from coming into direct contact with confined animals, manure stockpiles, or other POLLUTANT sources.

**RESPONSE TO INTERROGATORY NO. 7:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that documents sufficient to respond to this Interrogatory are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action. Travis further objects to the use of the terms "practices," "procedures," and "infrastructure," as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: See Travis' Waste Management and Nutrient Management Plans, previously produced as TMD_000001–000125.

**INTERROGATORY NO. 8:**

State whether YOU have ever applied for coverage under the Industrial General Permit (Order No. 2014-0057-DWQ as amended), and if not, explain why.

**RESPONSE TO INTERROGATORY NO. 8:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to this Interrogatory as compound, as it includes multiple separate inquiries that should be broken down into distinct Interrogatories.

Subject to and without waiving the foregoing objections, Travis responds as follows: Per the requirements of the San Francisco Bay Regional Water Quality Control Board, Travis filed a Notice of Intent for Re-opening of Dormant Confined Animal Facilities to comply with the terms of Order No. R2-2016-0031.  The Industrial General Permit does not cover dairies and is not

required for dairy operations.

**INTERROGATORY NO. 9:**

DESCRIBE all STORMWATER or wastewater sampling, monitoring, or testing conducted at or in connection with the FACILITY from July 11, 2019, to the present, including the dates, parameters tested, sampling locations, and test results.

**RESPONSE TO INTERROGATORY NO. 9:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that documents sufficient to respond to this Interrogatory are equally available to or already in the possession, custody or control of Plaintiff.  Travis further objects to the stated time period as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to the use of the terms "sampling," "monitoring," "testing," and "parameters tested" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis' dairy is monitored by a third party in compliance with the Regional Water Board's Order R2-2016-0031.  Results are reported directly to the Regional Water Board as part of its verification of Travis' compliance with the Clean Water Act.

**INTERROGATORY NO. 10:**

IDENTIFY all documents, that constitute, summarize, DESCRIBE, relate to or refer to reports of laboratory analysis of STORMWATER or wastewater samples collected at or in connection with the FACILITY from July 11, 2019 to the present.

**RESPONSE TO INTERROGATORY NO. 10:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that documents sufficient to respond to this Interrogatory are equally available to or already in the possession, custody or control of Plaintiff.  Travis further objects to the stated time period as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to the use of the terms "reports" and "laboratory analysis" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis' dairy is monitored by a third party in compliance with the Regional Water Board's Order

R2-2016-0031.  Results are reported directly to the Regional Water Board as part of its verification of Travis' compliance with the Clean Water Act.

**INTERROGATORY NO. 11:**

IDENTIFY each person with knowledge of the FACILITY'S manure management, STORMWATER management, or wastewater handling practices from July 11, 2019, to the present, and state the nature of their knowledge.

**RESPONSE TO INTERROGATORY NO. 11:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Interrogatory, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to the extent this Request seeks premature expert discovery, testimony or opinion. Travis further objects to this Interrogatory as compound, as it includes multiple separate inquiries that should be broken down into distinct Interrogatories.  Travis further objects to the use of the term "wastewater handling practices" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis Moreda, Stephanie Moreda-Arend, and various employees.  Additional persons include Travis' experts, who will be disclosed at the appropriate time during the expert discovery phase of this action.

**INTERROGATORY NO. 12:**

IDENTIFY each water body located on or downstream of the FACILITY that DEFENDANTS contend is not a "water of the United States" within the meaning of the CLEAN WATER ACT, including the basis for that contention and any evidence supporting it.

**RESPONSE TO INTERROGATORY NO. 12:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to this Interrogatory as compound, as it includes multiple separate inquiries that should be broken down into distinct Interrogatories.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis

does not discharge to jurisdictional waters of the United States as defined by law, including but not limited to the ruling of *Sackett v. Environmental Protection Agency*, 581 U.S. 651 (2023) and EPA and USACE's proposed rule redefining "waters of the United States" following this ruling.

**INTERROGATORY NO. 13:**

DESCRIBE all efforts undertaken by DEFENDANTS since July 11, 2019, to determine whether the FACILITY is required to obtain NPDES permit coverage, including any communications with the STATE BOARD, REGIONAL BOARD, or EPA.

**RESPONSE TO INTERROGATORY NO. 13:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Interrogatory, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has reviewed the applicable requirements and obtained advice from experts and counsel.  Per the requirements of the San Francisco Bay Regional Water Quality Control Board, Travis is covered by a general permit under the terms of Order No. R2-2016-0031.  Travis does not discharge nor intend to discharge to surface water and therefore is not required to obtain coverage under an NPDES permit.

**INTERROGATORY NO. 14:**

IDENTIFY and DESCRIBE with specificity all modifications made to the FACILITY's liquid waste storage or conveyance system during the RELEVANT TIME PERIOD, including but not limited to any modifications to increase the capacity of lagoons, retention basins, or other liquid waste containment structures, or to alter the means by which liquid waste is transported between areas where it is generated and where it is stored. For each such modification, state:

a. The date construction commenced and the date it was completed;

b. The nature and purpose of the modification;

c. The identity of the PERSON(S) or ENTITY(IES) who designed, constructed, or oversaw the modification;

d. The engineering basis or design standard for the modification (e.g., 25-year, 24-hour storm event capacity); and

e. Whether any such modification was submitted to, reviewed, or approved by any governmental agency, and if so, identify the agency and the date and nature of such submission, review, or approval.

**RESPONSE TO INTERROGATORY NO. 14:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that this Interrogatory seeks confidential information, including trade secrets, in the absence of a protective order.  Travis further objects to this Interrogatory as compound, as it includes multiple separate inquiries that should be broken down into distinct Interrogatories.  Travis further objects to the use of the terms "modification," "liquid waste containment structures," and "engineering basis or design standard" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: See the documents already produced in this action, including Travis' list and photographs of improvements (TMD_000126; TMD_000145) and the Confined Animal Facility Compliance Inspection Report by the San Francisco Bay Regional Water Quality Control Board dated November 1, 2024 (TMD_000129).  See also Travis' motion to dismiss and supporting exhibits. (ECF Nos. 38 through 38-3.) Travis continuously implements improvements at his Dairy in compliance with the Water Act, both before and after Plaintiff's purported Notice of Violations.

**INTERROGATORY NO. 15:**

IDENTIFY the person most knowledgeable about any modifications made to the FACILITY's liquid waste storage or conveyance system during the RELEVANT TIME PERIOD, including but not limited to any modifications to increase the capacity of lagoons, retention basins, or other liquid waste containment structures, or to alter the means by which liquid waste is transported between areas where it is generated and where it is stored.

**RESPONSE TO INTERROGATORY NO. 15:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further

objects that this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to this Interrogatory as compound, as it includes multiple separate inquiries that should be broken down into distinct Interrogatories.  Travis further objects to the use of the undefined terms "RELEVANT TIME PERIOD," "modification," and "liquid waste containment structures" as vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Travis responds as follows: Travis Moreda.

Dated: November 21, 2025                                **KING & SPALDING LLP**

By: _____

Alexander Moore
*Attorneys for Defendants*
*Travis Moreda Dairy and Travis Moreda*

## <u>VERIFICATION</u>

I, Travis Moreda, declare as follows:

I am a defendant in this action and the sole proprietor of Travis Moreda Dairy. I have read Defendants' Responses to Plaintiff's Interrogatories, Set One and am informed and believe that the facts and matters stated therein are true, and on that ground, allege that those facts and matters are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of November 2025 in Petaluma, California.

By: _____
Travis Moreda

1

**PROOF OF SERVICE**

2

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed by the law firm of King & Spalding LLP.  My business address is 621 Capitol Mall, Suite 1500, Sacramento, CA 95814.

3

4

On the date specified below, I served the within:

5

**DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE**

6

7

on the parties in this proceeding, as addressed below, by causing true copies thereof to be distributed as follows:

8

9

Law Office of William Carlon
437 Post Street
Napa, CA 94559

10

william@carlonlaw.com; wverick@igc.org; brian@brianacree.com; dhwill7@gmail.com

11

[X]    BY MAIL: I am readily familiar with the business practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California, and placed for collection and mailing following ordinary business practices.

12

13

14

15

[ X ]    BY ELECTRONIC MAIL:  by transmitting the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

16

17

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

Executed on November 21, 2025, at Sacramento, California.

20

21

_____
Kendra Ford

22

23

24

25

26

27

28

RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES, SET ONE