# EXHIBIT C

PETER HSIAO (Bar No. 119881)
phsiao@kslaw.com
ALEXANDER MOORE (Bar No. 340994)
amoore@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   +1 213 443 4355
Facsimile:    +1 213 443 4310

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>Defendants. | Case No.  3:24-CV-06632-SI<br><br>[Assigned for All Purposes to the Honorable Susan Illston, Department 1]<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE**<br><br>Complaint Filed:    September 20, 2024 |

**PROPOUNDING PARTY: Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS**

**RESPONDING PARTIES: Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA**

**SET NUMBER: ONE**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA ("Travis"), hereby submit these responses and objections to the Requests for Admission, Set One, of CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff"), as follows:

**PRELIMINARY STATEMENT**

Travis has not fully completed his discovery and investigation of the facts relating to this case and has not completed preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Travis. Travis responds based only on those contentions and information which are presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Travis' right to produce evidence at trial, or otherwise, regarding any subsequently discovered facts or information. Travis reserves the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that, during the RELEVANT TIME PERIOD, the FACILITY confined more than 200 mature dairy cows for more than 45 days in any twelve-month period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows:

Denied.

**REQUEST NO. 2:**

Admit that, during the RELEVANT TIME PERIOD, in at least one location where animals are confined at the FACILITY, crops, vegetation, forage growth, or post-harvest residues were not sustained in the normal growing season.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined terms "RELEVANT TIME PERIOD," "crops, vegetation, forage growth, or post-harvest residues," "sustained," and "normal growing season" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

**REQUEST NO. 3:**

Admit that, during the RELEVANT TIME PERIOD, the FACILITY met the definition of an "ANIMAL FEEDING OPERATION" under 40 C.F.R. § 122.23(b)(1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

**REQUEST NO. 4:**

Admit that, during the RELEVANT TIME PERIOD, the FACILITY met the definition of a "MEDIUM CAFO" as defined in 40 C.F.R. § 122.23(b)(6).

//

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

**REQUEST NO. 5:**

Admit that, during the RELEVANT TIME PERIOD, YOU did not possess coverage under any individual NPDES permit for the FACILITY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined terms "RELEVANT TIME PERIOD" and "any individual NPDES permit" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Admitted. Travis did not need an individual NPDES permit for his dairy. Per the requirements of the San Francisco Bay Regional Water Quality Control Board, Travis is covered by the appropriate permit under the terms of Order No. R2-2016-0031. Travis does not discharge nor intend to discharge to a jurisdictional water and therefore is not required to obtain coverage under an NPDES permit.

**REQUEST NO. 6:**

Admit that, during the RELEVANT TIME PERIOD, YOU did not possess coverage under any general NPDES permit for the FACILITY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of

the case. Travis further objects to the use of the undefined terms "RELEVANT TIME PERIOD" and "any general NPDES permit" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Admitted. Travis did not need a general NPDES permit for his dairy. Per the requirements of the San Francisco Bay Regional Water Quality Control Board, Travis is covered by the appropriate permit under the terms of Order No. R2-2016-0031. Travis does not discharge nor intend to discharge to a jurisdictional water and therefore is not required to obtain coverage under an NPDES permit.

**REQUEST NO. 7:**

Admit that, during the RELEVANT TIME PERIOD, YOU did not submit a Notice of Intent for the FACILITY to obtain coverage under the GENERAL PERMIT issued by the STATE BOARD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined terms "RELEVANT TIME PERIOD" and "STATE BOARD" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Admitted. Travis did not need coverage under the General Industry Permit for his dairy. Per the requirements of the San Francisco Bay Regional Water Quality Control Board, Travis is covered by the appropriate permit under the terms of Order No. R2-2016-0031. Travis does not discharge nor intend to discharge to a jurisdictional water and therefore is not required to obtain coverage under this general permit.

**REQUEST NO. 8:**

Admit that, during the RELEVANT TIME PERIOD, YOU stored liquid manure in lagoons or retention basins at the FACILITY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of

the case. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Admitted. These retention basins effectively retained water from the dairy and prevented its discharge.

**REQUEST NO. 9:**

Admit that, on one or more occasions during the RELEVANT TIME PERIOD, YOU applied liquid manure to land at the FACILITY immediately before, during, or immediately after a precipitation event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined terms "RELEVANT TIME PERIOD," "immediately," and "precipitation event" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied. Travis applied manure to land in accordance with the terms of Order No. R2-2016-0031 and Travis' Nutrient Management Plan.

**REQUEST NO. 10:**

Admit that, on one or more occasions during the RELEVANT TIME PERIOD, STORM WATER discharged from the FACILITY contained POLLUTANTS, including fecal coliform or E. coli bacteria.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous. Travis further objects to the extent this Request seeks premature expert discovery, testimony or opinion.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

**REQUEST NO. 11:**

Admit that, on one or more occasions during the RELEVANT TIME PERIOD, liquid manure, process water, or wastewater from the FACILITY was discharged into the unnamed creek adjacent to the FACILITY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects to the use of the undefined terms "RELEVANT TIME PERIOD" and "unnamed creek adjacent to the FACILITY" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

**REQUEST NO. 12:**

Admit that, on one or more occasions during the RELEVANT TIME PERIOD, liquid manure, process water, or wastewater from the FACILITY was discharged into Laguna Lake.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous. Travis further objects to the term "Laguna Lake," which Travis understands refers to an unnamed lagoon/seasonal water basin adjacent to his dairy with a manmade levy.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

**REQUEST NO. 13:**

Admit that the unnamed creek adjacent to the FACILITY is a tributary to Laguna Lake.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the terms "unnamed creek adjacent to the FACILITY" and "tributary" as vague and ambiguous. Travis further objects to the term "Laguna Lake," which Travis understands refers to an unnamed lagoon/seasonal water basin adjacent to his dairy with a

manmade levy.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 14:**

Admit that the unnamed creek adjacent to the FACILITY is a water of the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the term "the unnamed creek adjacent to the FACILITY" as vague and ambiguous. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO.15:**

Admit that Laguna Lake is a tributary to Chileno Creek.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the term "Laguna Lake," which Travis understands refers to an unnamed lagoon/seasonal water basin adjacent to his dairy with a manmade levy. Travis further objects to the terms "tributary" and "Chileno Creek" as vague and ambiguous. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 16:**

Admit that Laguna Lake is a water of the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further

objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the term "Laguna Lake," which Travis understands refers to an unnamed lagoon/seasonal water basin adjacent to his dairy with a manmade levy. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has insufficient information to admit or deny this Request. Discovery is ongoing and Travis reserves the right to modify and amend this response.

**REQUEST NO. 17:**

Admit that Chileno Creek is a tributary of Walker Creek.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the terms "Chileno Creek" and "tributary" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has insufficient information to admit or deny this Request. Discovery is ongoing and Travis reserves the right to modify and amend this response.

**REQUEST NO. 18:**

Admit that Chileno Creek is a water of the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has insufficient information to admit or deny this Request. Discovery is ongoing and Travis reserves the right to modify and amend this response.

//

**REQUEST NO. 19:**

Admit that Walker Creek is a tributary to Tomales Bay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the term "tributary" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has insufficient information to admit or deny this Request. Discovery is ongoing and Travis reserves the right to modify and amend this response.

**REQUEST NO. 20:**

Admit that Walker Creek is a water of the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has insufficient information to admit or deny this Request. Discovery is ongoing and Travis reserves the right to modify and amend this response.

**REQUEST NO. 21:**

Admit that Tomales Bay is a water of the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the extent this Request calls for a legal conclusion unrelated to the facts of this case.

Subject to and without waiving the foregoing objections, Travis responds as follows: Admitted.

**REQUEST NO. 22:**

Admit that, at any point during the RELEVANT TIME PERIOD, the FACILITY's liquid waste storage system—including its lagoons or retention basins—lacked sufficient capacity to retain all liquid waste generated at the FACILITY during a 25-year, 24-hour storm event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

**REQUEST NO. 23:**

Admit that, on one or more occasions during the RELEVANT TIME PERIOD, YOU discharged pollutants to WATERS OF THE UNITED STATES from the FACILITY without coverage under an NPDES permit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Denied.

Dated: November 21, 2025           KING & SPALDING LLP

By: _____
Alexander Moore
*Attorneys for Defendants*
*Travis Moreda Dairy and Travis Moreda*

# PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed by the law firm of King & Spalding LLP. My business address is 621 Capitol Mall, Suite 1500, Sacramento, CA 95814.

On the date specified below, I served the within:

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE**

on the parties in this proceeding, as addressed below, by causing true copies thereof to be distributed as follows:

Law Office of William Carlon
437 Post Street
Napa, CA 94559
william@carlonlaw.com; wverick@igc.org; brian@brianacree.com; dhwill7@gmail.com

[ X ]   BY MAIL: I am readily familiar with the business practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California, and placed for collection and mailing following ordinary business practices.

[ X ]   BY ELECTRONIC MAIL:  by transmitting the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 21, 2025, at Sacramento, California.

_____
Kendra Ford