# EXHIBIT D

PETER HSIAO (Bar No. 119881)
phsiao@kslaw.com
ALEXANDER MOORE (Bar No. 340994)
amoore@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:     +1 213 443 4355
Facsimile:     +1 213 443 4310

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br><br> vs. <br><br> TRAVIS MOREDA DAIRY and TRAVIS MOREDA, <br><br> Defendants. | Case No. 3:24-CV-06632-SI <br><br> [Assigned for All Purposes to the Honorable Susan Illston, Department 1] <br><br> **DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE** <br><br> Complaint Filed:    September 20, 2024 |

**PROPOUNDING PARTY: Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS**

**RESPONDING PARTIES: Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA**

**SET NUMBER: ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA ("Travis"), hereby submits these objections and responses to the Requests for Production, Set One, of CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff"), as follows:

### PRELIMINARY STATEMENT

Nothing in this response should be construed as an admission by Travis with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiff's Requests for Production of Documents, Set One. Travis has not fully completed his discovery and investigation of the facts relating to this case and has not completed preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Travis. Travis responds based only on those contentions and information which are presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Travis' right to produce evidence at trial, or otherwise, regarding any subsequently discovered facts or information. Travis reserves the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Travis objects to the instructions that Travis "label [documents] with the categories in the request" and "answer[] separately and fully in writing under oath" as unintelligible, vague, ambiguous, and not reasonably subject to objective interpretation.

Travis further objects to the Definitions to the extent they purport to encompass information and documents not reasonable and proportional to the needs of the case.

//

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Any and all DOCUMENTS identified in your responses to PLAINTIFF's First Set of Interrogatories, served herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced as TMD_000001 through TMD_000141, TMD_000145 through TMD_000169, and PLF000024 though PLF000028. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 2:**

All DOCUMENTS that refer or relate to the number and type of animals (including mature dairy cows, heifers, calves, or other livestock) confined at the FACILITY at any time from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the term "confined" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced as TMD_000001 through TMD_000125. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 3:**

All maps, schematics, diagrams, or aerial images of the FACILITY that IDENTIFY the

locations of barns, corrals, retention basins, STORM WATER CONVEYANCES, surface waters, and STORM DRAINS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including its illegal drone footage of Travis' dairy.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced as TMD_000020 through TMD_000125 and TMD_000129 through TMD_000141. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 4:**

All DOCUMENTS that IDENTIFY the design capacity, operational capacity, and freeboard calculations for each retention basin or lagoon at the FACILITY from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that documents sufficient to respond to this Request are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: Se the document previously produced as TMD_000020 through TMD_000125. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 5:**

All DOCUMENTS, including but not limited to application logs or field records, that

IDENTIFY each instance of land application of manure, wastewater, or other POLLUTANTS at or near the FACILITY from July 11, 2019, to the present, including the volume, method of application, location, and date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that documents sufficient to respond to this Request are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action. Travis further objects to the terms "application logs," "field records," and "method of application" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the document previously produced as TMD_000020 through TMD_000125.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 6:**

All DOCUMENTS that IDENTIFY any actual or potential DISCHARGE of manure, wastewater, STORM WATER, or other POLLUTANTS from the FACILITY, including those occurring on or around February 1, 2024, February 10, 2024, or any SIGNIFICANT RAIN EVENT as listed in Exhibit 1 to the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it encompasses matters going well beyond the issues alleged in the operative Complaint, including "potential DISCHARGE[s]" that are not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has performed a reasonable inquiry and diligent search and has identified no documents responsive

to this Request.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 7:**

All communications, inspection reports, enforcement correspondence, or other DOCUMENTS exchanged between YOU and the REGIONAL BOARD, STATE BOARD, or EPA concerning compliance with the CLEAN WATER ACT, or NPDES permitting from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that documents sufficient to respond to this Request are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action.  Travis further objects to the terms "communications," "inspection reports," "enforcement correspondence," and "STATE BOARD" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced as TMD_000001 through TMD_000125, TMD_000129 through TMD_000141, PLF000025 through PLF000028, and PLF000069 through PLF000086.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 8:**

All DOCUMENTS reflecting any inspections, evaluations, or site visits by governmental agencies or private consultants regarding DISCHARGES, STORM WATER, manure or waste management, or environmental compliance at the FACILITY from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the

needs of the case.  Travis further object that this Request seeks documents equally available to or already in the possession, custody or control of Plaintiff, including the Regional Water Board Report already produced in this action.  Travis further objects to the terms "inspections," "evaluations," "site visits," "private consultants," and "environmental compliance" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the document previously produced as TMD_000129 through TMD_000141.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 9:**

All standard operating procedures, management plans, training manuals, or protocols in effect since July 11, 2019, that DESCRIBE manure handling, STORM WATER management, lagoon operation, and DISCHARGE prevention at the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that this Request seeks documents equally available to or already in the possession, custody or control of Plaintiff, including the Nutrient Management Plan and Waste Management Plan already produced in this action.  Travis further objects to the terms "standard operating procedures," "training materials," "protocols," and "lagoon management" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced at TMD_000001 through TMD_000125.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 10:**

All DOCUMENTS relating to any application for or consideration of coverage under a

NPDES permit, including any draft or submitted Notices of Intent, requests for termination, or correspondence concerning the applicability of such permits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the terms "requests for termination" and "correspondence" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has performed a reasonable inquiry and diligent search and has identified no documents responsive to this Request. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 11:**

All weather tracking logs, precipitation forecasts, or other DOCUMENTS used to anticipate storm events or determine application timing for manure or wastewater at the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the terms "weather tracking logs," "precipitation forecasts," and "storm events" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the document previously produced as TMD_000020 through TMD_000125. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 12:**

All photographs or videos taken at or of the FACILITY from July 11, 2019, to the present that depict retention basins, land application areas, STORM WATER CONVEYANCES, or any water body including the unnamed creek and Laguna Lake.

*//*

RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that this Request seeks documents equally available to or already in the possession, custody or control of Plaintiff, including its illegal drone footage of Travis' dairy. Travis further objects to the term "unnamed creek" as vague and ambiguous. Travis further objects to the term "Laguna Lake," which Travis understands refers to an unnamed lagoon/seasonal water basin adjacent to his dairy with a manmade levy.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced as TMD_000020 through TMD_000125, TMD_000129 through TMD_000141, TMD_000145 through TMD_000169. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 13:**

All DOCUMENTS reviewed, referred to, or relied upon in drafting YOUR Answer to the Complaint, including YOUR denials of Paragraphs 51–69, and 73–74.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to this Request as compound, as it includes multiple separate inquiries that should be broken down into distinct Requests. Travis further objects that this Request is duplicative of other Requests, including, but not limited to, Request Nos. 2, 4, 6, 8, 10, 12, and 23–27.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced as TMD_000020 through TMD_000125, TMD_000129 through TMD_000141, and PLF000025 through PLF000028. Discovery is ongoing and Travis reserves the right to amend or supplement

this response.

**REQUEST NO. 14:**

All liability insurance policies, pollution insurance policies, or other agreements in effect at any time from July 11, 2019, to the present, that may provide coverage for legal defense costs, penalties, or injunctive relief related to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects to the terms "liability insurance policies," "pollution insurance policies," and "other agreements" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: Travis has performed a reasonable inquiry and diligent search and has identified no documents responsive to this Request. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST NO. 15:**

Any and all DOCUMENTS setting forth each DEFENDANT's assets, liabilities and net worth at all times between July 11, 2019 to the present, including but not limited to all real property held by all DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable

RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

inquiry and diligent search, Travis responds as follows: See the documents already produced, subject to protective order, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223.

**REQUEST NO. 16:**

Any and all DOCUMENTS that refer, relate or pertain to each DEFENDANT's income from July 11, 2019 to the present, including but not limited to all statements of annual gross income and annual net income, whether audited or unaudited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents already produced, subject to protective order, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223.

**REQUEST NO. 17:**

All DOCUMENTS comprising each DEFENDANTS's federal income tax returns for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including

RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents already produced, subject to protective order, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223.

**REQUEST NO. 18:**

All DOCUMENTS that comprise each DEFENDANT's IRS form 1099s submitted to the IRS for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request, including but not limited to its stated time period, is irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents already produced, subject to protective order, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223.

**REQUEST NO. 19:**

All DOCUMENTS that comprise each DEFENDANT's personal or business bank account statements, including all brokerage accounts containing stocks, bonds or retirement fund accounts for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request, including but not

limited to its stated time period, is irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that and because documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents already produced, subject to protective order, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223.

**REQUEST NO. 20:**

Any and all DOCUMENTS evidencing any DEFENDANT's ownership, in whole or in part, of real property for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents already produced, subject to protective order, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223.

**REQUEST NO. 21:**

Any and all DOCUMENTS evidencing any DEFENDANT's leasehold interest in, in whole or in part, real property for all years from 2019 to the present.

//

RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request, including but not limited to its stated time period, is irrelevant and irrelevant and overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents already produced, subject to protective order, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223.

**REQUEST NO. 22:**

All DOCUMENTS reflecting or relating to communications between YOU and KYLE LUTZ of WESTERN UNITED DAIRIES that refer or relate to the CLEAN WATER ACT, NPDES permitting, manure management, lagoon capacity, STORM WATER management, DISCHARGES, or the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that this Request as premature expert discovery.  Travis further objects to this Request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objections, Travis responds as follows: See the Declaration of Kyle Lutz  (ECF No 38-3).  Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST NO. 23:**

All DOCUMENTS provided to, received from, or shared with KYLE LUTZ or WESTERN

UNITED DAIRIES concerning the FACILITY's regulatory compliance, including but not limited to compliance with the CLEAN WATER ACT, the GENERAL PERMIT, or any state-issued waste discharge requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to this Request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.  Travis further objects to the terms "regulatory compliance" and "state-issued waste discharge requirements" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: See the Declaration of Kyle Lutz  (ECF No 38-3).  Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST NO. 24:**

All DOCUMENTS reflecting any site visits, evaluations, or technical assistance provided by KYLE LUTZ or WESTERN UNITED DAIRIES at or concerning the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request, including but not limited to its stated time period, is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that this Request as premature expert discovery.  Travis further objects to this Request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.  Travis further objects to the terms "site visits," "evaluations," and "technical assistance" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Travis responds as follows: See the Declaration of Kyle Lutz  (ECF No 38-3).  Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST NO. 25:**

All DOCUMENTS reflecting any advice, opinions, recommendations, or assessments offered by KYLE LUTZ or WESTERN UNITED DAIRIES concerning whether YOU are required to obtain a NPDES permit, comply with the GENERAL PERMIT, or take any action to prevent DISCHARGES from the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that this Request as premature expert discovery.  Travis further objects to this Request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objections, Travis responds as follows: See the Declaration of Kyle Lutz  (ECF No 38-3).  Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST NO. 26:**

All DOCUMENTS reviewed, referred to, or relied upon by YOU in communications with KYLE LUTZ or WESTERN UNITED DAIRIES relating to the subject matter of this action, including YOUR asserted compliance with the CLEAN WATER ACT and YOUR denial of the allegations in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects that this Request as premature expert discovery.  Travis further objects to this Request to the extent it seeks documents protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objections, Travis responds as follows: See the Declaration of Kyle Lutz  (ECF No 38-3).  Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST NO. 27:**

Produce all DOCUMENTS relating to any modifications made during the RELEVANT TIME PERIOD to the FACILITY's liquid waste storage or conveyance system, including but not limited to modifications to lagoons, retention basins, pumps, piping, or other infrastructure used to store or transport liquid manure, process wastewater, or storm water. This request includes, but is not limited to:

    a.  Engineering plans, diagrams, or specifications;

    b.  Construction records or as-built drawings;

    c.  Communications with consultants, contractors, or regulatory agencies;

    d.  Permits, permit applications, or notices submitted to any governmental agency;

    e.  Internal memoranda, meeting notes, or reports regarding the need for or effect of the modifications;

    f.  Any DOCUMENTS referencing or analyzing the FACILITY's ability to retain or manage waste or runoff from a 25-year, 24-hour storm event before or after such modifications

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Travis further objects to this Request as compound, as it includes multiple separate inquiries that should be broken down into distinct Requests.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis responds as follows: See the documents previously produced as TMD_000001 through TMD_000141, TMD_000145 through TMD_000169, and PLF000025 through PLF000028.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

1

Dated: November 21, 2025                                        **KING & SPALDING LLP**

2

By: _____

3

Alexander Moore
*Attorneys for Defendants*
*Travis Moreda Dairy and Travis Moreda*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed by the law firm of King & Spalding LLP. My business address is 621 Capitol Mall, Suite 1500, Sacramento, CA 95814.

3

4

On the date specified below, I served the within:

5

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**

6

7

on the parties in this proceeding, as addressed below, by causing true copies thereof to be distributed as follows:

8

9

Law Office of William Carlon
437 Post Street
Napa, CA 94559
william@carlonlaw.com; wverick@igc.org; brian@brianacree.com; dhwill7@gmail.com

10

11

12

[X ]    BY MAIL: I am readily familiar with the business practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California, and placed for collection and mailing following ordinary business practices.

13

14

15

[ X ]    BY ELECTRONIC MAIL: by transmitting the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

16

17

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

Executed on November 21, 2025, at Sacramento, California.

20

21

Kendra Ford

22

23

24

25

26

27

28

RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE