# EXHIBIT F

**From:**            Alex Moore
**Sent:**            Thursday, December 18, 2025 5:03 PM
**To:**              William Carlon
**Cc:**              wverick; brian; dhwill7; Peter Hsiao
**Subject:**         RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis
                     Moreda

Will—

We received your email about today's conversation and believe it is not accurate.

**General Issues and Commitments**

Your statement that Travis made no commitments to resolve your asserted discovery issues is incorrect.  Travis will amend his discovery responses, withdrawing objections if applicable, and providing greater detail to help Plaintiff understand the bases of other objections.  As necessary, Travis will also amend the substance of his responses.  We hope to provide these amended responses to Plaintiff the first full week of January, with the understanding based upon the Court's prior directions that neither party should be burdened during the holiday period.

CAT agreed its discovery responses will follow the same rules it seeks to impose on Travis.

**Requests for Admission**

Travis agreed to amend his responses to attempt to address your arguments.  Travis will provide greater clarity that his admissions and denials are based upon his reasonable interpretation of the requests made.  As to RFAs Nos. 18–21, I explained the two-fold issue—that *Sackett* creates a legal question as to whether any water body at issue is a water of the United States and that Travis lacks the first-hand factual knowledge to confirm whether these water bodies comport to *Sackett*'s definition.

**Requests for Production**

Travis agreed to clarify whether documents are being withheld on the basis of objections and whether all responsive documents have been produced.  Travis will provide a privilege log for documents, if any, that are not communications with our law firm, or that are not consultant expert documents such as those by Mr. Lutz.  The time has not arrived for expert witness disclosures.

Contrary to your assertions, Travis has produced documents responsive to RFPs Nos. 15–21 under the terms of a protective order agreed to by the parties.  Further, the parties agreed to a procedure whereby Plaintiff could challenge the sufficiency of these documents—a procedure Plaintiff chose not to pursue.  Plaintiff still has not explained what further documents it is requesting.  I will consult with Travis about Plaintiff's concern.

**Interrogatories**

Contrary to your assertions, Travis has fully and properly responded to Plaintiff's interrogatories. We nevertheless agreed to provide amended responses in an attempt to address your arguments, to the extent additional clarity can be provided, including to Plaintiff's "specific deficiency" it raised regarding Interrogatory No. 1.

**Request for Site Inspection**

Regarding the timeliness of our response, I explained that the Parties and Court agreed to a procedure during the initial case management conference that Travis would provide responses to the RFAs, RFPs, and Interrogatories by November 21, and that the parties would further meet and confer to discuss the possibility of an inspection in light of the bird flu epidemic. Travis fully complied.

I also explained that an inspection cannot take place because of the epidemic and the pronouncements by the responsible government agencies. We provided these documents to you and provided a full explanation in our response to your inspection request. You are silent regarding these materials in your purported meet and confer email. We again offered to discuss terms of an approved drone flight, which Plaintiff denied. Plaintiff claims an in-person inspection is necessary to "gather evidence." CAT again refused to explain or produce what evidence, if any, it possessed at the time it issued its purported notice or filed its complaint.

Regarding your preparation of a joint statement, we note that we intend to move for a protective order regarding any inspection.

We are working on our additional document productions and ask that you provide proposed deposition dates for Travis. For example, are you available on January 5, January 6, or January 9?

Best regards,
Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Thursday, December 18, 2025 2:10 PM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Alex,

This email memorializes our December 18 meet and confer regarding Defendants' responses to Plaintiff's First Set of Requests for Admission, Interrogatories, Requests for Production of Documents, and Request for Site Inspection.

As we discussed, we agreed that the videoconference satisfied the Court's standing order regarding meet-and-confer obligations, since counsel are located relatively far from each other (though technically within the Bay Area).

**General Issues and Commitments**

Defendants represented that they will amend their discovery responses to withdraw and clarify objections and to provide greater clarity as to the bases for their responses. Defendants stated that they would attempt to serve amended responses during the first week of January, but declined to commit to a date certain, despite Plaintiff having provided detailed written explanations of the deficiencies as early as December 3. Plaintiff reserves all rights if amended responses are delayed or fail to cure the issues discussed.

**Requests for Admission**
With respect to the RFAs, Defendants agreed to attempt to clarify whether admissions or denials are being made notwithstanding stated objections. Defendants refused to commit to providing admissions or denials to RFAs Nos. 18–21, stating only that they needed to speak with their client, without identifying any substantive basis for withholding straightforward admissions or denials.

**Requests for Production**
Defendants agreed that their RFP responses would be amended to state whether documents are being withheld on the basis of objections and whether all responsive documents have been produced, as required by Rule 34. Defendants also represented that they would provide a privilege log if documents are withheld on the basis of privilege, other than clearly privileged attorney–client communications.

Defendants refused to state whether they will produce documents responsive to RFPs Nos. 15–21 (financial documents), again deferring to the need to "talk to the client," notwithstanding that these requests have been pending for weeks. Defendants proposed a further meet and confer after conferring with their client, potentially in the first week of January.

Defendants also asserted that Mr. Lutz was retained solely as a consulting expert. Plaintiff requested production of non-opinion materials responsive to the RFPs. Defendants made no commitment to produce any such materials and declined to take a substantive position.

**Interrogatories**
Defendants stated that they would confer with their client and amend their interrogatory responses to clarify objections, but maintained—without meaningful explanation—that their existing responses were adequate. When Plaintiff raised specific deficiencies, Defendants repeatedly declined to engage on the substance and instead reverted to the need to speak with their client.

**Request for Site Inspection**
Defendants maintained that their response to Plaintiff's Request for Inspection was timely, despite being served after the November 21, 2025 deadline, and declined to provide any legal or factual basis for that position.

Defendants categorically refused to propose any inspection protocols, despite the Court's admonition that the parties work cooperatively to resolve inspection logistics. Defendants asserted that there is "no possible way" to conduct a safe inspection, yet refused to propose any biosecurity measures for Plaintiff to evaluate or comply with. Plaintiff expressly offered to adhere to reasonable biosecurity protocols.

Defendants also reiterated their proposal to substitute drone flights for an on-the-ground Rule 34 inspection. Plaintiff explained why aerial imaging cannot replace a site inspection, particularly where ground-level conditions, operational practices, and discharge pathways are at issue. Defendants' position appeared to rest on their pleading arguments—namely, that Plaintiff lacks evidence—rather than the governing discovery standards, which permit discovery precisely so that evidence may be obtained.

Since the parties remain at an impasse on this issue, Plaintiff will prepare a draft joint statement pursuant to Judge Illston's standing order.

**Next Steps**
Plaintiff expects Defendants' amended discovery responses to reflect the commitments made during the meet

and confer and to meaningfully address the deficiencies identified. Absent prompt, substantive amended responses in the first week of January, Plaintiff will consider seeking Court intervention without further delay.

Regards,
Will

---

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Thursday, December 18, 2025 8:31 AM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

I will send an invite.

Best regards,

Alex

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Thursday, December 18, 2025 8:29 AM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

1pm today works for me, thank you.

---

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Thursday, December 18, 2025 8:27:21 AM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

Will—

Thank you, I have returned from my honeymoon and am ready to meet and confer.    I am available today between 1 p.m. and 4:30 p.m.  I am also available tomorrow (12/19) after noon.  Next week, I have availability on Monday morning and Tuesday if you would prefer to propose a time then.

Best regards,

Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Wednesday, December 17, 2025 3:18 PM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Alex,

May I please have the courtesy of a response to my email from December 4th?

Thank you,

Will

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Thursday, December 4, 2025 10:53 AM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter

Hsiao <PHsiao@KSLAW.com>

**Subject:** Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

Alex,

To clarify, the parties did not reach an agreement on a deposition date. Defendants proposed December 10 as one option within the broader range I offered, but there was no confirmation or agreement from Plaintiff. In any event, the notice was for a remote videoconference deposition, so no in-person attendance would have been required.

With respect to the document issues, we obviously disagree about the adequacy of Defendants' production to date. Defendants' prior productions do not respond to the specific requests served under Rule 34, and the responses served last week do not state whether documents are being withheld on the basis of objections or whether prior productions constitute all responsive documents. Once I realized that the Rule 34 responses were deficient, I paused the deposition scheduling to focus on resolving that dispute.

I will be available to meet and confer the week of December 16, except Friday the 19th. Please let me know what dates work on your end after you return.

Thank you,
Will

---

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Wednesday, December 3, 2025 5:35 PM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

Will—

We received your email and letter.   We are reviewing the letter, but to respond to your initial email: We have correctly produced documents responsive to your requests in compliance with FRCP 34.   Your general objection appears to be based upon a misunderstanding of the dates of those productions.

- Travis first communicated with you before you filed this lawsuit, following the directions of the Clean Water Act and its case law, to explain his intent to implement continued site improvements to avoid your threatened lawsuit.
- After you filed this lawsuit, Travis produced documents, including descriptions and photographs of these improvements, to demonstrate there is no legal basis for your claims.

- Travis again produced documents to comply with our early disclosure requirements under Rule 26.
- And Travis again produced additional documents at the settlement conference before Magistrate Judge Kang.

Your issue seems to be that we produced our responsive documents too early, often, and in compliance with the Rules.   Logically, we produced the relevant documents for this case at each of the required times prior to the production date of your document production request.

We also arranged to produce Mr. Moreda for deposition on one of the days that you selected, December 10, at your office nearest to his residence.   He runs a small business, and it is very difficult to arrange the schedules of all the persons that will attend the deposition.   Your notice to cancel this deposition for a date the parties all agreed upon is solely your unilateral decision.

Lastly, I note that I will be out of office beginning tomorrow (12/4) for my honeymoon and will return on 12/15.   I will not be able to meet and confer on any discovery issues during this time.  Please provide your availability the following week.

Best regards,

Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, December 1, 2025 4:51 PM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Hi Alex,

I hope you had a nice Thanksgiving.

In looking over Defendants' responses to Plaintiff's first set of document requests, I see that Defendants have refused to produce any additional documents other than those already produced at this point in the litigation. Plaintiff believes this production is inadequate, and I will be providing you with a letter explaining Plaintiff's position in the next day or two. Given that we will need to resolve this dispute before taking Mr. Moreda's deposition, I'd like to put this scheduling discussion on hold.

To answer the second part of your question, I expect the deposition will take the entire day.

Thank you,
Will Carlon

---

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Tuesday, November 25, 2025 10:25 AM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

Will—

We are looking at December 10 as an option.  How long do you think the deposition will last?

Best regards,

Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Monday, November 24, 2025 8:56 AM
**To:** Alex Moore <AMoore@KSLAW.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; brian <brian@brianacree.com>; dhwill7 <dhwill7@gmail.com>
**Subject:** Californians for Alternatives to Toxics v. Travis Moreda Dairy; Deposition of Travis Moreda

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Alex,

We would like to schedule the deposition of Mr. Moreda on a mutually-agreeable day during the week of December 8th. Please let me know when you and Mr. Moreda are available.

Thank you,

William Carlon

Law Office of William Carlon

437 Post Street

Napa, CA 94559

(530) 514-4115

PRIVILEGE AND CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law as attorney client and work-product confidential or otherwise confidential communications. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or other use of a transmission received in error is strictly prohibited.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.