# EXHIBIT 2

PETER HSIAO (Bar No. 119881)
*phsiao@kslaw.com*
ALEXANDER MOORE (Bar No. 340994)
*amoore@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    +1 213 443 4355
Facsimile:    +1 213 443 4310

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>Defendants. | Case No. 3:24-CV-06632-SI<br><br>[Assigned for All Purposes to the Honorable Susan Illston, Department 1]<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR WET WEATHER INSPECTIONS OF LAND AND PROPERTY**<br><br>Complaint Filed:   September 20, 2024 |

**PROPOUNDING PARTY: Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS**

**RESPONDING PARTIES: Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA ("Travis"), hereby submits these objections and response to the Request for Wet Weather Inspections of Land and Property served by CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

Travis provides these objections and responses to satisfy meet and confer requirements regarding the impossibility of an onsite inspection of Travis' dairy, as explained to Plaintiff and the Court prior to and during the parties' case management conference on November 14, 2025.

The following objections and response are given without prejudice to Travis' right to produce evidence at trial, or otherwise, regarding any subsequently discovered facts or information. Travis reserves the right to modify and amend his objections and response herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

## SPECIFIC OBJECTIONS TO REQUEST FOR WET WEATHER INSPECTIONS

Travis is not permitted to allow Plaintiff to enter his property for a physical inspection because of an order from the lead California agency to quarantine his dairy from visitors to protect agriculture and public health. The California Department of Food and Agriculture ("CDFA") has issued this order based upon an outbreak of dangerous avian flu at farms and dairies in Sonoma County, where Travis' dairy is located. The CDFA has identified dairy breeds that are present at Travis' dairy as cattle at highest risk for avian flu infection. CDFA ordered biosecurity precautions for the impacted industry, specifically including an order to dairies to limit physical access to their property to essential personnel only. A true and correct copy of the CDFA order was filed with the Court on November 14, 2025 (ECF No. 48), and is also attached here as **Exhibit A**. Additional information provided by CDFA is attached here as **Exhibits B** and **C**.

Even if an onsite inspection could occur (it cannot), Travis further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks three separate inspections to be chosen unilaterally by Plaintiff during undefined "rain events." The sole issue in question is whether Travis has implemented and maintained enumerated improvements at his dairy—improvements that have never been challenged by Plaintiff as

insufficient to ensure compliance with the Clean Water Act. Multiple onsite inspections are not required to establish this fact—indeed, no onsite inspections are necessary where Plaintiff has repeatedly flown drones over the property, both before and after implementation of the improvements, and has identified no ongoing issues or areas of concern.[1] In the same vein "test[s]" and "samples" are not required nor proportional to the needs of the case to determine the existence of Travis' improvements.

Instead, Plaintiff attempts to use burdensome discovery for a fishing expedition to establish evidence of a Clean Water Act violation where it has previously identified zero evidence—none in its purported Notice of Violations, Complaint, or Rule 26 initial disclosures. "We cannot condone the use of discovery to engage in fishing expeditions." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021). The inspection request seeks extensive sampling of undefined "soil, materials, product, or runoff" in an effort to establish water pollution caused by "product, fuel or other potential . . . sources" in excess even of the overly broad and generalized allegations of Plaintiff's Complaint. The request also seeks inspection of "any areas" in which "any liquids or runoff" may be drained or discharged, "whether in the past, present, or future" regardless of the unavailability of citizen suits under the Clean Water Act for past activities and the requirement that a violation be "ongoing." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 50–51 (1987). Moreover, Plaintiff seeks an inspection beyond the bounds of Travis' dairy to "adjacent" storm drains and conveyances unrelated at all to this matter.

Plaintiff's proposed procedure for its unilateral onsite inspections is also unduly burdensome. Travis operates a dairy with daily operations and cannot reasonably prepare his schedule or the schedule of his employees with a unilateral confirmation of an inspection only at "10:00 p.m. the evening prior." The proposed unilateral and impromptu inspections would cause undue disruption and nuisance on both a business and personal level.

---

[1] Travis objects to this drone footage as illegally obtained by Plaintiff in violation of California Civil Code section 1708.8 and California's trespass law. The footage is inadmissible as evidence in this action. (*See* ECF No. 38-1 ¶ 9.) In lieu of Plaintiff's physical inspection demand which cannot take place because of the state directive to limit farm access to essential personnel only, Travis is willing to meet and confer regarding this drone footage, which show no violations of the Clean Water Act.

1  Travis further objects to the request to the extent it purports to impose obligations beyond
2  those required or permitted by the Federal Rules of Civil Procedure and the Civil Local Rules for
3  the United States District Court for the Northern District of California.

**RESPONSE TO REQUEST FOR WET WEATHER INSPECTIONS**

Subject to and without waiving the foregoing specific objections and incorporating the Preliminary Statement as if fully set forth herein, Travis responds as follows: An onsite inspection of Travis' dairy cannot occur. This response is Travis' effort to meet and confer regarding alternatives to an onsite inspection that would permit Plaintiff to confirm the improvements made by Travis, to which Plaintiff has never objected.

Dated: December 3, 2025                           **KING & SPALDING LLP**

By: _____
    Alexander Moore
    *Attorneys for Defendants*
    *Travis Moreda Dairy and Travis Moreda*

# EXHIBIT A

## CA Poultry HPAI Detections:
## Implications for the Dairy Industry

**ALERT:** CDFA received official confirmation of H5N1 HPAI detections in two (2) Sonoma County commercial poultry flocks on 10/28 and 10/29, 2025. These are the state's first domestic bird flu cases connected to the fall 2025 migratory season for wild birds in the Pacific Flyway.

**RISKS for dairy (and beef) producers:**
- Among cattle, dairy breeds remain at highest risk for HPAI infection.
- Increased wild bird Guangdong virus presents a generalized risk to all cattle, due to the ever-present potential for another species spillover event.
- Amplification of Guangdong virus in infected domestic birds further increases the risk of exposure for cattle in proximity to infected poultry flocks.
- To date, there have been no cases of direct avian-to-bovine HPAI virus transmission originating from infected _domestic_ poultry; however, flu viruses are constantly changing – we cannot predict future pathways of infection.

CDFA stresses the following **BIOSECURITY PRECAUTIONS** for California's cattle industry:
1. Proper hygiene with a change of clothes and footwear on- and off-site,
2. No shared employees between dairy (or beef) & poultry farms,
3. Not interacting with colleagues/family members who are working in the poultry industry,
4. Cleaning vehicles before entering cattle premises, with special attention to vehicles that may also service the poultry industry (e.g. feed trucks, rendering trucks),
5. Limiting farm access to essential personnel only.

Please contact your Northern California CDFA District Office at **(530) 225-2140** with any questions, disease testing requests, or biosecurity supply needs.



# EXHIBIT B

 

**November 4, 2025: Highly Pathogenic Avian Influenza (Bird Flu) Detected in a Backyard Flock in Sonoma County**

Sacramento, CA – Following an investigation by the California Department of Food and Agriculture (CDFA) and rapid disease detection by California Animal Health and Food Safety Laboratory System (CAHFS), the U.S. Department of Agriculture's National Veterinary Services Laboratories (NVSL) has confirmed highly pathogenic avian influenza (HPAI) in a backyard flock in Sonoma County. Animal Disease Emergency Responders are working with the commercial owner to quickly respond, and movement restrictions have been placed in Sonoma County as part of rapidly containing the spread. This nationwide outbreak of HPAI began in 2022 and all US detections in poultry can be found here: 2022–2024 Detections of Highly Pathogenic Avian Influenza (usda.gov). Note that the website is updated at noon Eastern Standard Time.

For public inquiries regarding HPAI in California, please call 916-217-7517 or send an e-mail to cdfa.HPAIinfo@cdfa.ca.gov. For media inquiries, please call 916-654-0462 or send an e-mail to OfficeOfPublicAffairs@cdfa.ca.gov.

# EXHIBIT C

 

**October 29, 2025: H5N1 Bird Flu in Livestock Updates**

SACRAMENTO, CA — California currently has 13 dairy herds under Quarantine for H5N1 Influenza infection, with six (6) of those herds being re-quarantines of previously infected herds. The re-quarantined herds were new detections on diaries that were infected previously that had had their CDFA quarantine lifted after 3 negative whole herd tests via weekly bulk tank milk samples. These six (6) farms have been shown to have sufficient virus present to be placed back under State Quarantine at this time.

All dairies in the state continue to be under regular surveillance as part of sustained monitoring of the virus in California.

All dairies in the state continue to be under regular surveillance for continued monitoring of the virus in California.

**National Detections**

This nationwide outbreak of H5N1 Bird Flu began in poultry in 2022 and was first detected in US dairy cattle in March 2024. All national detections in cattle can be found on the USDA website at: HPAI Confirmed Cases in Livestock | Animal and Plant Health Inspection Service (usda.gov). All national detections in poultry can be found on the USDA website at: Confirmations of Highly Pathogenic Avian Influenza in Commercial and Backyard Flocks | Animal and Plant Health Inspection Service (usda.gov)

Note: The USDA website reports new (first time detections) in dairies; it does not capture when a herd is cleared, ongoing cases, or reinfections on premises that had previous detections.

**Bird Flu in Humans**

For the most up to date data on bird flu cases in California, please visit CDPH's Current Bird Flu Situation dashboard. While the risk to the general public remains low, additional human cases of bird flu are expected to be identified and confirmed in California. CDPH recommends that personal protective equipment (PPE), such as eye protection (face shields or safety goggles), respirators (N95 masks), and gloves be worn by anyone working with animals or materials that are infected or potentially infected with the bird flu virus. Wearing PPE helps prevent infection. Please see CDPH's Worker Protection from Bird

Flu for full PPE guidance. For the latest updates from CDPH, visit Bird Flu (ca.gov). If you have any questions, comments or concerns, you can submit an inquiry directly to CDPH.

**Inquiries?**

For public inquiries regarding highly pathogenic avian influenza in California, please send an e-mail to cdfa.HPAIinfo@cdfa.ca.gov or call 916-217-7517. For media inquiries, please call 916-654-0462 or send an e-mail to OfficeOfPublicAffairs@cdfa.ca.gov.

**Follow us on Social Media**

Facebook at Animal Health Branch-CDFA and on Instagram at animalhealthbranch_cdfa.

**PROOF OF SERVICE**

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed by the law firm of King & Spalding LLP. My business address is 621 Capitol Mall, Suite 1500, Sacramento, CA 95814.

On the date specified below, I served the within:

**DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR WET WEATHER INSPECTIONS OF LAND AND PROPERTY**

on the parties in this proceeding, as addressed below, by causing true copies thereof to be distributed as follows:

Law Office of William Carlon
437 Post Street
Napa, CA 94559
william@carlonlaw.com, wverick@igc.org, brian@brianacree.com, dhwill7@gmail.com

[ X ]   BY MAIL: I am readily familiar with the business practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California, and placed for collection and mailing following ordinary business practices.

[ X ]   BY ELECTRONIC MAIL:  by transmitting the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 3, 2025, at Sacramento, California.

_____
Kendra Ford