WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br> vs. <br><br> TRAVIS MOREDA DAIRY AND TRAVIS MOREDA, <br><br> Defendants. | Case No. 3:24-cv-06632-SI <br><br> **JOINT STATEMENT REGARDING DISCOVERY DISPUTE TWO** |

1  **Plaintiff's Statement:**

2  *A. Description of the Parties' Meet and Confer Efforts*

3  On December 3, 2025, Plaintiff sent Defendants a letter setting forth, among other things, the
4  specific concerns Plaintiff had with Defendants' responses to Plaintiff's Requests for Production of
5  Documents, Set One ("RFPs"). The parties met and conferred via videoconference on December 18,
6  2025 to discuss the dispute. On January 23, 2026, Defendants provided amended responses to the
7  RFPs. On February 4, 2026, Plaintiff sent Defendants another letter detailing the specific concerns it
8  had with the amended responses. The letter also requested that the parties meet and confer again on
9  this issue. The parties met via videoconference on February 10, 2026 to discuss the issues set forth in
10 the December 3rd and February 4th letters. Though the parties have made some progress in resolving
11 parts of the dispute, there are two issues that the parties cannot resolve without the Court's help.

12 *B. Defendants Must Produce Financial Documents.*

13 A true and correct copy of Plaintiff's RFPs is attached hereto as **Exhibit 1**. A true and correct
14 copy of Defendants' amended response to the RFPs is attached hereto as **Exhibit 2**.

15 Plaintiff seeks certain financial documents via RFPs 15-21 which would contain information
16 about Defendants' financial condition, and which courts have repeatedly held are relevant to Clean
17 Water Act civil penalty factors. *See, e.g.*, *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No.
18 2:10-CV-1207-GEB-AC, 2014 U.S. Dist. LEXIS 144173 at *14 (E.D. Cal. Oct. 9, 2014) (finding
19 CWA entitles plaintiff to discover facts related to liability, including financial information); *Idaho*
20 *Conservation League v. Atlanta Gold Corp.*, 879 F. Supp. 2d 1148, 1170 (D. Idaho 2012) (examining
21 financial documents in assessing CWA penalties); *United States v. Mun. Auth. Of Union Twp.*, 929 F.
22 Supp. 800, 805-06 (M.D. Pa. 1996), aff'd, 150 F.3d 259 (3d Cir. 1998) (examining financial assets in
23 assessing CWA penalties); *Waste Action Project v. Draper Valley Holdings, LLC*, No. C12-1870RSL,
24 2014 U.S. Dist. LEXIS 189098 at *2-4 (W.D. Wash. Jan. 23, 2014) (granting motion to compel
25 financial records as relevant to determining CWA penalties); *Friends of Maha'Ulepu, Inc. v. Hawai'i*
26 *Dairy Farms, LLC*, No. 15-00205 LEK-KJM, 2016 U.S. Dist. LEXIS 191725 at *10 (D. Haw. Sept.
27 2, 2016) (finding requested financial information relevant); *Inland Empire Waterkeeper v. Columbia*
28 *Steel*, No. 8:20-01062-FLA (ADSx), 2021 U.S. Dist. LEXIS 193143, at *6 (C.D. Cal. May 6, 2021)

1  (granting plaintiff's motion to compel requests seeking financial information prior to establishing
2  liability).

3        Defendants make a number of objections, but do not state whether they are withholding
4  documents on the basis of those objections, as required by Federal Rule 34(b)(2)(B). In response to
5  this joint letter, Defendants have finally agreed to seek a protective order (though have not actually
6  done so yet) that will allow the financial documents already produced to be used in litigation; however,
7  Defendants refuse to produce all responsive documents, and have instead selected a subset that they
8  have deemed sufficient. Since Defendants have not obtained a protective order, Plaintiff is not
9  currently at liberty to go into detail with the Court about what the documents contain because the
10 documents were produced under a strict settlement confidentiality agreement. However, Plaintiff has,
11 during settlement discussions, explained why the documents produced are not sufficient, but
12 Defendants have refused to produce any other documents. Specifically, Plaintiff seeks complete
13 financial records going back to 2019, including balance sheets, income statements, cash flow
14 statements, fixed asset schedules, and a list of all financial transactions between Defendant Travis
15 Moreda and any family members or related entities. Rather than spend resources trying to get
16 Defendants to produce the documents in settlement, Plaintiff opted to pursue the documents in
17 discovery. Defendants' contention that Plaintiff did not utilize the procedure set forth by the settlement
18 judge is entirely irrelevant to this dispute. Defendants' position with respect to these RFPs is entirely
19 unreasonable, and Plaintiff requests that the Court compel Defendants to produce all responsive
20 documents to RFPs 15-21.

21     C. *Defendants Must Produce Documents Related to Mr. Lutz*

22       Plaintiff seeks certain documents in RFPs 22-26 that pertain to Mr. Kyle Lutz's involvement
23 with this case. Mr. Lutz is a Technical Field Services Representative for Western United Dairies, a
24 trade organization that supports dairy farmers in California. Defendants object to these requests on the
25 basis that Mr. Lutz is a consulting expert, and therefore the documents sought by Plaintiff are protected
26 under Rule 26(b)(4)(D). However, Mr. Lutz has already provided testimony in this case in the form
27 of a sworn declaration. (ECF No. 38-2.) Defendants cannot credibly argue that they do not expect to
28 call Mr. Lutz as a witness because they have already presented his testimony to the Court.

Moreover, Defendants' position that Mr. Lutz was retained as a consulting expert is at odds with Defendants' representations to the Court and Plaintiff. Defendants argued in their first Motion to Dismiss that "[b]efore receiving the notice letter, Travis was already implementing continuous improvements at his Dairy in compliance with the Water Act, as is necessary in any agricultural business." (ECF No. 38 at 10:8-10.) In support of this statement, Defendants cite to Mr. Lutz's declaration, which states that "[d]uring the course of my working relationship with Travis Moreda, I have seen him implement continuous improvements to his dairy, as is necessary in any agricultural business." (ECF No. 38-2 at ¶ 3.) Therefore, according to Defendants, Mr. Lutz's relationship with Travis Moreda began *before receiving the notice letter*, and not in anticipation of litigation because the working relationship dealt with improvements that were "necessary in any agricultural business." Mr. Lutz does not enjoy the same protections as a true consulting expert, who was retained in anticipation of litigation and who does not intend to testify because Mr. Lutz was retained prior to the litigation, and he has already provided testimony in this case.

**Defendants' Statement:**

   *A. Plaintiff Fails to Carry Its Burden Under Rule 26(b)(1) to Show That Travis' Extensive Production of Financial Records is Insufficient For the Needs of This Case.*

Under Rule 26(b)(1), Plaintiff may obtain discovery (1) relevant to its claims, and (2) proportional to the needs of the case.[1] First, Travis has produced a trove of relevant documents demonstrating his dairy's tenuous financial condition and inability to pay a significant civil penalty or Plaintiff's attorney fees.[2] Second, Plaintiff provides no argument or caselaw regarding the disproportionality of its requests. With no evidence to support its case, Plaintiff seeks to burden Travis with discovery of *past* financial information irrelevant to his *current* ability to pay.

In March 2025, the parties entered a confidentiality agreement to allow Plaintiff's counsel to review Travis' profit and loss statements for the past three years. During the parties' Settlement Conference before Magistrate Judge Kang in June 2025, the parties agreed (i) Travis would produce

---

[1] Plaintiff's mandatory Rule 26 disclosures show zero evidence of a Clean Water Act violation.

[2] Travis has also explained the downward economic trend of the dairy industry, particularly for family farms. *See*, *e.g.*, https://time.com/5736789/small-american-farmers-debt-crisis-extinction/.

1  "additional documents sufficient to show [Travis'] assets, liabilities, income, and net worth" under
2  this confidentiality agreement, and (ii) should Plaintiff not agree the documents were sufficient,
3  Plaintiff would request Magistrate Judge Kang perform an *in camera* review. Travis produced his tax
4  returns, IRS Forms 1099-MISC and 1099-NEC for 2019–2024, and his mortgage statement. He also
5  submitted a sworn declaration stating the amounts in his personal and business bank accounts.[3]

   Plaintiff failed to follow the procedure before Magistrate Judge Kang. In fact, Travis directly
addressed each category of additional documents Plaintiff now demands: **(1) balance sheets**: Travis
produced his sole balance sheet compiled in the past five years—a 2024 report prepared by an
independent accounting firm; **(2) income statements:** Travis produced his IRS Forms 1040 for 2019–
2024 which reflects all finances held under his SSN, and his Schedule F (Profit or Loss from Farming),
which reflects all revenues and losses from his dairy; **(3) cash flow statements and fixed asset
schedules:** Travis submitted a sworn declaration stating such documents do not exist; and **(4) a list of
financial transactions between Travis and his family members or related entities**: despite no RFP
requesting this information, Travis' declaration states he received no distributions, gifts, or other
transfers of value from his family or related entities of significant amount, and his financial
transactions are reflected on the balance sheet and tax forms produced.

   Plaintiff's cases are inapposite to the proportionality issue. They do not permit discovery of
outdated and irrelevant financial information when current accurate information is available and was
produced. *See e.g.*, *United States v. Mun. Auth. Of Union Twp.*, 929 F. Supp. 800, 806 (M.D. Pa.
1996) (examining only the past year's profit and loss statement); *Waste Action Project v. Draper
Valley Holdings, LLC*, 2014 U.S. Dist. LEXIS 189098, at *2 (W.D. Wash. Jan. 23, 2014) (granting
motion to compel three years of tax returns and audited financial statements). Travis has produced
similar documents; what Plaintiff now seeks is an unduly burdensome and invasive inquiry into
Travis' personal finances going back years beyond what may be relevant. *See Friends of Maha'Ulepu,
Inc. v. Hawai'i Dairy Farms, LLC*, 2016 U.S. Dist. LEXIS 191725, at *10 (D. Haw. Sept. 2, 2016)
(discovery not permitted where it "seeks more than is necessary for the penalty analysis").

---

[3] Indeed, Travis provided more than sufficient information for banks and other lenders to ascertain his financial status.

Plaintiff complains about Travis' draft protective order despite already agreeing to a confidentiality agreement stating financial documents are for attorney eyes only, to avoid potential abuse. Travis modified this agreement to be entered as a protective order allowing the use of these confidential documents in this case when filed under seal. Plaintiff refuses this modification and provides no draft of its own. It instead points to the Court's model protective order to avoid the terms of its already-signed agreement. The Court should deny Plaintiff's request for additional documents as unreasonably cumulative and disproportionate to the needs of this case. Rule 26(b)(2)(C)(i).

### B. Travis Has and Will Produce Documents Mr. Lutz Considered in the Drafting of his Declaration, but his Remaining Documents are Protected Under Rule 26.

Rule 26(b)(3)(D) provides extensive protections for consulting expert materials, permitting discovery in only "exceptional circumstances." An initial point Plaintiff omits: Travis agreed to produce documents considered by Mr. Lutz in preparing the declaration submitted with Travis' Motion to Dismiss. Travis already produced those documents in his possession, including documentation regarding his improvements jointly prepared by Travis and Mr. Lutz, the photographs of these improvements, and the Water Board Report. Travis has asked Mr. Lutz to provide any other documents he considered and will supplement this production if necessary.[4]

Beyond these documents, Travis has no obligation to produce documents protected as expert and privileged materials. *In re: First American Home Buyers Protection Corp. Class Action Litig.*, 313 F.R.D. 578, 614 (S.D. Cal. 2016) ("submitting Mr. [Lutz's] declaration does not permit discovery of information or material not put at issue or the contents of any privileged communications"). Plaintiff suggests Mr. Lutz is not a "true" consulting expert, but Mr. Lutz and Western United Dairies ("WUD") are directly responding to threats of litigation on small family-owned dairies. (ECF No. 38-1, Exh. C.) Travis' family was sued in 2021, and his neighbor Reichardt Duck Farm was sued by CAT in 2022. Indeed, Travis joined WUD in July 2024 only after receiving Plaintiff's notice letter and in anticipation of the current litigation. Any further discovery of Mr. Lutz should occur during the expert discovery phase of this action.

---

[4] Mr. Lutz is currently out of office recovering from a medical procedure.

| | |
|---|---|
| Dated: February 25, 2026 | Respectfully Submitted, |
| | LAW OFFICE OF WILLIAM CARLON |
| | By: /s/ William N. Carlon |
| | William N. Carlon<br>Attorneys for Plaintiff<br>CALIFORNIANS FOR<br>ALTERNATIVES TO TOXICS |
| Dated: February 25, 2026 | Respectfully Submitted, |
| | KING & SPALDING LLP |
| | By: /s/ Alexander Moore |
| | Alexander Moore<br>Attorneys for Defendants<br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA |

**ATTESTATION FOR E-FILING**

I hereby attest pursuant to Civil L.R. 5-1(i)(3) that I have obtained concurrence in the filing of this document from the other signatory prior to filing.

DATED: February 25, 2026                                    By: /s/ William N. Carlon