# EXHIBIT 1

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>        Plaintiff,<br><br>    vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>        Defendants. | Case No. 3:24-cv-06632-SI<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS

RESPONDING PARTIES:   Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA

SET NUMBER:   ONE

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("PLAINTIFF") hereby requests that Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA ("DEFENDANTS") respond to the following document requests within 30 days from the date of service.

## INSTRUCTIONS

A. DEFENDANTS shall serve a written response within 30 days after the service of this First Set of Requests for Production of Documents.

B. All documents produced shall be sent to the Law Office of William Carlon at the address appearing above within 30 days after service of this First Set of Requests for Production of Documents.

C. All responses shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

D. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

E. DEFENDANTS shall produce documents for inspection as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.  Each request shall be answered separately and fully in writing under oath, unless it is objected to, in which case DEFENDANTS shall state their reasons for objection and shall answer to the extent the request is not objectionable.

## DEFINITIONS

1. "YOU" and "YOUR" as used herein refers to DEFENDANTS, their agents, employees, consultants, insurance companies, attorneys, accountants, investigators, and anyone else acting on DEFENDANTS' behalf.

2. "PERSON" includes a natural person, firm, association, organization, partnership,

business, trust, corporation, or public entity.

3. "CLEAN WATER ACT" or "CWA" means the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq*.

4. "FACILITY" as used herein refers to the FACILITY located at 3243 Spring Hill Road near Petaluma, California.

5. "FLOWING" as used herein shall mean "moving from."

6. "HAZARDOUS MATERIALS" or "HAZARDOUS SUBSTANCES" as used herein shall mean all substances designated under Section 101(14) of Comprehensive Environmental Response, Compensation and Liability Act.

7. "DISCHARGE" or "DISCHARGED" as used herein shall mean any spilling, leaking, pumping, pouring, emitting, emptying or dumping off the property.

8. "REGIONAL BOARD" as used herein refers to the Regional Water Quality Control Board, San Francisco Bay Region, and its agents, employees, staff, Board members and anyone else acting on its behalf.

9. "EPA" as used herein refers to the United States Environmental Protection Agency.

10. "NAVIGABLE WATERS" is used herein as defined in the Federal Water Pollution Control Act and its implementing regulations.

11. "STORM WATER" means storm water runoff, snow melt runoff, and storm water surface runoff and drainage, as defined in the GENERAL PERMIT.

12. "POLLUTANT" or "POLLUTANTS" shall mean the same as it does under Section 502 of the Clean Water Act ("dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water").

13. "WATER QUALITY CRITERIA" or "WATER QUALITY CRITERION" is used herein as including both "criteria" and "Section 304(a) Criteria" as those terms are defined by EPA in Title 40, Section 131.3 of the Code of Federal Regulations (40 C.F.R. § 131.3).

14. "STORM DRAIN" or "STORM DRAINS" refers to any drop inlets that collect or

convey STORM WATER at the FACILITY.

15. "STORM WATER CONVEYANCE" or "STORM WATER CONVEYANCES" refers to any conveyance within the FACILITY which is used for collecting and conveying STORM WATER.

16. "DOCUMENT" means any kind of writing or document, including but not limited to the original or a copy of handwritten or typewritten letters, memoranda or forms, any printed items, photographs, videotapes, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, and as defined in Rule 34(a) of the Federal Rules of Civil Procedure.

17. "ADDRESS" means the street address, including the city, state, and zip code.

18. "IDENTIFY" or "IDENTITY" when used with reference to a PERSON, means to state his or her full name, present or last known ADDRESS, telephone number, present or last known position and business affiliation, employer, title, and position, and his or her relationship to YOU.

19. "IDENTIFY" or "IDENTITY" when used with reference to a writing or DOCUMENT, means to state with respect thereto sufficient information to support a *subpoena duces tecum* or to support a request to produce under the applicable section of the Federal Rules of Civil Procedure, including, but not limited to:

   a. the title of the DOCUMENT;
   b. the name of the PERSON who prepared it;
   c. the name of the PERSON by or under whom it was issued;
   d. the name of each PERSON to whom it was addressed or distributed;
   e. a description of the nature, content, and substance of the DOCUMENT;
   f. its date, and if it bears no date, the date it was prepared;
   g. any other particulars as may reasonably be necessary to enable the propounding party to understand the nature and general substance of the DOCUMENT, and also to identify that DOCUMENT in a manner sufficient to distinguish it from all other writings;

      h.    the physical location of the DOCUMENT and the name of its custodian or custodians;

      i.    a statement whether the DOCUMENT will be voluntarily produced and made available to the plaintiffs for inspection and photocopying; and

      j.    if any such DOCUMENT is no longer in YOUR possession or subject to YOUR control, state what disposition was made of it.

20. "IDENTIFY" or "IDENTITY" when used with reference to an oral communication, conference, or meeting means to state the date of the communication, conference or meeting, the identity of all parties to the communication, conference or meeting, the subject matter of the communication, conference or meeting, and the general substance of what was said and/or transpired.

21. "IDENTIFY" or "IDENTITY" when used with reference to anything other than a PERSON, a writing or DOCUMENT, an oral communication, conference or meeting, means to state the relevant dates, the identity of all parties involved, and all other information relating to the subject matter of the interrogatory.

22. "DESCRIBE" or "STATE ALL FACTS" means to provide all information relating to the subject matter of the interrogatory including, but not limited to, the dates of all related events, substance of relevant communications, the IDENTITIES of all PERSONS with knowledge of the subject matter, and the IDENTITIES of DOCUMENTS.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS identified in your responses to PLAINTIFF's First Set of Interrogatories, served herewith.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that refer or relate to the number and type of animals (including mature dairy cows, heifers, calves, or other livestock) confined at the FACILITY at any time from July 11, 2019, to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All maps, schematics, diagrams, or aerial images of the FACILITY that IDENTIFY the locations of barns, corrals, retention basins, STORM WATER CONVEYANCES, surface waters, and STORM DRAINS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that IDENTIFY the design capacity, operational capacity, and freeboard calculations for each retention basin or lagoon at the FACILITY from July 11, 2019, to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, including but not limited to application logs or field records, that IDENTIFY each instance of land application of manure, wastewater, or other POLLUTANTS at or near the FACILITY from July 11, 2019, to the present, including the volume, method of application, location, and date.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that IDENTIFY any actual or potential DISCHARGE of manure, wastewater, STORM WATER, or other POLLUTANTS from the FACILITY, including those occurring on or around February 1, 2024, February 10, 2024, or any SIGNIFICANT RAIN EVENT as listed in Exhibit 1 to the Complaint.

**REQUEST FOR PRODUCTION NO. 7:**

All communications, inspection reports, enforcement correspondence, or other DOCUMENTS exchanged between YOU and the REGIONAL BOARD, STATE BOARD, or EPA concerning compliance with the CLEAN WATER ACT, or NPDES permitting from July 11, 2019, to the present.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS reflecting any inspections, evaluations, or site visits by governmental agencies or private consultants regarding DISCHARGES, STORM WATER, manure or waste management, or environmental compliance at the FACILITY from July 11, 2019, to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All standard operating procedures, management plans, training manuals, or protocols in

effect since July 11, 2019, that DESCRIBE manure handling, STORM WATER management, lagoon operation, and DISCHARGE prevention at the FACILITY.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to any application for or consideration of coverage under a NPDES permit, including any draft or submitted Notices of Intent, requests for termination, or correspondence concerning the applicability of such permits.

**REQUEST FOR PRODUCTION NO. 11:**

All weather tracking logs, precipitation forecasts, or other DOCUMENTS used to anticipate storm events or determine application timing for manure or wastewater at the FACILITY.

**REQUEST FOR PRODUCTION NO. 12:**

All photographs or videos taken at or of the FACILITY from July 11, 2019, to the present that depict retention basins, land application areas, STORM WATER CONVEYANCES, or any water body including the unnamed creek and Laguna Lake.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS reviewed, referred to, or relied upon in drafting YOUR Answer to the Complaint, including YOUR denials of Paragraphs 51–69, and 73–74.

**REQUEST FOR PRODUCTION NO. 14:** K

All liability insurance policies, pollution insurance policies, or other agreements in effect at any time from July 11, 2019, to the present, that may provide coverage for legal defense costs, penalties, or injunctive relief related to this action.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS setting forth each DEFENDANT's assets, liabilities and net worth at all times between July 11, 2019 to the present, including but not limited to all real property held by all DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS that refer, relate or pertain to each DEFENDANT's income from July 11, 2019 to the present, including but not limited to all statements of annual gross income and annual net income, whether audited or unaudited.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS comprising each DEFENDANTS's federal income tax returns for all years from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that comprise each DEFENDANT's IRS form 1099s submitted to the IRS for all years from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that comprise each DEFENDANT's personal or business bank account statements, including all brokerage accounts containing stocks, bonds or retirement fund accounts for all years from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS evidencing any DEFENDANT's ownership, in whole or in part, of real property for all years from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS evidencing any DEFENDANT's leasehold interest in, in whole or in part, real property for all years from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting or relating to communications between YOU and KYLE LUTZ of WESTERN UNITED DAIRIES that refer or relate to the CLEAN WATER ACT, NPDES permitting, manure management, lagoon capacity, STORM WATER management, DISCHARGES, or the FACILITY.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS provided to, received from, or shared with KYLE LUTZ or WESTERN UNITED DAIRIES concerning the FACILITY's regulatory compliance, including but not limited to compliance with the CLEAN WATER ACT, the GENERAL PERMIT, or any state-issued waste discharge requirements.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting any site visits, evaluations, or technical assistance provided by

KYLE LUTZ or WESTERN UNITED DAIRIES at or concerning the FACILITY since January 1, 2019.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS reflecting any advice, opinions, recommendations, or assessments offered by KYLE LUTZ or WESTERN UNITED DAIRIES concerning whether YOU are required to obtain a NPDES permit, comply with the GENERAL PERMIT, or take any action to prevent DISCHARGES from the FACILITY.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS reviewed, referred to, or relied upon by YOU in communications with KYLE LUTZ or WESTERN UNITED DAIRIES relating to the subject matter of this action, including YOUR asserted compliance with the CLEAN WATER ACT and YOUR denial of the allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS relating to any modifications made during the RELEVANT TIME PERIOD to the FACILITY's liquid waste storage or conveyance system, including but not limited to modifications to lagoons, retention basins, pumps, piping, or other infrastructure used to store or transport liquid manure, process wastewater, or storm water. This request includes, but is not limited to:

a. Engineering plans, diagrams, or specifications;

b. Construction records or as-built drawings;

c. Communications with consultants, contractors, or regulatory agencies;

d. Permits, permit applications, or notices submitted to any governmental agency;

e. Internal memoranda, meeting notes, or reports regarding the need for or effect of the modifications;

f. Any DOCUMENTS referencing or analyzing the FACILITY's ability to retain or manage waste or runoff from a 25-year, 24-hour storm event before or after such modifications.

1  Dated: May 27, 2025

LAW OFFICE OF WILLIAM CARLON

_____
William N. Carlon
Attorney for Plaintiff
Californians for Alternatives to Toxics

Plaintiff's Req. for
Prod. of Docs., Set One

10

Case No. 3:24-cv-06632-SI

**PROOF OF SERVICE**

I, William N. Carlon, declare as follows:

I am a resident of the State of California, and employed in Napa, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 437 Post Street, Napa, California 94559.

On May 27, 2025 I served the following document(s):

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

by placing a true and correct copy thereof in a sealed envelope, first class postage prepaid, addressed to the party listed below, and depositing it in a United States Postal Service mail box:

Peter Hsiao
Alexander Moore
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2025, at Napa, California.

_____
William N. Carlon

Plaintiff's Req. for Prod. of Docs., Set One     11     Case No. 3:24-cv-06632-SI