UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS MOREDA DAIRY, et al., <br><br> Defendants. | Case No. 24-cv-06632-SI <br><br> **ORDER RE: DISCOVERY DISPUTE** <br> Re: Dkt. No. 62 |

Before the Court is parties' joint discovery dispute statement related to defendants' responses to plaintiff's first set of requests for production of documents ("RFPs") 15-26. Dkt. No. 62. On May 27, 2025, plaintiff served its first set of RFPs on defendants. Dkt. No. 62-1 at 11. Defendants provided amended responses to plaintiff's RFPs on January 23, 2026. Dkt. No. 62-2 at 22. After meeting and conferring on February 10, 2026, parties filed the present dispute with the Court on February 25, 2026. Dkt. No. 62 at 2.

A motion to compel discovery is appropriate when a party refuses to engage in or produce discovery. *See* Fed. R. Civ. P. 37(a). The movant must certify that he or she has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action. *See* Fed. R. Civ. P. 37(a)(1). The party opposing discovery bears the burden of resisting disclosure. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

*First*, plaintiff seeks to compel production of defendants' financial documents from 2019 to present, in response to plaintiff's RFPs 15-21. *Id.* at 2; *see* Dkt. No. 62-1 at 7-8. While plaintiff seeks "complete financial records going back to 2019, including balance sheets, income statements, cash flow statements, fixed asset schedules, and a list of all financial transactions between Defendant Travis Moreda and any family members or related entities," plaintiff states that defendants have only selected a subset of responsive documents to produce. *Id.* at 3.

Defendants object that plaintiff's request for extensive production of financial records is

United States District Court
Northern District of California

United States District Court
Northern District of California

overbroad and disproportional to the needs of this case, given that defendants have already produced numerous documents demonstrating the dairy's "tenuous financial condition." *Id.* at 4; *see* Dkt. No. 62-2 at 11-16. Defendants contend that "discovery of *past* financial information is irrelevant to [Travis's] *current* ability to pay." *Id.* Moreover, defendants point out that Travis produced financial documents subject to a confidentiality agreement during the parties' settlement conference in June 2025, and plaintiff chose not to dispute the sufficiency of those documents in front of Magistrate Judge Kang. *Id.* Specifically, defendants state that Travis produced (1) a 2024 balance sheet prepared by an independent accounting firm, which is his sole balance sheet compiled in the past five years; (2) IRS Forms 1040 for 2019-2024 which reflect all finances held under his social security number and his Schedule F (Profit or Loss from Farming) which reflects all revenues and losses by his dairy (3) a sworn declaration stating that cash flow statements and fixed asset schedules do not exist and (4) a sworn declaration stating that Travis received no distributions, gifts, or other transfers of value of a significant amount from his family or related entities. *Id.* at 5.

The Court finds that the financial information plaintiff seeks in RFPs 15-21 is relevant, but disproportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). It is well settled that a defendant's financial information is relevant to determining civil penalties under the Clean Water Act ("CWA"). *See, e.g., California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 2014 WL 5093398 (E.D. Cal. Oct. 9, 2014) (granting motion to compel discovery of financial information to establish CWA liability); *Inland Empire Waterkeeper v. Columbia Steel, Inc.*, 2021 WL 4295138 (C.D. Cal. May 6, 2021) (same). Even so, the Court agrees with defendants that the request for financial information going back to 2019 seeks more than the penalty analysis requires. Defendants direct the Court to instructive CWA cases where courts in the Ninth Circuit have found discovery of three years of a defendant's financial information to be appropriate. *See Friends of Maha'ulepu, Inc. v. Hawai'i Dairy Farms,* 2016 WL 6917283, at * 4 (D. Haw. Sept. 2, 2016); *Waste Action Project v. Draper Valley Holdings, LLC*, 2014 WL 11997860, at * 1 (W.D. Wash. Jan. 23, 2014). Defendants cite no contrary case law on the issue of proportionality. Accordingly, the Court GRANTS IN PART and DENIES IN PART, plaintiff's motion to compel production in response to RFPs 15-21. To the extent that plaintiff is withholding financial information responsive to RFPs

2

United States District Court
Northern District of California

15-21 for the years 2022 to present, the Court ORDERS plaintiff to produce such documents subject to a protective order. If after meeting and conferring the parties are still unable to agree upon the terms of a protective order, the parties should promptly file a motion with the Court.

*Second*, plaintiff seeks to compel production of documents in response to RFPs 22-26 related to Kyle Lutz, a Technical Field Services Representative for Western United Dairies ("WUD"), a trade organization that supports dairy farmers in California. Dkt. No. 62 at 3; *see* Dkt. No. 62-1 at 8-9. Plaintiff argues that Kyle Lutz is not a consulting expert because he has already provided testimony in this case in a sworn declaration in support of defendants' motion to dismiss. Dkt. No. 62 at 3-4; *see* Dkt. No. 38-2.

In response, defendants state that they have already produced documents considered by Mr. Lutz in preparing the declaration submitted with defendants' motion to dismiss and will supplement this production if necessary. Dkt. No. 62 at 6. Defendants argue that any further discovery of Mr. Lutz unrelated to his declaration should occur during the expert discovery phase of this action because Mr. Lutz is a consulting expert working with defendants in anticipation of litigation. *Id.* Defendants contend that Travis only joined WUD after receiving plaintiff's notice letter and in anticipation of this litigation. *Id.*

The Court agrees with defendants that Travis has no obligation to produce documents or information not put at issue in Mr. Lutz's declaration until the expert discovery phase of this action. Therefore, the Court DENIES plaintiff's request to compel production of documents responsive to RFPs 22-26 unrelated to Mr. Lutz's declaration.

In sum, the Court GRANTS IN PART and DENIES IN PART defendants' request to compel production.

**IT IS SO ORDERED**.

Dated: March 17. 2026

_____

SUSAN ILLSTON
United States District Judge

3