UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS<br><br>Plaintiff,<br><br>vs.<br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>Defendants. | ) Case Number: 3:24-cv-06632-SI<br>)<br>) **SUPPLEMENTAL JOINT CASE**<br>) **MANAGEMENT STATEMENT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Docket Number 49.

**1.    Jurisdiction & Service**

The parties stated their positions in their Initial Case Management Statement (ECF No. 46) and agree all parties have been served.

**2.    Facts**

The parties stated their statement of facts in their Initial Case Management Statement (ECF No. 46) and in their subsequent briefing for Travis' motion for summary judgment and motion for judgment on the pleadings.

**3.    Legal Issues.**

**Plaintiff's Statement:**

The primary legal issues will include the following:

Page **1** of **2**

1. Whether the Facility meets the definition of a "Medium CAFO," as defined by 40 C.F.R. § 122.23(b)(6);

2. Whether the downstream surface waters into which Plaintiff alleges the discharges occur are waters of the United States pursuant to 33 U.S.C. § 1362(7) and 40 C.F.R. § 120.2; and,

3. Whether Defendants' dairy farm operation requires coverage under a permit issued pursuant to 33 U.S.C. § 1342.

**Defendants' Statement:**

1. Whether Plaintiff performed a reasonable investigation and has established facts to support this lawsuit under the citizen suit provisions to enforce the Clean Water Act, where:

    a. The lead agency for enforcement of the Clean Water Act's requirements, the San Francisco Bay Regional Water Quality Control Board, has inspected Travis' dairy and found there were no present or ongoing violations of the Water Act; and

    b. Plaintiffs' mandatory Rule 26 disclosures demonstrate the absence of facts to support its claim, where Plaintiff has no percipient witness, no testing or test results, and no evidence of the presence or concentration of any contaminants in any discharge from the dairy.

2. Whether Plaintiff can show any impacts to any Waters of the United States which is the prerequisite to this lawsuit.

3. Whether Plaintiff's lawsuit is barred by the private non-delegation doctrine and other provisions of the U.S. Constitution.

**4.    Motions.**

   **Plaintiff's Statement:** There are no motions are pending. Plaintiff may file a motion for summary judgment after conducting discovery.

*Supplemental Joint Case Management Statement*                                           *Case No: 3:24-cv-06632-SI*

**Defendants' Statement:** Travis will file a motion for summary judgment. If Travis is the prevailing party, he will file a motion to recover his attorney fees and costs under 33 U.S.C. § 1365(d).

## 5.    Amendment of Pleadings

**Plaintiff's Statement:**

After receiving Defendants' discovery responses, Plaintiff may seek to further amend the Complaint to reflect claims of additional violations by Defendants or to join additional defendants.

**Defendants' Statement:**

Plaintiff may amend its Answer and affirmative defenses.

## 6.    Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7.    Disclosures

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the parties exchanged initial disclosures on April 4, 2025.

## 8.    Discovery

**Plaintiff's Statement:**

Plaintiff has propounded its first set of written discovery, including requests for admission, requests for production of documents, requests for inspection of Defendants' property, a deposition notice for Defendant Travis Moreda, and interrogatories. Plaintiff has had a difficult time getting documents from Defendants. (See Dkt. No. 63.) Defendants have refused to produce financial records, and the parties continue to work through that discovery dispute. Given Defendants' most recent amended responses to Plaintiff's first set of requests for production of documents, Plaintiff anticipates needing to propound additional written

Page **3** of **4**

discovery. Plaintiff also anticipated completing Mr. Moreda's deposition back in November, but has not been able to do that because of the outstanding discovery disputes.

Plaintiff planned on conducting a wet weather inspection; however, the weather did not cooperate and it seems unlikely that there will be another opportunity this wet season.

**Proposed Discovery Plan**

(A) Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made.

No changes to the timing, form, or requirement for disclosures under Rule 26(a) are necessary in this case, at this time.

(B) Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.

Plaintiff will conduct additional written discovery, as well as depositions and at least one site inspection of the Facility, under wet conditions. Plaintiff anticipates propounding discovery on the nature and extent of potential sources of pollution in Defendants' discharges from the Facility; information relating to Defendants' interactions with the Regional Water Quality Control Board and the California State Water Resources Control Board; and all information pertinent to the penalty factors to be considered under the Act, including, but not limited to, Defendants' financial information relevant to the assessment of civil penalties. Plaintiff also intends to depose Defendants' employees, managers and other agents, as well as agency personnel, who may have information relevant to the case.

(C) Issues about disclosure, discovery, or preservation of ESI.

Plaintiff anticipates the ESI portion of discovery in this case to be relatively minor.

(D) Issues about claims of privilege or of protection as trial-preparation materials.

The parties have been unable to reach agreement on a protective order in this case and, pursuant to the Court's order (Dkt. No. 63) will submit a motion to the Court.

(E) Change to the limitations on discovery imposed under the Federal Rules.

Plaintiff does not anticipate a need to modify the discovery rules at this time.

(F) Any other order the Court should issue under Rule 26(c), or Rule 16(b) and (c).

*Supplemental Joint Case Management Statement*                                    *Case No: 3:24-cv-06632-SI*

Per (D) above, the parties will request that the Court choose a protective order to enter. Aside from the above, no other orders need to be issued at this time.

**Defendants' Statement:**

In ruling on Travis' motion for summary judgment, the Court directed that Plaintiff be given the opportunity to conduct discovery. Travis fully complied with the Court's direction. He responded to all of Plaintiff's discovery requests cited by the Court, and more. Travis has provided his sworn responses to interrogatories, requests for admission, and requests for production of documents. In addition, Travis also offered four dates for his deposition (December 10, 2025, and January 5, 6, and 9, 2026), but none were accepted by Plaintiff. Plaintiff has not attempted to schedule a site inspection.

Plaintiff is incorrect regarding Travis' production of his financial documents. In compliance with the Court's March 17 Order (ECF No. 63), he had already produced all of his financial documents per the Order months ago during the settlement conference that are responsive to Plaintiff's request. The production occurred in reliance upon Plaintiff's written agreement approved by Magistrate Judge Kang that the documents would be limited to attorney eyes only to prevent harm, embarrassment, or harassment to Travis. The remaining issue is the form of a protective order per the Court's March 17 Order. Plaintiff is attempting to revoke its agreement that the financial documents will be kept highly confidential. Plaintiff provides no justification for why its attempts to embarrass Travis are proportional to the needs of this case.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

There are no currently-pending related cases.

**11.    Relief**

**Plaintiff's Statement:**

Plaintiff seeks the following relief:

a. For the Court to declare Defendants to have violated and to be in violation of the Clean Water Act as alleged in Plaintiff's Complaint;

b. For the Court to enjoin Defendants from discharging polluted storm water from the Facility except as authorized by the Clean Water Act;

c. For the Court to enjoin Defendants from further violating the substantive and procedural requirements of the Clean Water Act;

d. For the Court to order Defendants to pay civil penalties of $66,712 per day per violation for all violations occurring after November 2, 2015, pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d) and 1365(a) and 40 C.F.R. §§ 19.1–19.4;

e. For the Court to order Defendants to take appropriate actions to restore the quality of navigable waters impaired or adversely affected by their activities;

f. For the Court to award Plaintiff's costs and fees (including reasonable investigative, attorney, witness, compliance oversight and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d); and,

g. For the Court to award any such other and further relief as this Court may deem appropriate.

**12. Settlement and ADR**

The parties conducted a settlement conference with Magistrate Judge Kang on June 23, 2025, but were unable to resolve the matter. (ECF No. 37.)

**13. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

*Supplemental Joint Case Management Statement*                                    *Case No: 3:24-cv-06632-SI*

**14.    Narrowing of Issues**

**Plaintiff's Statement:** Plaintiff may file a motion for summary judgment in order to narrow the issues for trial in this matter. Plaintiff does not believe this case is suitable for any other mechanisms for narrowing or expediting trial presentation.

**Defendants' Statement:**  Travis will file a motion for summary judgment.

**15.    Expedited Trial Procedure**

This matter is not suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

**16.    Scheduling**

**Plaintiff's Statement:**

Due to the difficulties in obtaining discovery from Defendants, and the difficulties in coordinating a wet weather inspection between parties, consultants, and attorneys while coinciding with a suitable storm event, Plaintiff will not be able to complete its discovery in the timeframe the parties had previously contemplated. Plaintiff now respectfully asks the Court for the following schedule, which will allow discovery during another wet season:

July 31, 2027: Last day for expert disclosure and exchange of expert reports;

September 30, 2027: Fact discovery cut-off;

October 31, 2027: Last day to exchange expert rebuttal reports;

November 30, 2027: Completion of expert discovery;

January 31, 2028: Last day to hear dispositive motions;

March 16, 2028: Pretrial conference statement due and last day to file motions in limine;

March 30, 2028 at 3:30 p.m.: Pretrial conference;

April 12, 2028 – April 16, 2027: Trial

*Supplemental Joint Case Management Statement*                                      *Case No: 3:24-cv-06632-SI*

**Defendants' Statement:**

The parties agreed to an expert discovery and trial schedule in their Initial Case Management Conference Statement with dates one year earlier than what Plaintiff now proposes. (ECF No. 46.) Plaintiff fails to show good cause for delay. Travis fully and promptly responded to every discovery request cited by the Court in its summary judgment ruling, on time, as shown above in this Statement. The prolonged litigation proposed by Plaintiff creates the imminent risk of putting a small family dairy out of business.

**17.    Trial**

The parties estimate the trial will require approximately five court days. Plaintiff has not requested a jury trial.

**18.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, as of this date, other than the named parties, there are no such interests to report.

**19.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

Not Applicable.

Dated: April 10, 2026              /s/ William Carlon
                                   Counsel for Plaintiff


Dated: April 10, 2026              /s/ Alex Moore
                                   Counsel for Defendants

*Supplemental Joint Case Management Statement*                    *Case No: 3:24-cv-06632-SI*

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT JUDGE SUSAN ILLSTON

*Supplemental Joint Case Management Statement*                                    *Case No: 3:24-cv-06632-SI*