| | |
|---|---|
| **From:** | William Carlon <william@carlonlaw.com> |
| **Sent:** | Thursday, April 16, 2026 9:31 PM |
| **To:** | Alex Moore |
| **Cc:** | wverick; Peter Hsiao |
| **Subject:** | Re: CATs v. Moreda; Order on Discovery |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Alex,

We do not have agreement, and we remain at an impasse. Since we have not received your portion of the joint motion, and it does not appear to be forthcoming, we will proceed accordingly.

Best regards,
Will

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Thursday, April 16, 2026 11:07 AM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: CATs v. Moreda; Order on Discovery

Will—

I understand we have either reached agreement on a number of points raised in your portion of the joint statement, or that those arguments no longer apply to this issue such that your portion of the joint motion has now been superseded.   Please send us your revised portion so that we are able to address CAT's remaining arguments without expending effort on points that are moot.

Best regards,
Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Wednesday, April 15, 2026 4:14 PM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: CATs v. Moreda; Order on Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Alex,

We have reviewed the proposed edits and cannot accept them for the following reasons. First, this round of edits does nothing to address the underlying issue that Defendants have failed to articulate why a more stringent class of confidential designation is required. This is highlighted by the fact that your edits use the same language already found in FRCP 26(c) ("from annoyance, embarrassment, oppression, or undue burden"), which is already covered

1

by the definition of "CONFIDENTIAL" information or items ("information . . . or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)"). The edits you propose therefore do not expand the scope, except to protect trade secrets or other competitively sensitive business intelligence, and Defendants have not articulated why that is necessary in this case. Defendants seek to prevent Plaintiff's representatives from accessing the information. Plaintiff is a 501(c)(3) non-profit organization that has no financial interest in Defendants' business. Sharing financial information with Plaintiff's representatives would not risk exposing trade secrets or other competitively sensitive business intelligence. If Plaintiff were a competing dairy or industry group, perhaps your additions would have merit, but that is not the case here.

Moreover, the proposed changes do not address the second or third points that I raised in my email yesterday. The language remains an improper attempt to import the terms of the parties' settlement confidentiality agreement into a court-entered protective order. Furthermore, the edits do not address the issue that Plaintiff's representatives who are key decision-makers in this litigation would not be allowed to receive any documents or information contained therein that is marked Highly Confidential.

We remain at an impasse. Please provide your edits to the joint motion. We were required by the Court to *promptly* file a motion and it has now been almost a month since that order.

Best regards,
Will

---

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Wednesday, April 15, 2026 3:21 PM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: CATs v. Moreda; Order on Discovery

Will—

Following our meet and confer call, we have made additional edits to meet your request to more specifically define what materials can qualify as Highly Confidential.   The burden would be on the designating party to justify this designation.   Please let us know if these additional edits are acceptable.   CAT has been unreasonable to refuse any edits.

Travis will also prepare amended responses to Plaintiff's RFPs 15-21 as discussed during our call.

Best regards,
Alex

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Tuesday, April 14, 2026 12:56 PM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: CATs v. Moreda; Order on Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Alex,

We have reviewed the proposed edits and we cannot agree to the HIGHLY CONFIDENTIAL tier as proposed. Our objections are as follows.

First, the standard for designation is not adequately defined. The proposed definition triggers HIGHLY CONFIDENTIAL protection whenever disclosure to any non-attorney representative of the Receiving Party could cause 'harm, embarrassment, or harassment.' That standard is so broad and subjective as to be effectively unreviewable.

Second, and more fundamentally, the proposed definition expressly encompasses 'financial information already produced by Defendants to Plaintiff after the written agreement by the Parties that this information would be treated as attorneys' eyes only.' That language is an attempt to import the terms of the parties' settlement confidentiality agreement into a court-entered protective order. We have separately briefed why the settlement production does not satisfy Defendants' Rule 34 obligations. Defendants should not be permitted to accomplish through a protective order what they cannot accomplish through their discovery responses: converting a settlement-context exchange into a judicially-enforced substitute for formal production.

Third, the access restrictions in proposed Section 7.3 would exclude CAT entirely from reviewing documents designated HIGHLY CONFIDENTIAL. Under Defendants' proposal, only outside counsel of record, their staff, and retained experts would have access. CAT's own officers and representatives - the client - would be locked out of documents produced in their own case. That result is not appropriate here. This is a public interest environmental enforcement action, not a commercial dispute involving trade secrets or competitively sensitive business intelligence. Defendants have not articulated what harm would result from CAT's representatives reviewing financial documents under the protections of a court-entered order, with all the enforcement mechanisms that entails.

We are prepared to enter the model Northern District protective order without a HIGHLY CONFIDENTIAL tier. If we cannot resolve this at the meet and confer, we will present competing proposals to the Court in the joint motion as previously discussed.

With respect to why the joint discovery dispute statement is required, that is necessary to address Defendants' ongoing failure to actually produce documents pursuant to FRCP 34 that are responsive to RFPs 15-21. As set forth in Plaintiff's section of the joint statement, the production so far is inadequate.

Best regards,
Will

---

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Tuesday, April 14, 2026 11:58 AM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: CATs v. Moreda; Order on Discovery

Will—

As discussed, Travis provided revisions to your proposed protective order on Friday for your review in advance of our meet and confer.  We had hoped this would address Plaintiff's concerns and allow for

meaningful discussion.  We will provide our portion of the joint motion if we are not able to resolve the matter by agreement.

During our meet and confer, we would like to understand why CAT believes there is a need to present both a motion and joint discovery dispute statement to the Court.  Travis has agreed to reproduce his financial documents under the terms of a suitable protective order.  The sole issue—assuming we cannot reach agreement during our meet and confer—is whether the protective order will include a HIGHLY CONFIDENTIAL designation.

Best regards,

Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Tuesday, April 14, 2026 10:44 AM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: CATs v. Moreda; Order on Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Alex,

We never received Defendants' portion of the draft joint motion that you had planned to provide on Friday, April 10th. In order to make the meet and confer this afternoon as productive as possible, please provide Defendants portion by no later than noon today.

Also, as I noted in my April 8th email, we are going to need to get the Court involved with respect to the dispute we have regarding RFPs 15-21. To that end, and for discussion during our call this afternoon, please see the attached draft joint statement.

Thank you,

Will

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Tuesday, April 7, 2026 7:58 PM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: CATs v. Moreda; Order on Discovery

Will—

We reviewed your draft statement and believe it largely misses the point.   First, the Court did not direct Travis to "produce documents responsive to RFPs 15-21 without further delay" when we have already produced those documents.   We told you we would re-number those documents when the protective order is signed.  Second, the remaining issue regarding the form of the order is whether CAT will breach its prior agreement regarding who can review those documents.  To compromise, we will prepare for submission to the Court your protective order with revisions to include a "HIGHLY CONFIDENTIAL" designation and plan to provide this draft this Friday, April 10.   We can then meet and confer regarding our respective drafts on Monday, April 13.  I am currently available at 12:30 p.m., 1:00 p.m., 1:30 p.m., and 2:00 p.m.

Where is your portion of the case management conference statement?

Best regards,

Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Tuesday, April 7, 2026 11:46 AM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: CATs v. Moreda; Order on Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Alex,

It appears that we are at an impasse on the protective order. The Court has instructed us to file a joint motion promptly if the parties are unable to reach an agreement on this issue. To that end, I have drafted a Joint Motion for Entry of a Protective Order. Please provide Defendants' portion by no later than close of business on Thursday, April 9, 2026. The Court has also instructed us to meet and confer on this issue, and though we have discussed

these issues via email, I believe we need to meet via videoconference to satisfy the Court's meet and confer requirements. I would like to meet and confer as soon as possible in an attempt to narrow any issues in the motion, or to avoid filing one altogether. Please advise as to your availability to conduct a videoconference to discuss these issues today from 1pm-5pm, or tomorrow Wednesday April 8 from 9am to 5pm.

Thank you,

Will Carlon

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Monday, April 6, 2026 11:11 AM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: CATs v. Moreda; Order on Discovery

Will—

The parties have a written agreement approved by Magistrate Judge Kang that Travis' sensitive financial documents are to be kept for attorney's eyes only prevent undue harassment and embarrassment to Travis.  Your draft omits this provision.  Please insert it or explain why CAT proposes to break its promise and breach its agreement.  Travis reserves all of his rights to enforce that agreement against CAT.  As such, we decline your current draft of the protective order.

To respond you your inquiries:  Travis has produced his financial documents responsive to RFPs 15-21 and is not withholding additional responsive documents.  We will reproduce the documents without the Settlement bates after a protective order is issued.

Best regards,

Alex

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Wednesday, April 1, 2026 2:38 PM
**To:** Alex Moore <AMoore@KSLAW.com>
**Cc:** wverick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** Re: CATs v. Moreda; Order on Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Alex,

The draft protective order that you propose is not acceptable to Plaintiff. We propose to use the attached protective order instead.

Can you please confirm the following:

1. That Defendants do not intend to produce any financial documents responsive to RFPs 15-21 beyond those already produced during the settlement conference before Magistrate Judge Kang;
2. That Defendants are not withholding any documents responsive to RFPs 15-21for the 2022–present period; and,
3. Whether, once a protective order is in place, Defendants intend to re-produce the documents produced in settlement or whether Plaintiff can use the documents already provided as the operative production.

Thank you,

Will Carlon

---

**From:** Alex Moore <AMoore@KSLAW.com>
**Sent:** Wednesday, April 1, 2026 12:47 PM
**To:** William Carlon <william@carlonlaw.com>
**Cc:** William Verick <wverick@igc.org>; Peter Hsiao <PHsiao@KSLAW.com>
**Subject:** RE: CATs v. Moreda; Order on Discovery

Will—

Travis has provided you with his complete production of financial documents for years 2022 to present that are responsive to Plaintiff's requests under our confidentiality agreement. The Court also directed that we enter into a protective order. We provided you with a draft order that incorporates our previous stipulated confidentiality agreement used to produce documents during our conference with Magistrate Judge Kang. You have provided no draft protective order and no comments on our draft. Please execute the order or provide your own draft order for our review and comment.

Best regards,

Alex

---

**From:** William Carlon <william@carlonlaw.com>
**Sent:** Friday, March 27, 2026 3:53 PM
**To:** Alex Moore <AMoore@KSLAW.com>; Peter Hsiao <PHsiao@KSLAW.com>
**Cc:** wverick <wverick@igc.org>
**Subject:** CATs v. Moreda; Order on Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Dear Alex,

Pursuant to the Court's order (ECF No. 63) (and notwithstanding the typographical error that incorrectly transposed "plaintiff" for "defendants") please advise as to when Defendants intend to produce documents responsive to Requests for Production of Documents 15-21 for the years 2022 to the present.

Thank you,

William Carlon

Law Office of William Carlon

437 Post Street

Napa, CA 94559

(530) 514-4115

PRIVILEGE AND CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law as attorney client and work-product confidential or otherwise confidential communications. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or other use of a transmission received in error is strictly prohibited.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.