WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS MOREDA DAIRY and TRAVIS MOREDA, <br><br> Defendants. | Case No.: 3:24-cv-06632-SI <br><br> **DECLARATION OF WILLIAM N. CARLON** <br><br> Honorable Susan Illston |

I, William N. Carlon, declare as follows:

1

1. I make this declaration based upon personal knowledge, except as to those matters which are stated otherwise. If called, I could, and would, competently testify as follows:

2. I am an attorney licensed to practice in California, admitted to practice before this court, and one of the attorneys of record in this action. I submit this declaration in support of the Parties' Joint Motion for Entry of a Protective Order.

3. On March 17, 2026, the Court ordered Defendants to produce financial information responsive to Plaintiff's Requests for Production of Documents ("RFPs") Nos. 15–21 for the years 2022 to present, subject to entry of a protective order. (Dkt. No. 63 at 2:28–3:2.)

4. As of the date of this declaration, Defendants have not produced any documents responsive to RFPs 15–21 pursuant to the Court's March 17, 2026 Order or the Rule 34 RFPs, and have instead produced documents informally pursuant to the settlement-protected confidentiality statement, relying on that production in their responses to the RFPs.

5. On March 27, 2026, I emailed Defendants' counsel, Alexander Moore, asking when Defendants intended to produce documents responsive to RFPs 15–21 pursuant to the Court's Order. (See Exhibit 3 to Joint Motion.)

6. On April 1, 2026, Mr. Moore responded by email, asserting that Defendants had already satisfied the Court's Order by producing financial documents during the parties' June 2025 settlement conference under a pre-litigation confidentiality agreement. Mr. Moore also transmitted a proposed protective order for Plaintiff's review. (*Id.*)

7. Defendants' proposed order was not a standard litigation protective order. It was a lightly revised version of the pre-litigation confidentiality agreement the Parties had entered for settlement purposes – a bilateral agreement between two parties, not a court order capable of governing the full scope of discovery. It contained no designation procedure, no challenge procedure, no inadvertent-disclosure provision, no provision under Federal Rule of Evidence 502(d), no archival-copy protection for counsel upon final disposition, and no

CARLON DECLARATION                    2                    Case No. 3:24-cv-06632-SI

acknowledgment form for persons receiving protected material. In transmitting this proposal, Defendants also expressed a concern that the financial documents could be used to harass or embarrass them. (*Id.*)

8.    On April 1, 2026, I rejected Defendants' proposed order and countered by email, proposing that the Parties use the Northern District's model stipulated protective order instead. (*Id.*)

9.    On April 6, 2026, Defendants rejected Plaintiff's proposal. On April 7, 2026, I circulated a draft Joint Motion for Entry of a Protective Order to Defendants' counsel and invited Defendants to include their portion, requesting a meet and confer. (*Id.*) On April 10, 2026, Defendants' counsel provided a revised version of Plaintiff's proposed protective order, but did not provide their portion of the joint motion. (*Id.*) The Parties met and conferred via videoconference on April 14, 2026. During the conference, I reiterated Plaintiff's objections to Defendants' proposed "HIGHLY CONFIDENTIAL" tier, including that its standard – triggered whenever disclosure to any officer, director, or employee of CAT could cause "embarrassment" – is already addressed by the "CONFIDENTIAL" tier in the model order, and that the tier's effect would be to exclude CAT's own representatives from reviewing documents produced in their own case. Defendants did not withdraw their proposal. The Parties were unable to reach agreement and remain at an impasse.

10.    At no point during the Parties' meet and confer did Defendants articulate any specific harm that would result from CAT's executive director reviewing financial documents under the restrictions of a court-entered protective order.

11.    CAT's executive director must be able to review the financial documents produced by Defendants in order to make informed decisions about this litigation, including decisions relating to settlement. Without access to those documents, CAT's executive director would be unable to meaningfully instruct counsel or evaluate the merits of the case.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed in Napa, California on April 20, 2026.

CARLON DECLARATION                3                Case No. 3:24-cv-06632-SI

By: /s/ Wiliam N. Carlon

William N. Carlon