WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>            Plaintiff,<br><br>    vs.<br><br>TRAVIS MOREDA DAIRY AND TRAVIS MOREDA,<br><br>            Defendants. | Case No. 3:24-cv-06632-SI<br><br>**PLAINTIFF'S INDIVIDUAL STATEMENT REGARDING DISCOVERY DISPUTE THREE** |

**Plaintiff's Statement:**

    A.   *Description of the Parties' Meet and Confer Efforts and Status of Dispute*

On May 27, 2025, Plaintiff served on Defendants its First Set of Requests for Production of Documents ("RFPs") and First Set of Interrogatories ("Interrogatories"). Defendants served initial responses on November 21, 2025. Plaintiff wrote Defendants on December 3, 2025 identifying deficiencies in those responses, and the parties met and conferred by videoconference on December 18, 2025. Defendants served amended RFP responses on January 23, 2026 and amended Interrogatory responses on February 9, 2026. Plaintiff wrote again on February 4, 2026 identifying continuing deficiencies, and the parties met and conferred by videoconference on February 10, 2026. As a result of that meet and confer process, Defendants agreed to amend their discovery responses, and on April 6, 2026, Defendants made a supplemental document production of fifteen Bates-stamped pages (TMD_000170-TMD_000184) and served Second Amended Responses to the RFPs on April 7, 2026. Unfortunately, the supplemental production and amended responses did not resolve the dispute. On April 20, 2026, Plaintiff prepared a draft Joint Statement regarding this discovery dispute and asked Defendants to provide their portion of the statement by no later than close of business April 24th. At 4:43 p.m. on April 24th, Defendants' counsel responded asking "what issues Plaintiff has with [Defendants'] responses." Plaintiff responded within the hour, stating that the issues raised in the prior meet and confer efforts remained, and asked Defendants to provide their portion of the joint statement before Monday, or Plaintiff would file an individual statement. Defendants did not provide their portion and pursuant to the Court's standing order, Plaintiff submits this individual statement.

    B.   *The Nature of the Dispute*

A true and correct copy of Plaintiff's RFPs is attached hereto as **Exhibit 1**. A true and correct copy of Defendants' Second Amended Responses to the RFPs is attached hereto as **Exhibit 2**. A true and correct copy of Plaintiff Interrogatories is attached hereto as **Exhibit 3**. A true and correct copy of Defendants' Amended Responses to Interrogatories, Set One is attached hereto as **Exhibit 4**.

The present dispute concerns Defendants' responses to Plaintiff's First Set of Requests for Production ("RFP") Nos. 2, 5, 6, 7, 8, 11, and 27, and First Set of Interrogatories Nos. 2, 6, and 12. The requests fall into four substantive categories: (i) CAFO jurisdictional facts under 40 C.F.R. §

122.23 (herd size, confinement practices, and physical facility modifications since July 11, 2019); (ii) discharge evidence (land-application records, containment and basin-level records, weather and precipitation records); (iii) regulatory records (agency correspondence, inspection reports, permit filings, and Annual Reports required by Order No. R2-2016-0031); and (iv) the factual bases for Defendants' affirmative defenses and jurisdictional contentions, including their position on Waters of the United States following *Sackett v. EPA*, 598 U.S. 651 (2023). With respect to the RFPs, Plaintiff contends that Defendants are withholding responsive documents, that Defendants' responses are evasive and raise meritless objections, and that Defendants have improperly narrowed the scope of Plaintiff's requests. Similarly, Defendants have failed to provide complete and responsive requests to Plaintiff's Interrogatories. For example, Plaintiff has requested documents that contain information about the number and type of animals confined at the dairy, and has asked a companion interrogatory to that same effect. (RFP No. 2 and Interrogatory No. 2.) Defendants' responses to these requests are incomplete and do not include information that is responsive to the requests (such as actual herd inventory records, milk production records, veterinary and medication records, and animal purchase and sale records for the full relevant period). In response to Interrogatory No. 2, Defendants do not provide a year-by-year total of the number of animals that they confine. Defendants deny that they meet the definition of a Medium CAFO (as defined by 40 C.F.R. § 122.23(b)(6), and so this discovery is highly relevant to the claims and defenses in this case.

The Court's Standing Order for Civil Cases limits joint statements on discovery disputes to five pages of substantive text. Plaintiff respectfully submits that good cause exists to expand that limit here. The dispute implicates seven document requests and three interrogatories spanning four substantive categories, each of which requires a distinct relevance, proportionality, and completeness analysis under Rules 26(b)(1) and 34(b)(2)(C), and each of which is tied to facts spanning the July 11, 2019 through present statute-of-limitations period. A 2.5-page per-side allowance does not permit the parties to identify the specific categorical deficiencies, the evidentiary record supporting their positions, and the governing authorities. Plaintiff therefore respectfully requests that the Court authorize more formal briefing on these issues.

Dated: April 27, 2026               Respectfully Submitted,

LAW OFFICE OF WILLIAM CARLON

By:   /s/ William N. Carlon

William N. Carlon
Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS