PETER HSIAO (Bar No. 119881)
*phsiao@kslaw.com*
ALEXANDER MOORE (Bar No. 340994)
*amoore@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    +1 213 443 4355
Facsimile:    +1 213 443 4310

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>                    Defendants. | Case No. 3:24-CV-06632-SI<br><br>[Assigned for All Purposes to the Honorable Susan Illston, Department 1]<br><br>**DEFENDANTS' SECOND AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**<br><br>Complaint Filed:    September 20, 2024 |

**PROPOUNDING PARTY: Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS**

**RESPONDING PARTIES: Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA**

**SET NUMBER: ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA ("Travis"), hereby submits these amended objections and responses to the Requests for Production, Set One, of CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

Nothing in this response should be construed as an admission by Travis with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiff's Requests for Production of Documents, Set One. Travis has not fully completed his discovery and investigation of the facts relating to this case and has not completed preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Travis. Travis responds based only on those contentions and information which are presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Travis' right to produce evidence at trial, or otherwise, regarding any subsequently discovered facts or information. Travis reserves the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS identified in your responses to PLAINTIFF's First Set of Interrogatories, served herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Travis incorporates his Preliminary Statement as if fully set forth herein.

Subject to and without waiving his Preliminary Statement, and after performing a

1

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

reasonable inquiry and diligent search, Travis produced the documents in his possession, custody or control responsive to this Request. See the documents produced as TMD_000001 through TMD_000141, TMD_000145 through TMD_000169, along with Plaintiff's production at PLF000024 though PLF000028. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that refer or relate to the number and type of animals (including mature dairy cows, heifers, calves, or other livestock) confined at the FACILITY at any time from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request, including but not limited to its stated time period, is overbroad because it relates to a time period that is not relevant to this case, and because the request for all documents that refer or relate to the type of animals (for example, a receipt) would also be unduly burdensome and not proportional to the needs of this case. Travis further objects to the term "confined" as vague and ambiguous, but responds to this Request by giving this term its regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control responsive to this Request that identify the number and type of animals at the dairy. See the documents produced as TMD_000001 (Travis' Waste Management Plan) and TMD_000020 (Travis' Nutrient Management Plan). Travis is not withholding any responsive documents on the basis of his objections. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 3:**

All maps, schematics, diagrams, or aerial images of the FACILITY that IDENTIFY the locations of barns, corrals, retention basins, STORM WATER CONVEYANCES, surface waters, and STORM DRAINS.

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad and unduly burdensome because it is not limited in time, and because the request for all maps and related documents (for example, a roadmap or atlas) would also be unduly burdensome and not proportional to the needs of this case.  Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including its illegal drone footage of Travis' dairy.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control responsive to this Request that include maps, schematics, diagrams, and aerial images of the dairy that show the locations of barns, corrals, retention basins, stormwater conveyances, surface waters, and the drainage system.  See the documents produced as TMD_000001 (Travis' Waste Management Plan), TMD_000020 (Travis' Nutrient Management Plan), and TMD_000129 (the Regional Water Board Inspection Report).  Travis is not withholding any responsive documents on the basis of his objections.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that IDENTIFY the design capacity, operational capacity, and freeboard calculations for each retention basin or lagoon at the FACILITY from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case.  Travis further objects that documents sufficient to respond to this Request are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control

identifying the design capacity, operational capacity, and freeboard calculations for each retention basin at his dairy. See the documents produced as TMD_000001 (Travis' Waste Management Plan) and TMD_000020 (Travis' Nutrient Management Plan). Travis is not withholding any responsive documents on the basis of his objections. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, including but not limited to application logs or field records, that IDENTIFY each instance of land application of manure, wastewater, or other POLLUTANTS at or near the FACILITY from July 11, 2019, to the present, including the volume, method of application, location, and date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case. Travis further objects that documents sufficient to respond to this Request are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action. Travis further objects to the terms "application logs," "field records," and "method of application" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control identifying each instance of land application of manure at his dairy, including volume, date, and location. See the document produced as TMD_000020 (Travis' Nutrient Management Plan). Travis is not withholding any responsive documents on the basis of his objections. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that IDENTIFY any actual or potential DISCHARGE of manure, wastewater, STORM WATER, or other POLLUTANTS from the FACILITY, including those occurring on or around February 1, 2024, February 10, 2024, or any SIGNIFICANT RAIN EVENT

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

as listed in Exhibit 1 to the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad to the extent it encompasses matters going well beyond the issues alleged in the operative Complaint, including "potential DISCHARGE[s]" that are not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Travis has performed a reasonable inquiry and diligent search and has identified no documents responsive to this Request. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 7:**

All communications, inspection reports, enforcement correspondence, or other DOCUMENTS exchanged between YOU and the REGIONAL BOARD, STATE BOARD, or EPA concerning compliance with the CLEAN WATER ACT, or NPDES permitting from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case and because the request for all communications and other documents (for example, communications with a regulatory agency nominally related to the agency's duties under the Clean Water Act) would also be unduly burdensome and not proportional to the needs of this case. Travis further objects that documents sufficient to respond to this Request are equally available to or already in the possession, custody or control of Plaintiff, including documents already produced in this action. Travis further objects to the terms "communications," "inspection reports," "enforcement correspondence," and "STATE BOARD" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis, including understanding "STATE BOARD" to refer to the California State Water Resources Control Board.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

exchanged with regulatory agencies concerning Travis' compliance with the Clean Water Act.  See the documents produced as TMD_000001 (Travis' Waste Management Plan), TMD_000020 (Travis' Nutrient Management Plan), and TMD_000129 (the Regional Water Board Inspection Report).  Travis is not withholding any responsive documents on the basis of his objections. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS reflecting any inspections, evaluations, or site visits by governmental agencies or private consultants regarding DISCHARGES, STORM WATER, manure or waste management, or environmental compliance at the FACILITY from July 11, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request, is overbroad because it relates to a time period that is not relevant to this case and because the request for all documents reflecting inspections, evaluations, or site visits by governmental agencies or private consultants regarding these topics would also be unduly burdensome and not proportional to the needs of this case.  Travis further objects that this Request seeks documents equally available to or already in the possession, custody or control of Plaintiff, including the Regional Water Board Report already produced in this action.  Travis further objects that this Request as premature expert discovery to the extent it seeks documents by private consultants hired by Travis as experts.  Travis further objects to the terms "inspections," "evaluations," "site visits," "private consultants," as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.  Travis further objects to the term "environmental compliance" as vague and ambiguous, but responds to this Request understanding this term refers to compliance under the Clean Water Act.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control reflecting inspections, evaluations, or site visits by governmental agencies or private consultants regarding discharges, stormwater, manure or waste management, or environmental compliance at Travis' dairy.  See the document produced as TMD_000129 (the Regional Water Board Inspection

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Report).  Travis is not withholding any responsive documents on the basis of his objections. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 9:**

All standard operating procedures, management plans, training manuals, or protocols in effect since July 11, 2019, that DESCRIBE manure handling, STORM WATER management, lagoon operation, and DISCHARGE prevention at the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case.  Travis further objects that this Request seeks documents equally available to or already in the possession, custody or control of Plaintiff, including the Nutrient Management Plan and Waste Management Plan already produced in this action.  Travis further objects to the terms "standard operating procedures," "training materials," "protocols," and "lagoon management" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control constituting Travis' management plans and protocols describing waste management, lagoon operation, and discharge prevention at his dairy.  See the documents produced as TMD_000001 (Travis' Waste Management Plan) and TMD_000020 (Travis' Nutrient Management Plan).  Travis is not withholding any responsive documents on the basis of his objections.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to any application for or consideration of coverage under a NPDES permit, including any draft or submitted Notices of Intent, requests for termination, or correspondence concerning the applicability of such permits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further

7

objects that this Request is overbroad because it relates to a time period that is not relevant to this case. Travis further objects to the terms "requests for termination" and "correspondence" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, Travis has performed a reasonable inquiry and diligent search and has identified no documents responsive to this Request because Travis is not required to have an NPDES permit. Travis is covered by a general permit under the terms of Order No. R2-2016-0031. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 11:**

All weather tracking logs, precipitation forecasts, or other DOCUMENTS used to anticipate storm events or determine application timing for manure or wastewater at the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case and because the request for all weather tracking logs, precipitation forecasts, and other documents (for example, snippets of weather forecast websites not kept in the ordinary course of Travis' business) would also be unduly burdensome and not proportional to the needs of this case. Travis further objects that documents responsive to this Request are equally available to or already in the possession, custody or control of Plaintiff. Travis further objects to the terms "weather tracking logs," "precipitation forecasts," and "storm events" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control used to identify application timing for manure and wastewater at his dairy. See the document produced as TMD_000020 (Travis' Nutrient Management Plan). Travis is not withholding any responsive documents on the basis of his objections. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 12:**

All photographs or videos taken at or of the FACILITY from July 11, 2019, to the present that depict retention basins, land application areas, STORM WATER CONVEYANCES, or any water body including the unnamed creek and Laguna Lake.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case and because the request for all photographs or videos (for example, photos of Travis' family that include dairy features in the background) would also be unduly burdensome and not proportional to the needs of this case.  Travis further objects that this Request seeks documents equally available to or already in the possession, custody or control of Plaintiff, including its illegal drone footage of Travis' dairy.  Travis further objects to the term "unnamed creek" as vague and ambiguous, but responds to this request with the understanding that the term refers to a manmade ditch on Travis' property.  Travis further objects to the term "Laguna Lake," which Travis understands refers to an unnamed lagoon/seasonal water basin adjacent to his dairy with a manmade levy.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing photographs showing his retention basins, land application areas, storm water conveyances, the manmade ditch running through his property, and the unnamed lagoon.  See the documents produced as TMD_000020 (Travis' Nutrient Management Plan), TMD_000129 (the Regional Water Board Inspection Report),  and TMD_000145 (photographs of Travis' improvements).  Travis is not withholding any responsive documents on the basis of his objections.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS reviewed, referred to, or relied upon in drafting YOUR Answer to the Complaint, including YOUR denials of Paragraphs 51–69, and 73–74.

//

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects to this Request as compound, as it includes multiple separate inquiries that should be broken down into distinct Requests.  Travis further objects that this Request is duplicative of other Requests, including, but not limited to, Request Nos. 2, 4, 6, 8, 10, 12, and 23–27.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control responsive to this Request.  See the documents produced as TMD_000020 (Travis' Nutrient Management Plan) and TMD_000129 (the Regional Water Board Inspection Report), and Plaintiff's production at PLF000025 through PLF000028.  Travis is not withholding any responsive documents on the basis of his objections.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 14:**

All liability insurance policies, pollution insurance policies, or other agreements in effect at any time from July 11, 2019, to the present, that may provide coverage for legal defense costs, penalties, or injunctive relief related to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case.  Travis further objects to the terms "liability insurance policies," "pollution insurance policies," and "other agreements" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, Travis has performed a reasonable inquiry and diligent search and has identified no documents responsive to this Request.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS setting forth each DEFENDANT's assets, liabilities and net worth at all times between July 11, 2019 to the present, including but not limited to all real property

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

held by all DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad, because it relates to a time period that is not relevant to this case and because the request for all documents setting forth Travis' assets, liabilities, and net worth (for example, a receipt) would also be unduly burdensome and not proportional to the needs of this case. Travis further objects to the burdensome scope of this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis produced documents establishing Travis' assets, liabilities, and net worth. See the sensitive financial information already produced, subject to confidentiality agreement, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223 (including Travis' 2024 Balance Sheet, tax returns for years 2019 through 2024, Form 1099s for years 2019 through 2024, and Travis' mortgage statement). The parties agreed to a confidentiality agreement as a means of managing Travis' sensitive financial information, and Magistrate Judge Kang adopted procedures whereby Plaintiff could choose to dispute the sufficiency of Travis' production. Plaintiff chose not to follow these procedures. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS that refer, relate or pertain to each DEFENDANT's income from July 11, 2019 to the present, including but not limited to all statements of annual gross income and annual net income, whether audited or unaudited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further

11

objects that this Request is overbroad because it relates to a time period that is not relevant to this case, and because the request for all documents pertaining to income (for example, individual pay stubs or interest statements) would also be unduly burdensome and not proportional to the needs of this case.  Travis further objects to the burdensome scope of this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis produced documents establishing Travis' income.  See the sensitive financial information already produced, subject to confidentiality agreement, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 through TMD-SETTLEMENT_000223 (including Travis' 2024 Balance Sheet, tax returns for years 2019 through 2024, Form 1099s for years 2019 through 2024, and Travis' mortgage statement).  The parties agreed to a confidentiality agreement as a means of managing Travis' sensitive financial information, and Magistrate Judge Kang adopted procedures whereby Plaintiff could choose to dispute the sufficiency of Travis' production.  Plaintiff chose not to follow these procedures.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS comprising each DEFENDANTS's federal income tax returns for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case.  Travis further objects to the burdensome scope of this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of

12

Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis produced his federal tax returns.   See the sensitive financial information already produced, subject to confidentiality agreement, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000152 through TMD-SETTLEMENT_000169 (Travis' federal tax returns for years 2019 through 2024).  The parties agreed to a confidentiality agreement as a means of managing Travis' sensitive financial information, and Magistrate Judge Kang adopted procedures whereby Plaintiff could choose to dispute the sufficiency of Travis' production.  Plaintiff chose not to follow these procedures. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that comprise each DEFENDANT's IRS form 1099s submitted to the IRS for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO.18:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case.  Travis further objects to the burdensome scope of this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis produced his IRS form 1099s.  See the sensitive financial information already produced, subject to confidentiality agreement, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000170 through TMD-SETTLEMENT_000215 (Travis' Form 1099s for years 2019 through 2024).  The parties agreed to a confidentiality agreement as a means of managing Travis' sensitive financial information, and

13

Magistrate Judge Kang adopted procedures whereby Plaintiff could choose to dispute the sufficiency of Travis' production.  Plaintiff chose not to follow these procedures.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that comprise each DEFENDANT's personal or business bank account statements, including all brokerage accounts containing stocks, bonds or retirement fund accounts for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case, and because the request for all personal and business bank account statements (for example, routine monthly statements) would also be unduly burdensome and not proportional to the needs of this case.  Travis further objects to the burdensome scope of this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Travis further objects that and because documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis produced documents establishing his bank account holdings. See the sensitive financial information already produced, subject to confidentiality agreement, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 (sworn statement attesting to bank account holdings).  The parties agreed to a confidentiality agreement as a means of managing Travis' sensitive financial information, and Magistrate Judge Kang adopted procedures whereby Plaintiff could choose to dispute the sufficiency of Travis' production.  Plaintiff chose not to follow these procedures.  Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS evidencing any DEFENDANT's ownership, in whole or in

14

part, of real property for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case, and because the request for all documents evidencing ownership (for example, duplicative mortgage statements) would also be unduly burdensome and not proportional to the needs of this case. Travis further objects to the burdensome scope of this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis produced documents establishing his ownership of real property. See the documents already produced, subject to confidentiality agreement, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000146 (sworn statement attesting to real property ownership) and TMD-SETTLEMENT_000216 (mortgage statement). The parties agreed to a confidentiality agreement as a means of managing Travis' sensitive financial information, and Magistrate Judge Kang adopted procedures whereby Plaintiff could choose to dispute the sufficiency of Travis' production. Plaintiff chose not to follow these procedures. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS evidencing any DEFENDANT's leasehold interest in, in whole or in part, real property for all years from 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case, and because the request for all documents evidencing leasehold interest (for example,

15

duplicative rent statements) would also be unduly burdensome and not proportional to the needs of this case. Travis further objects to the burdensome scope of this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Travis further objects that documents sufficient to respond to this Request are already in the possession, custody or control of Plaintiff, including documents already produced in this action during the parties' Settlement Conference before Magistrate Judge Kang.

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis produced documents establishing his leasehold interests. See the sensitive financial information already produced, subject to confidentiality agreement, during the parties' Settlement Conference before Magistrate Judge Kang: TMD-SETTLEMENT_000222 (sworn statement regarding leasehold interests). The parties agreed to a confidentiality agreement as a means of managing Travis' sensitive financial information, and Magistrate Judge Kang adopted procedures whereby Plaintiff could choose to dispute the sufficiency of Travis' production. Plaintiff chose not to follow these procedures. Discovery is ongoing and Travis reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting or relating to communications between YOU and KYLE LUTZ of WESTERN UNITED DAIRIES that refer or relate to the CLEAN WATER ACT, NPDES permitting, manure management, lagoon capacity, STORM WATER management, DISCHARGES, or the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it is not limited in time, and because the request seeks the production of documents that are protected as consulting expert protected communications under Rule 26(b)(4)(D) and may also be protected under the attorney-client privilege and as work product. Mr. Lutz may be designated in the future as a testifying expert, but that decision has not yet been made.

Subject to and without waiving the foregoing objections, Mr. Lutz is a consulting expert

16

employed by Western United Dairies, and Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS provided to, received from, or shared with KYLE LUTZ or WESTERN UNITED DAIRIES concerning the FACILITY's regulatory compliance, including but not limited to compliance with the CLEAN WATER ACT, the GENERAL PERMIT, or any state-issued waste discharge requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that this Request is overbroad because it is not limited in time, and because the request seeks the production of documents that are protected as consulting expert protected communications under Rule 26(b)(4)(D) and may also be protected under the attorney-client privilege and as work product.  Mr. Lutz may be designated in the future as a testifying expert, but that decision has not yet been made.  Travis further objects to the terms "regulatory compliance" and "state-issued waste discharge requirements" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, Mr. Lutz is a consulting expert employed by Western United Dairies, and Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting any site visits, evaluations, or technical assistance provided by KYLE LUTZ or WESTERN UNITED DAIRIES at or concerning the FACILITY since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Travis incorporates his Preliminary Statement.  Travis further objects that this Request is overbroad because it relates to a time period that is not relevant to this case, and because the request seeks the production of documents that are protected as consulting expert protected communications under Rule 26(b)(4)(D) and may also be protected under the attorney-client

privilege and as work product. Mr. Lutz may be designated in the future as a testifying expert, but that decision has not yet been made. Travis further objects to the terms "site visits," "evaluations," and "technical assistance" as vague and ambiguous, but responds to this Request by giving these terms their regular meaning as understood by Travis.

Subject to and without waiving the foregoing objections, Mr. Lutz is a consulting expert employed by Western United Dairies, and Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS reflecting any advice, opinions, recommendations, or assessments offered by KYLE LUTZ or WESTERN UNITED DAIRIES concerning whether YOU are required to obtain a NPDES permit, comply with the GENERAL PERMIT, or take any action to prevent DISCHARGES from the FACILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Travis incorporates his Preliminary Statement as if fully set forth herein. Travis further objects that this Request is overbroad because it is not limited in time, and because the request seeks the production of documents that are protected as consulting expert protected communications under Rule 26(b)(4)(D) and may also be protected under the attorney-client privilege and as work product. Mr. Lutz may be designated in the future as a testifying expert, but that decision has not yet been made.

Subject to and without waiving the foregoing objections, Mr. Lutz is a consulting expert employed by Western United Dairies, and Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS reviewed, referred to, or relied upon by YOU in communications with KYLE LUTZ or WESTERN UNITED DAIRIES relating to the subject matter of this action, including YOUR asserted compliance with the CLEAN WATER ACT and YOUR denial of the allegations in the Complaint.

//

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Travis incorporates his Preliminary Statement as if fully set forth herein.  Travis further objects that the request seeks the production of documents that are protected as consulting expert protected communications under Rule 26(b)(4)(D) and may also be protected under the attorney-client privilege and as work product.  Mr. Lutz may be designated in the future as a testifying expert, but that decision has not yet been made.

Subject to and without waiving the foregoing objections, Mr. Lutz is a consulting expert employed by Western United Dairies, and Travis will further respond to expert discovery at the appropriate time during the expert discovery phase of this action.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS relating to any modifications made during the RELEVANT TIME PERIOD to the FACILITY's liquid waste storage or conveyance system, including but not limited to modifications to lagoons, retention basins, pumps, piping, or other infrastructure used to store or transport liquid manure, process wastewater, or storm water. This request includes, but is not limited to:

   a.   Engineering plans, diagrams, or specifications;

   b.   Construction records or as-built drawings;

   c.   Communications with consultants, contractors, or regulatory agencies;

   d.   Permits, permit applications, or notices submitted to any governmental agency;

   e.   Internal memoranda, meeting notes, or reports regarding the need for or effect of the modifications;

   f.   Any DOCUMENTS referencing or analyzing the FACILITY's ability to retain or manage waste or runoff from a 25-year, 24-hour storm event before or after such modifications

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Travis incorporates his Preliminary Statement and Objections to Instructions and Definitions as if fully set forth herein.  Travis further objects that this Request because the request for all documents reviewed relating to any modifications made to the dairy's liquid waste storage or conveyance system (for example, receipts) would be unduly burdensome and not proportional

19

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

to the needs of this case. Travis further objects to this Request as compound, as it includes multiple separate inquiries that should be broken down into distinct Requests. Travis further objects to the use of the undefined term "RELEVANT TIME PERIOD" as vague and ambiguous, but answers this Request by giving the term "RELEVANT TIME PERIOD" the meaning "November 27, 2019 to present."

Subject to and without waiving the foregoing objections, and after performing a reasonable inquiry and diligent search, Travis is producing documents in his possession, custody or control relating to the improvements made to Travis' dairy as described at ECF Nos. 38 at 3–5 and 38-2 at ¶ 4, Exh. D. See the documents produced as TMD_000001 (Travis' Waste Management Plan), TMD_000020 (Travis' Nutrient Management Plan), TMD_000126 (List of Improvements), TMD_000129 (the Regional Water Board Inspection Report), and TMD_000145 (photographs of improvements). Travis is not withholding any responsive documents on the basis of his objections.

Discovery is ongoing and Travis reserves the right to amend or supplement this response.

Dated: April 6, 2026                                     **KING & SPALDING LLP**

By: _____
        Alexander Moore
        *Attorneys for Defendants*
        *Travis Moreda Dairy and Travis Moreda*

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

**PROOF OF SERVICE**

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed by the law firm of King & Spalding LLP. My business address is 50 California Street, Suite 3300, San Francisco, CA 94111.

On the date specified below, I served the within:

**DEFENDANTS' SECOND AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**

on the parties in this proceeding, as addressed below, by causing true copies thereof to be distributed as follows:

Law Office of William Carlon
437 Post Street
Napa, CA 94559
william@carlonlaw.com
wverick@igc.org
brian@brianacree.com
dhwill7@gmail.com

[ X ]   **BY ELECTRONIC MAIL:**  by transmitting the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 6, 2026, at San Francisco, California.

_____
Kabaila Everett

21

SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE