WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS for ALTERNATIVES to TOXICS, a non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>　　　　Defendants. | Case No. 3:24-cv-06632-SI<br><br>**PLAINTIFF CALIFORNIANS FOR ALTERNATIVES TO TOXICS' INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:    Plaintiff CALIFORNIANS for ALTERNATIVES to TOXICS

RESPONDING PARTIES:    Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA

SET NUMBER:                ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff CALIFORNIANS for ALTERNATIVES to TOXICS ("PLAINTIFF") hereby requests that Defendants TRAVIS MOREDA DAIRY and TRAVIS MOREDA ("DEFENDANTS") respond to the following interrogatories under oath within 30 days from the date of service.

## INSTRUCTIONS

A.      Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state its reasons for objection and shall answer to the extent the interrogatory is not objectionable.

B.      The answers are to be signed by the person making them, and the objections signed by the attorney making them.

C.      The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, upon the propounding party within 30 days after the service of the interrogatories.

D.      All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

E.      Each answer must be as complete and as straightforward as the information reasonably available to the responding party permits.  If an interrogatory cannot be answered completely, the responding party must answer it to the extent possible.

F.      If the responding party does not have enough personal knowledge to fully answer an interrogatory, it must so state and make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

G.      Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the

document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

H.      Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

## DEFINITIONS

1.      "YOU" and "YOUR" as used herein refers to DEFENDANTs, their agents, employees, consultants, insurance companies, attorneys, accountants, investigators, and anyone else acting on DEFENDANTS' behalf.

2.      "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

3.      "CLEAN WATER ACT" or "CWA" means the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq*.

4.      "FACILITY" as used herein refers to the FACILITY located at 3243 Spring Hill Road near Petaluma, California.

5.      "FLOWING" as used herein shall mean "moving from."

6.      "HAZARDOUS MATERIALS" or "HAZARDOUS SUBSTANCES" as used herein shall mean all substances designated under Section 101(14) of Comprehensive Environmental Response, Compensation and Liability Act.

7.      "DISCHARGE" or "DISCHARGED" as used herein shall mean any spilling, leaking, pumping, pouring, emitting, emptying or dumping off the property.

8.       "REGIONAL BOARD" as used herein refers to the California Regional Water Quality Control Board, San Francisco Bay Region, and its agents, employees, staff, Board members and anyone else acting on its behalf.

9.      "STATE BOARD" as used herein refers to the California State Water Resources Control Board and its agents, employees, staff, Board members and anyone else acting on its behalf.

10.      "EPA" as used herein refers to the United States Environmental Protection Agency.

11.      "NAVIGABLE WATERS" is used herein as defined in the Federal Water Pollution

Control Act and its implementing regulations.

12.    "STORM WATER" means storm water runoff, snow melt runoff, and storm water surface runoff and drainage.

13.    "POLLUTANT" or "POLLUTANTS" shall mean the same as it does under Section 502 of the Clean Water Act ("dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water").

14.    "WATER QUALITY CRITERIA" or "WATER QUALITY CRITERION" is used herein as including both "criteria" and "Section 304(a) Criteria" as those terms are defined by EPA in Title 40, Section 131.3 of the Code of Federal Regulations (40 C.F.R. § 131.3).

15.    "STORM DRAIN" or "STORM DRAINS" refers to any drop inlets that collect or convey STORM WATER at the FACILITY.

16.    "STORM WATER SAMPLING LOCATION" or "STORM WATER SAMPLING LOCATIONS" is used herein as used in the GENERAL PERMIT.

17.    "STORM WATER CONVEYANCE" or "STORM WATER CONVEYANCES" refers to any conveyance within the FACILITY which is used for collecting and conveying STORM WATER.

18.    "DOCUMENT" means any kind of writing or document, including but not limited to the original or a copy of handwritten or typewritten letters, memoranda or forms, any printed items, photographs, videotapes, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, and as defined in Rule 34(a) of the Federal Rules of Civil Procedure.

19.    "ADDRESS" means the street address, including the city, state, and zip code.

20.    "IDENTIFY" or "IDENTITY" when used with reference to a PERSON, means to state his or her full name, present or last known ADDRESS, telephone number, present or last known position and business affiliation, employer, title, and position, and his or her relationship to YOU.

PLF'S. INTERROGATORIES, Set One          4          Case No. 3:24-cv-06632-SI

21.    "IDENTIFY" or "IDENTITY" when used with reference to a writing or DOCUMENT, means to state with respect thereto sufficient information to support a *subpoena duces tecum* or to support a request to produce under the applicable section of the Federal Rules of Civil Procedure, including, but not limited to:

a.    the title of the DOCUMENT;

b.    the name of the PERSON who prepared it;

c.    the name of the PERSON by or under whom it was issued;

d.    the name of each PERSON to whom it was addressed or distributed;

e.    a description of the nature, content, and substance of the DOCUMENT;

f.    its date, and if it bears no date, the date it was prepared;

g.    any other particulars as may reasonably be necessary to enable the propounding party to understand the nature and general substance of the DOCUMENT, and also to identify that DOCUMENT in a manner sufficient to distinguish it from all other writings;

h.    the physical location of the DOCUMENT and the name of its custodian or custodians;

i.    a statement whether the DOCUMENT will be voluntarily produced and made available to the plaintiffs for inspection and photocopying; and

j.    if any such DOCUMENT is no longer in YOUR possession or subject to YOUR control, state what disposition was made of it.

22.    "IDENTIFY" or "IDENTITY" when used with reference to an oral communication, conference, or meeting means to state the date of the communication, conference or meeting, the identity of all parties to the communication, conference or meeting, the subject matter of the communication, conference or meeting, and the general substance of what was said and/or transpired.

23.    "IDENTIFY" or "IDENTITY" when used with reference to anything other than a PERSON, a writing or DOCUMENT, an oral communication, conference or meeting, means to state the relevant dates, the identity of all parties involved, and all other information relating to the subject

matter of the interrogatory.

24.    "DESCRIBE" or "STATE ALL FACTS" means to provide all information relating to the subject matter of the interrogatory including, but not limited to, the dates of all related events, substance of relevant communications, the IDENTITIES of all PERSONS with knowledge of the subject matter, and the IDENTITIES of DOCUMENTS.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY each National Pollutant Discharge Elimination System ("NPDES") permit, including general or individual coverage, held by YOU at any time since July 11, 2019, for the FACILITY, and describe the scope of coverage, effective dates, and permit numbers.

**INTERROGATORY NO. 2:**

State the total number of mature dairy cows, calves, and any other livestock confined at the FACILITY at any time from July 11, 2019, to the present, including the duration of confinement and whether any crops, vegetation, or forage were sustained in the areas of confinement during that time.

**INTERROGATORY NO. 3:**

DESCRIBE all DISCHARGES of POLLUTANTS, including but not limited to STORMWATER containing POLLUTANTS, manure, process wastewater, and washwater, from the FACILITY from July 11, 2019, to the present, including the date, nature, volume, duration, and receiving waterbody of each DISCHARGE.

**INTERROGATORY NO. 4:**

IDENTIFY and DESCRIBE all structures and systems at the FACILITY used to manage or store manure, process wastewater, and STORMWATER runoff, including the size, design capacity, and operational procedures for each system, and the date each system was installed.

**INTERROGATORY NO. 5:**

IDENTIFY all incidents since July 11, 2019, where any retention basin, lagoon, or other manure or wastewater storage structure at the FACILITY exceeded its storage capacity or DISCHARGED material to surface waters, including the date, duration, and estimated volume of any such overflow or DISCHARGE.

**INTERROGATORY NO. 6:**

DESCRIBE the methods and timing used to apply liquid or solid manure to land at or near the FACILITY since July 11, 2019, including the fields involved, the quantities applied, application rates, and whether any applications occurred within 48 hours before, during, or after a precipitation event.

**INTERROGATORY NO. 7:**

DESCRIBE the FACILITY'S practices, procedures, or infrastructure for preventing surface water from coming into direct contact with confined animals, manure stockpiles, or other POLLUTANT sources.

**INTERROGATORY NO. 8:**

State whether YOU have ever applied for coverage under the Industrial General Permit (Order No. 2014-0057-DWQ as amended), and if not, explain why.

**INTERROGATORY NO. 9:**

DESCRIBE all STORMWATER or wastewater sampling, monitoring, or testing conducted at or in connection with the FACILITY from July 11, 2019, to the present, including the dates, parameters tested, sampling locations, and test results.

**INTERROGATORY NO. 10:**

IDENTIFY all documents, that constitute, summarize, DESCRIBE, relate to or refer to reports of laboratory analysis of STORMWATER or wastewater samples collected at or in connection with the FACILITY from July 11, 2019 to the present.

**INTERROGATORY NO. 11:**

IDENTIFY each person with knowledge of the FACILITY'S manure management, STORMWATER management, or wastewater handling practices from July 11, 2019, to the present, and state the nature of their knowledge.

**INTERROGATORY NO. 12:**

IDENTIFY each water body located on or downstream of the FACILITY that DEFENDANTS contend is not a "water of the United States" within the meaning of the CLEAN WATER ACT, including the basis for that contention and any evidence supporting it.

**INTERROGATORY NO. 13:**

DESCRIBE all efforts undertaken by DEFENDANTS since July 11, 2019, to determine whether the FACILITY is required to obtain NPDES permit coverage, including any communications with the STATE BOARD, REGIONAL BOARD, or EPA.

**INTERROGATORY NO. 14:**

IDENTIFY and DESCRIBE with specificity all modifications made to the FACILITY's liquid waste storage or conveyance system during the RELEVANT TIME PERIOD, including but not limited to any modifications to increase the capacity of lagoons, retention basins, or other liquid waste containment structures, or to alter the means by which liquid waste is transported between areas where it is generated and where it is stored. For each such modification, state:

    a.  The date construction commenced and the date it was completed;

    b.  The nature and purpose of the modification;

    c.  The identity of the PERSON(S) or ENTITY(IES) who designed, constructed, or oversaw the modification;

    d.  The engineering basis or design standard for the modification (e.g., 25-year, 24-hour storm event capacity); and

    e.  Whether any such modification was submitted to, reviewed, or approved by any governmental agency, and if so, identify the agency and the date and nature of such submission, review, or approval.

**INTERROGATORY NO. 15:**

IDENTIFY the person most knowledgeable about any modifications made to the FACILITY's liquid waste storage or conveyance system during the RELEVANT TIME PERIOD, including but not limited to any modifications to increase the capacity of lagoons, retention basins, or other liquid waste containment structures, or to alter the means by which liquid waste is transported between areas where it is generated and where it is stored.

//

//

//

Dated: May 27, 2025                          LAW OFFICE OF WILLIAM CARLON

_____
William N. Carlon
Attorney for Plaintiff
Californians for Alternatives to Toxics

**PROOF OF SERVICE**

I, William N. Carlon, declare as follows:

I am a resident of the State of California, and employed in Napa, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 437 Post Street, Napa, California 94559.

On May 27, 2025 I served the following document(s):

**PLAINTIFF CALIFORNIANS for ALTERNATIVES to TOXICS' INTERROGATORIES, SET ONE**

by placing a true and correct copy thereof in a sealed envelope, first class postage prepaid, addressed to the party listed below, and depositing it in a United States Postal Service mail box:

Peter Hsiao
Alexander Moore
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2025, at Napa, California.

William N. Carlon

PLF'S. INTERROGATORIES, Set One            10            Case No. 3:24-cv-06632-SI