WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br>vs.<br><br>TRAVIS MOREDA DAIRY AND TRAVIS MOREDA,<br><br>Defendants. | Case No. 3:24-cv-06632-SI<br><br>**PLAINTIFF'S INDIVIDUAL STATEMENT REGARDING DISCOVERY DISPUTE FOUR** |

**Plaintiff's Statement:**

    *A.  Description of the Parties' Meet and Confer Efforts*

        On December 3, 2025, Plaintiff sent Defendants a letter setting forth, among other things, the specific concerns Plaintiff had with Defendants' responses to Plaintiff's Requests for Production of Documents, Set One ("RFPs"). On March 17, 2026, the Court issued an order requiring Defendants to produce, subject to a protective order, the requested financial documents for the period 2022 to present. (Dkt. No. 63.) On March 27, 2026, having received no documents, Plaintiff requested that Defendants make the production ordered by the Court. Defendants responded on April 1, asserting that they had already made a complete production. Plaintiff responded the same day, asking for clarification about Defendants' position with regard to the financial documents. Defendants responded on April 6, 2026, indicating that they had produced all the documents that they were going to, and that they were going to enforce the terms of the settlement confidentiality agreement irrespective of the Court's order and Federal Rule of Civil Procedure 34. The parties met again via videoconference on April 14, 2026 to discuss these issues. Defendants decline to provide their portion of this statement.

    *B.  Defendants' Informal Production in Settlement Does Not Satisfy Their Obligation Under FRCP 34 or this Court'.*

        On March 17, 2026, this Court ordered Defendants to produce financial documents responsive to RFPs 15–21 for the years 2022 to present, subject to a protective order. (Dkt. No. 63.) In their Second Amended Responses, served April 6, 2026, Defendants' answer to each of RFPs 15–21 is identical in structure: they point to documents bearing Bates numbers in the TMD-SETTLEMENT series – produced during the parties' June 2025 settlement conference before Magistrate Judge Kang – and declare that production complete. (*See* Dkt. No. 69-2.) They further contend that Plaintiff waived any right to challenge the sufficiency of that production by declining to invoke dispute procedures that Magistrate Judge Kang adopted as part of the settlement process. All of these positions fail.

        First, the confidentiality agreement governing the settlement-produced documents expressly preserves Plaintiff's right to obtain those same documents through formal discovery. Paragraph 5 of the parties' Confidentiality Agreement states: "Nothing in this Agreement shall prevent either Party from obtaining any relevant and non-privileged document or writing in discovery should this matter

proceed to litigation." This case has proceeded to litigation, and this Court has ordered production. Defendants cannot simultaneously invoke the confidentiality agreement as the basis for their Rule 34 responses and disregard the agreement's express carve-out preserving Plaintiff's right to obtain those documents in discovery. The agreement does not substitute for a Rule 34 production – by its own terms, it contemplates one.

Second, Defendants' position creates an irreconcilable conflict with the Court's March 17 order. The confidentiality agreement restricts the documents exchanged thereunder to use "solely" for "confidential settlement negotiations" and prohibits their use "in any proceeding" without the producing party's express written permission. (Agreement ¶¶ 2, 4.) Documents produced under those terms cannot be used in this litigation – as exhibits, for cross-examination, or for any other litigation purpose – without Defendants' consent. Defendants cannot satisfy an order requiring production for use in litigation by pointing to documents that the parties' own agreement prohibits from being used in litigation. That outcome is irreconcilable with the purpose of the March 17 order. A production that Plaintiff cannot use is not a production at all.

Third, Plaintiff's decision not to invoke the settlement dispute procedures does not constitute waiver of its Rule 34 rights. Defendants contend that Magistrate Judge Kang adopted procedures during the settlement conference whereby Plaintiff could challenge the sufficiency of Defendants' financial disclosures, and that Plaintiff's failure to invoke those procedures bars it from seeking formal discovery now. This argument conflates two entirely separate tracks. Whatever dispute procedures Magistrate Judge Kang adopted existed within the settlement process – a confidential, FRE 408-protected exchange whose stated purpose was to facilitate resolution, not to adjudicate discovery obligations. Plaintiff's decision not to pursue a sufficiency challenge within that process was a litigation judgment about the most efficient path to the same documents, not a relinquishment of its independent right to seek them through discovery. Defendants point to no authority for the proposition that a party waives its right to formal Rule 34 production by declining to invoke an informal settlement dispute mechanism. Indeed, the confidentiality agreement itself forecloses that argument: Paragraph 5 expressly provides that nothing in the agreement prevents either party from obtaining documents in discovery. Defendants cannot use a provision of their own agreement to preserve Plaintiff's discovery

rights with one hand while arguing waiver with the other.

What the Court's order requires – and what Defendants have not provided – is a Rule 34-compliant production subject to a court-entered protective order, which would govern the documents' use in this litigation on terms this Court controls. Defendants have made neither. Plaintiff respectfully requests that the Court order Defendants to comply with its previous order, and to produce documents responsive to RFPs 15–21 for the years 2022 to present pursuant to a court-entered protective order, within a date certain. Plaintiff further requests that this Court grant it permission to file a motion for sanctions under Federal Rule 37(b)(2)(C) for Defendants' abuse of the discovery process.

Dated: April 28, 2026              Respectfully Submitted,

                                   LAW OFFICE OF WILLIAM CARLON

                        By:    /s/ William N. Carlon

                               William N. Carlon
                               Attorneys for Plaintiff
                               CALIFORNIANS FOR
                               ALTERNATIVES TO TOXICS