PETER HSIAO (Bar No. 119881)
*phsiao@kslaw.com*
ALEXANDER MOORE (Bar No. 340994)
*amoore@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    +1 213 443 4355
Facsimile:    +1 213 443 4310

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS MOREDA DAIRY and TRAVIS MOREDA,<br><br>Defendants. | Case No. 3:24-CV-06632-SI<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S INDIVIDUAL STATEMENT REGARDING DISCOVERY DISPUTE THREE (ECF NO. 69)**<br><br>Assigned to the Honorable Susan Illston<br><br>Complaint Filed: September 20, 2024<br>Trial Date: None set |

The Court should reject Plaintiff's Individual Statement Regarding Discovery Dispute Three (ECF No. 69) and deny the requested relief because Plaintiff failed to comply with the Court's orders to meet and confer before filing its statement.  At the April 17, 2026 Case Management Conference, the Court ordered the parties to meet and confer regarding any outstanding discovery issues and submit a joint statement to the Court by April 29, 2026.  Plaintiff disregarded the Court's direction and its standing order that require a good faith effort to meet and confer, including a telephone or videoconference.  Plaintiff instead unilaterally filed a document captioned as a "Supplemental Status Conference Report" (ECF No. 67) without obtaining the Court's permission, and its purported Individual Statement.  Both are improper under the Court's rules.

**A.  Plaintiff Failed to Meet and Confer Regarding Its Purported Discovery Disputes.**

Defendants (collectively "Travis") have sought to be the reasonable party, to fully respond to all discovery requests and avoid the need for the Court's intervention, by providing supplemental responses to satisfy Plaintiff's demands, even when Plaintiff is unreasonable.  Travis provided supplemental responses to Plaintiff's requests for production on January 23, April 7, and April 28, and supplemental responses to Plaintiff's interrogatories on February 9.  Plaintiff raised no concerns about these responses.  Until now.

On April 20, Plaintiff stated it would seek an informal discovery conference to extend the page limits for the joint statement because of the length of its concerns, without identifying the specific concerns with the supplemental responses.  There was no opportunity for Travis to meet and confer to try again to address these unidentified issues.  Plaintiff said it had concerns with Travis' responses to Plaintiff's First Set of Requests for Production ("RFPs") Nos. 2, 5, 6, 7, 8, 11, and 27, and First Set of Interrogatories Nos. 2, 6, and 12, but did not specify what these concerns were.  Plaintiff did not attempt to meet and confer via telephone or videoconference to satisfy the Court's standing order or its instructions during the Case Management Conference.

Travis' lead counsel was out of the country on a business trip, as he explained to the Court and Plaintiff during the April 17 conference, and by email on April 21 to explain a delay in any communications.  Even so, the parties filed a joint motion to resolve the sole outstanding concern

articulated by Plaintiff—the entry of a protective order for Travis' financial records.[1]  On April 24, Travis requested Plaintiff state "what issues Plaintiff has with Travis' responses."  Plaintiff had not addressed them before.  Plaintiff refused to identify any new concerns, responding only that "[t]he issues raised in the prior meet and conference [sic] efforts remain."  Plaintiff immediately filed its Individual Statement.

### B.  Plaintiff Has Shown No Good Cause for Relief in its Individual Statement.

Travis seeks to mitigate the cost of litigation.  The parties first met and conferred regarding Travis' written discovery responses in December 2025.  Travis served amended responses to the document requests and interrogatories in January and February 2026, respectively.   Plaintiff raised no further issues with Travis' interrogatory responses but did raise additional minor concerns about the precise language used in Travis' RFP responses.  Travis served further amended responses to the RFPs on April 7, 2026, and produced additional documents to satisfy Plaintiff's requests.  Plaintiff's failure to identify its specific issues speaks to its failure to meet and confer, and the inability of Travis to satisfy Plaintiff's unknown additional demands.  The Court should strike both the Individual Statement and the Supplemental Status Conference Statement as filed without compliance with the Court's directions.

Dated: April 28, 2026

Respectfully Submitted,

**KING & SPALDING LLP**

By: _____
    Alexander Moore

*Attorneys for Defendants*
TRAVIS MOREDA DAIRY and TRAVIS MOREDA

---

[1] The parties submitted a joint motion for a protective order on April 23, 2026 (ECF No. 68).

DEFENDANTS' RESPONSE TO DISCOVERY DISPUTE STATEMENT          CASE NO. 3:24-CV-06632-SI

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES