WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br>vs.<br><br>TRAVIS MOREDA DAIRY AND TRAVIS MOREDA,<br><br>Defendants. | Case No. 3:24-cv-06632-SI<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTES** |

## I.    Plaintiff's Statement:

Plaintiff submits this section in response to the Court's Order Re: Discovery Disputes (Dkt. 72) and Defendants' representation in Dkt. 71 that Plaintiff failed to meet and confer regarding Defendants' responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories. The record shows otherwise. Since November 2025, the parties have exchanged two meet-and-confer letters, conducted three videoconferences (Dec. 18, 2025; Feb. 10, 2026; and, Apr. 14, 2026), prepared two joint discovery statements (one resolved by the Court on Mar. 17, 2026, Dkt. 63), filed a joint motion for protective order (Dkt. 68), and traded multiple sets of supplemental responses. The disputes raised in Dkt. 69 are the same disputes the parties have negotiated for nearly five months. Pursuant to the Court's order (Dkt. 72) the parties met again via videoconference on April 29, 2026 but were unable to resolve their disputes.

### *Meet-and-Confer Chronology*

- **Nov. 2025 – Feb. 25, 2026** – After extensions and a stay, Defendants served initial responses (1/21/25) to discovery served 5/27/25. Plaintiff sent a 12/3/25 meet-and-confer letter; counsel met by videoconference 12/18/25, after which Defendants committed to amended responses. Defendants served amended RFP responses 1/23/26. Plaintiff sent a second meet-and-confer letter on 2/4/26. Defendants served amended interrogatory responses 2/9/26, and counsel met by videoconference 2/10/26 without resolving financial production. Plaintiff circulated a draft Joint Statement re RFPs 15–21 (2/11/26); the parties filed it 2/25/26. (Dkt. 62.)

- **Mar. 17 – Apr. 14, 2026** – The Court ordered production of financial information subject to a protective order. (3/17/26, Dkt. 63.) Plaintiff sought the court-ordered production (3/27/26); Defendants represented production was complete and circulated draft protective orders (4/1/26, 4/10/26); Plaintiff rejected the proposed orders and sought confirmation of Defendants' position on RFPs 15–21; Defendants stood on production but produced ~15 additional pages and served Second Amended RFP Responses (4/6/26); Plaintiff advised the parties were at impasse and renewed its request to meet and confer (4/7/26). Counsel met by videoconference (4/14/26) on the protective order and the RFP and interrogatory disputes; Defendants committed to amend the responses to RFPs 15–21 again (4/15/26).

- **Apr. 17–28, 2026** – At the 4/17/26 six-minute Further CMC, the Court admonished the parties "for the lack of progress" and ordered "any outstanding discovery issues … submitted by joint letter brief … by 4/29/2026." (Dkt. 66.) Plaintiff sent a draft joint statement and requested Defendants' portion (4/20/26); the parties filed a Joint Motion for Entry of a Protective Order (4/23/26, Dkt. 68); when Defendants asked Plaintiff to identify what issues remained (4/24/26), Plaintiff answered that the issues were the same disputes the parties had been negotiating, and warned Defendants that Plaintiff would file individually absent Defendants' portion by Monday morning (having previously requested it by that Friday). Defendants did not respond and Plaintiff filed its statements. Defendants filed Dkt. 71 and requested a meet-and-confer for 4/28/26 or 4/29/26 (4/28/26). The Court issued Dkt. 72 on 4/28/26.

- **Apr. 29, 2026** – Counsel met and conferred by videoconference, attended by counsel for both parties, and Stephanie Moreda-Arend. The parties addressed RFPs 2, 5, 6, 7, 8, 11, 15-21, 27 and Interrogatories 2, 6, 12. The parties remain at impasse on each.

### *Response to Defendants' Specific Assertions*

Defendants' assertion that Plaintiff "raised no concerns" about Defendants' responses "until now" (Dkt. 71 at 2) is contradicted by Plaintiff's 12/3/25 letter, the 12/18/25 videoconference, the 2/4/26 letter, the 2/10/26 videoconference, the 2/11/26 and 4/14/26 draft joint statements, the 2/25/26 filed joint statement, the 4/7/26 written notice of impasse, the 4/14/26 videoconference, and the 4/20/26 draft joint statement. Plaintiff has made every effort to meet and confer on these issues. Defendants' related suggestion that the protective order was the "sole outstanding concern" is contradicted by Defendants' own 4/15/26 commitment to amend the RFP 15–21 responses again.

Defendants' final assertion – that no telephone or videoconference occurred between 4/17/26 and 4/28/26 (Dkt. 71 at 2) – is accurate as to that twelve-day window but does not establish a failure to meet and confer. The substantive obligation was already exhausted. Within the window, Plaintiff (i) joined Defendants in filing the protective-order motion (Dkt. 68); (ii) sent a draft joint statement on 4/20/26; (iii) followed up 4/24/26 with explicit notice that Plaintiff would proceed individually absent Defendants' portion by 4/27/26. Defendants did not provide a portion and did not propose a meet-and-confer date until 4/28/26. Counsel have since met and conferred via videoconference on

4/29/26.

*Requested Relief*

Plaintiff respectfully requests that the Court accept this record of meet-and-confer efforts, consider Plaintiff's prior filings (Dkt. Nos. 67, 69, 70) on the merits, and order such further procedure as it deems appropriate.

II.   **Defendants' Statement:**

Defendants (collectively "Travis") do not agree with Plaintiff's Statement, but more fundamentally, believes it does not comply with the Court's directions.  As explained in Travis' response (ECF No. 71), Travis provided Plaintiff with repeated supplemental responses to its discovery requests.  Plaintiff still does not explain to the Court its specific issues with those specific responses.

Travis believes the Court directed the parties to discuss the current status of discovery and any remaining disputes.  Travis has consistently sought a just, speedy, and inexpensive determination of this action as required by Federal Rule of Civil Procedure ("Rule") 1.  As a practical matter, Travis must resolve this case before the cost of litigation risks the financial ruin of his family dairy.  To accomplish this goal, he has provided full and complete responses to Plaintiff's discovery requests and offered reasonable opportunities for Plaintiff to complete its discovery by the stipulated deadlines in the parties' Initial Case Management Statement (ECF No. 46), as demonstrated below.

**A.  Travis Fully Responds to Plaintiff's Interrogatories.**

Travis conducted a reasonable investigation and fully responded on time to all Plaintiff's interrogatories:

| Date | Event |
|---|---|
| May 27, 2025 | Plaintiff serves 15 interrogatories. |
| November 21, 2025 | Travis timely responds to interrogatories following a discovery stay for settlement discussions. |
| February 9, 2026 | After meet and confer, Travis serves amended responses to address Plaintiff's concerns. |
| April 20 & 27, 2026 | Plaintiff raised no further concerns with these amended responses until its recent submissions to the Court (*see* ECF No. 69). |

Plaintiff in its portion of this joint statement asserts there are remaining issues with Travis' supplemental responses, but does not identify the issues for the Court or explain how Travis' prior

responses fail to address Plaintiff's concerns.

**B.  Travis Fully Responds to Plaintiff's Requests for Production.**

Travis also conducted a reasonable investigation and fully responded on time to all of Plaintiff's requests for production of documents.  He then produced all responsive documents in his possession, custody or control:

| Date | Event |
| --- | --- |
| April 4, 2025 | Travis produces a comprehensive set of his documents that support his positions and defenses in this action in his Rule 26 initial disclosures. |
| May 27, 2025 | Plaintiff serves 27 requests for production. |
| July 7, 2025 | Travis produces a comprehensive set of his financial documents responsive to Plaintiff's requests under a confidentiality agreement approved by Magistrate Judge Kang during the parties' Settlement Conference. |
| November 21, 2025 | Travis timely responds to the requests following a discovery stay for settlement discussions. |
| January 3, 2026 | After meeting and conferring with Plaintiff, Travis serves amended responses to address Plaintiff's concerns. |
| April 7, 2026 | After again meeting and conferring with Plaintiff, Travis serves further amended responses to address Plaintiff's concerns and makes a supplemental document production. |
| April 28, 2026 | Travis tries yet again, meeting and conferring with Plaintiff, and serves further amended responses to address Plaintiff's concerns regarding Travis' financial documents. |

Plaintiff in its portion of this joint statement asserts there are remaining issues with Travis' supplemental responses, but does not identify the issues for the Court or explain how Travis' prior responses fail to address Plaintiff's concerns.

**C.  Travis Fully Responds to Plaintiff's Requests for Admissions.**

Travis also fully responded on time to all Plaintiff's requests for admissions:

| Date | Event |
| --- | --- |
| May 27, 2025 | Plaintiff serves 23 requests for admissions. |
| November 21, 2025 | Travis timely responds to requests for admissions following a discovery stay for settlement discussions. |
| January 16, 2026 | After meet and confer, Travis serves amended responses to address Plaintiff's concerns. |

Plaintiff raised no concerns with Travis' responses.

**D.  Plaintiff Had Every Opportunity to Take Travis's Deposition.**

Travis offered four dates for his deposition (December 10, 2025, and January 5, 6, and 9, 2026)

but none were accepted by Plaintiff:

| Date | Event |
|---|---|
| May 27, 2025 | Plaintiff serves notice of deposition of Travis Moreda. |
| November 25, 2025 | Travis offers December 10 for his deposition following a discovery stay for settlement discussions. |
| December 1, 2025 | Plaintiff does not accept this date, stating "I'd like to put this scheduling discussion on hold" given the "need to resolve" a dispute regarding Travis' RFP responses. |
| December 18, 2025 | Travis offers January 5, January 6, and January 9 for his deposition. Plaintiff does not respond. |

Plaintiff raises no issue about Travis' availability for deposition.

### E.  Plaintiff Had Every Opportunity to Conduct a Site Inspection.

Travis sought a protective order restricting an onsite inspection by Plaintiff's representatives who are insufficiently trained or equipped to enter a site affected by the bird flu epidemic.  The Court limited Plaintiff to one wet season inspection but Plaintiff chose not to proceed:

| Date | Event |
|---|---|
| May 27, 2025 | Plaintiff serves its site inspection request. |
| December 3, 2025 | Travis timely responds following a discovery stay for settlement discussions and the Court's Initial Case Management Conference. |
| January 23, 2026 | The parties seek an informal discovery conference regarding the bird flu epidemic and its impact.  (ECF No. 58.) |
| January 27, 2026 | The Court orders an inspection.  (ECF No. 61.) |
| April 10, 2026 | In it portion of the Case Management Statement (ECF No. 65), Plaintiff states it has not scheduled an inspection because "the weather did not cooperate." |
| April 22, 2026 | In its Supplemental Case Management Statement (ECF No. 67), Plaintiff states it could not conduct an inspection because of (i) the failure of the weather to cooperate, (ii) the parties' stipulated discovery extensions and stay, (iii) Travis' dispositive motion practice, and (iv) Plaintiff's other purported discovery disputes. |

At its Case Management Conference on April 17, the Court correctly observed there have been two years of wet seasons for Plaintiff to conduct its inspection.  Plaintiff alone decided not to proceed.

Tellingly, Plaintiff says the weather has not cooperated, even though it has repeatedly rained, because Plaintiff wants a day to "stress" the site improvements installed by Travis. (ECF Nos. 67, 67-1 at ¶ 8.) *That is, Plaintiff refuses to inspect the site for any rain event where the site improvements effectively prevent any violation.*

If Plaintiff were to visit the site today, it would find the dairy in full compliance with the Clean

Water Act.  Travis has provided the Court and Plaintiff with proof of his long list of improvements to prevent the discharge of rainwater during storm events, by its capture, funneling, and retention on site, in part by using in a series of five interconnected wastewater lagoons designed to hold all water from the property.  (*See, e.g.,* ECF No. 38 at 3–5, providing unrefuted evidence of these improvements).  The lead agency, the Regional Water Quality Control Board, approved these improvements.  Plaintiff has *never* challenged the sufficiency of these improvements to capture the rainwater at the dairy or provided any proof to support its unfounded allegations regarding the Water Board's approvals.

In addition, Plaintiff visually inspected the sufficiency of Travis' wastewater lagoons to capture and retain water through the use of drone flights in February 2024, November 2024, and shortly before Plaintiff's opposition to the summary judgment motion was due on October 10, 2025.  But Plaintiff did not disclose its February 2024 or October 2025 flight, or present any evidence that the facility improvements were ineffective.  The Court may infer from Plaintiff's use of drones through at least two rainy seasons (if not three) that there is evidence of any violation or any release of rainwater from Travis' dairy.  This visual inspection is proportional to the needs of this case.

Plaintiff's strategy and intentional decision not to schedule a deposition or a site inspection should not extend the trial schedule.  It improperly seeks to prolong this case for more than a year.  It fails to comply with Rule 1 where the cost of its prolonged litigation threatens to put Travis and his family dairy out of business.

Plaintiff attempts to blame others for its delay.  Its Supplemental Case Management Statement (ECF No. 67) says Travis' motion practice "consumed the schedule" for it to conduct its discovery.  But Plaintiff said at the parties' Initial Case Management Conference that it would conduct discovery in tandem with Travis' motion practice.  The Court agreed.  (ECF No. 49.)

Finally, Plaintiff had the opportunity to obtain all of the evidence it pointed at in opposing Travis' dispositive motions, including his motion for summary judgment:

| Plaintiff's List of Pending Discovery | Status |
|---|---|
| Requests for Admission | Complete |
| Requests for Production of Documents | Complete |
| Interrogatories | Complete |
| Deposition of Travis Moreda | Refusal to schedule |

| Inspection of Dairy | Visual inspection completed, site inspection not pursued. |
|---|---|

(ECF Nos. 41 at 14; 41-3 at ¶ 6; 54 at 20 n.2; 54-1 at ¶ 6.)

**F.  Conclusion**

In sum, Travis has fully complied with every discovery request and Rule 1.

Dated: April 29, 2026                    Respectfully Submitted,

                                        LAW OFFICE OF WILLIAM CARLON

                        By:      /s/ William N. Carlon

                                William N. Carlon
                                Attorneys for Plaintiff
                                CALIFORNIANS FOR
                                ALTERNATIVES TO TOXICS

Dated: April 29, 2026                    Respectfully Submitted,

                                        KING & SPALDING LLP

                        By:      /s/ Alexander Moore

                                Alexander Moore
                                Attorneys for Defendants
                                TRAVIS MOREDA DAIRY and TRAVIS MOREDA

**ATTESTATION FOR E-FILING**

I hereby attest pursuant to Civil L.R. 5-1(i)(3) that I have obtained concurrence in the filing of this document from the other signatory prior to filing.

DATED: April 29, 2026                              By: /s/ William N. Carlon