UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS MOREDA DAIRY, et al., <br><br> Defendants. | Case No. 24-cv-06632-SI <br><br> **ORDER RE: DISCOVERY DISPUTES AND PROPOSED TRIAL SCHEDULE** <br><br> Re: Dkt. Nos. 68, 69, 70, and 73 |

At the April 17, 2026 status conference, parties were directed "to meet and confer regarding any outstanding discovery issues" and submit them to the Court by joint letter brief by April 29, 2026. *See* Dkt. No. 66. Parties filed a joint motion for protective order on April 23, 2026. Dkt. No. 68. Plaintiff filed two individual discovery letter briefs on April 27, 2026 and April 28, 2026. Dkt. Nos. 69, 70.[1] The Court again ordered the parties to meet and confer regarding outstanding discovery issues. Dkt. No. 72. Since then, the parties met and conferred via videoconference on April 29, 2026 and filed a joint discovery dispute statement. Dkt. No. 73. Parties appear to be at an impasse on four issues, discussed below. This order resolves Dkt. Nos. 68, 69, 70, and 73.

**Protective Order:** Parties have been unable to agree to a stipulated protective order. *See* Dkt. No. 68. Plaintiff proposes the Court enter the Northern District's model protective order. Dkt. No. 68 at 3-6, Ex. A. Defendants propose the Court enter a protective order that adds a "HIGHLY CONFIDENTIAL" tier. *Id.* at 6-11, Ex. B. Specifically, defendants wish to produce financial documents "attorneys' eyes only" to "minimize the substantial risk of undue embarrassment and

---

[1] Defendants filed a response to plaintiff's first individual discovery letter brief (Dkt. No. 69), objecting that it was filed unilaterally prior to meeting and conferring. Dkt. No. 71.

<div style="writing-mode: vertical-rl">United States District Court<br>Northern District of California</div>

harassment by appropriately limiting the individuals who may view these documents to the attorneys and their experts to allow their use to show ability or inability to pay." *Id.* at 8-9. In response, plaintiff raises the concern that its executive director "must be able to evaluate the financial information in order to make informed decisions about the litigation." *Id.* at 5.

The Court finds the Northern District's model protective order adequate and **ENTERS** plaintiff's proposed protective order. Defendants may however produce financial documents attorneys' eyes only, with the caveat that plaintiff's executive director may also access these financial documents, subject to the model protective order's constraint that the information shall not be used "for any purpose other than prosecuting this litigation." *See id.*, Ex. A at 1.

**Defendants' Production of Financial Documents:** Plaintiff requests that the Court order defendants to produce financial documents responsive to requests for production ("RFPs 15-21") for the years 2022 to present, in compliance with this Court's March 17, 2026 order (Dkt. No. 63). Dkt. No. 70. Defendants suggest they intend to produce financial documents responsive to RFPs 15-21, pursuant to a court-entered protective order. Dkt. No. 68 at 8-9. The Court **ORDERS** defendants to produce all financial documents responsive to RFPs 15-21, pursuant to the protective order as discussed above, by **May 8, 2026.** The Court **DENIES** plaintiff's request to file a motion for sanctions under Federal Rule 37(b)(2)(C).

**Defendants' Responses to Interrogatories and RFPs:** Plaintiff requests that "the Court authorize more formal briefing" on issues it has identified with defendants' amended responses to plaintiff's First Set of Interrogatories Nos. 2, 6, and 12 and to plaintiff's RFPs Nos. 2, 5, 6, 7, 8, 11, and 27. Dkt. No. 69. Plaintiff states that defendants' responses are "evasive," "raise meritless objections," and "improperly narrow[] the scope of Plaintiff's requests." *Id.* at 3.[2] Plaintiff provides

---

[2] Plaintiff provides only the following as an example: In response to RFP No. 2 and Interrogatory No. 2, defendants do not include information "such as actual herd inventory records, milk production records, veterinary and medication records, and animal purchase and sale records for the full relevant period." Further, defendants "do not provide a year-by-year total of the number of animals that they confine." *Id.* at 3. Plaintiff asserts this is relevant to the claims and defenses of this case because defendants deny that they meet the definition of a medium confined animal

United States District Court
Northern District of California

no other basis for its request for further responses.  Defendants argue that they have fully responded on time to all of plaintiff's interrogatories and RFPs.  Dkt. Nos. 71, 73 at 3-4.

The Court has reviewed defendants' amended responses to plaintiff's First Set of Interrogatories Nos. 2, 6, and 12 and to plaintiff's RFPs Nos. 2, 5, 6, 7, 8, 11, and 27.  Dkt. Nos. 69-2 and 69-4.  Defendants' responses to plaintiff's Interrogatories are responsive under Federal Rule of Civil Procedure 33(b).  Defendants' responses to plaintiff's RFPs are also adequate under Federal Rule of Civil Procedure 34(b)(2).  Defendants state they do not withhold any responsive documents on the basis of their objections. Because plaintiff's request does not appear reasonably calculated to lead to the discovery of admissible evidence, and because defendants' responses appear to be adequate, the request to compel further discovery responses is **DENIED**.  The Court **DENIES** plaintiff's request for more formal briefing.

**Proposed Trial Schedule:**  At the last case management conference, The Court ordered parties to propose a trial schedule (with trial set during 2026) in their joint case management statement due May 6, 2026, ahead of the continued case management conference scheduled for May 8, 2026.  Dkt. No. 66.  Plaintiff then filed "Plaintiff's Supplemental Case Management Statement" requesting that "the Court modify that order to allow Plaintiff to propose a later trial date."  Dkt. No. 67.[3]  The Court **DENIES** plaintiff's request.  Parties' case management statement shall include a proposed schedule with a trial date occurring in 2026.

**IT IS SO ORDERED**.

Dated:  May 5, 2026

_____
SUSAN ILLSTON
United States District Judge

feeding operation ("CAFO") as defined by 40 C.F.R. § 122.23(b)(6).  *Id.*  However, defendants state in their response to RFP No. 2 "Travis is producing documents in his possession, custody, or control responsive to this Request that identify the number and type of animals at the dairy."  Dkt. No. 69-2 at 2.  Moreover, defendants state in their response to interrogatory No. 2 that the dairy has confined approximately "50 to 120" mature cows between July 2019 and the present.  The Court finds these responses sufficient.

[3] Defendants opposed this unilateral filing.  Dkt. No. 71.

United States District Court
Northern District of California